**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| Tech Pharmacy Services, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>Alixa Rx LLC and<br>Golden Gate National Senior Care LLC d/b/a/<br>Golden Living Centers,<br><br>    Defendants. | Civil Action No. 4:15-cv-00766-ALM |

**TECH PHARMACY SERVICES, LLC'S ANSWER TO ALIXA RX LLC AND GOLDEN GATE NATIONAL SENIOR CARE LLC'S COUNTERCLAIMS**

    Plaintiff/Counter-Defendant Tech Pharmacy Services, LLC ("Plaintiff") files its Answer to Defendant/Counter-Plaintiffs Alixa Rx LLC and Golden Gate National Senior Care LLC d/b/a/ Golden Living Centers (collectively, "Defendants") Counterclaims. Pursuant to Federal Rule of Civil Procedure 8(b), Plaintiff denies all of the allegations in Defendants' Counterclaims, except as specifically admitted below:

**I.    PARTIES**

    1.    Plaintiff incorporates by reference herein paragraphs 1-3 of the First Amended Complaint and Jury Demand ("First Amended Complaint").

**II.    JURISDICTION AND VENUE**

    2.    Plaintiff incorporates by reference herein paragraphs 4-10 of the First Amended

Complaint.

## III.   PATENTS-IN-SUIT

3. Plaintiff incorporates by reference herein its First Amended Complaint, which fully describes Plaintiff's claims against Defendants, and clarifies that there are eight patents-in-suit, not seven.

4. Plaintiff admits the allegations set forth in paragraph 4.

5. Plaintiff incorporates by reference herein its First Amended Complaint, which fully describes Plaintiff's claims against Defendants.

6. Plaintiff admits the allegations set forth in paragraph 6.

### COUNT I

### (Declaratory Judgment of Invalidity of the '019 PATENT)

7. Plaintiff incorporates its responses to Paragraphs 1 through 6 of this Answer as if included herein.

8. Plaintiff denies the allegations set forth in paragraph 8.

### COUNT II

### (Declaratory Judgment of Non-infringement of the '019 PATENT)

9. Plaintiff incorporates its responses to Paragraphs 1 through 8 of this Answer as if included herein.

10. Plaintiff denies the allegations set forth in paragraph 10.

## COUNT III

**(Declaratory Judgment of Invalidity of the '761 PATENT)**

11. Plaintiff incorporates its responses to Paragraphs 1 through 10 of this Answer as if included herein.

12. Plaintiff denies the allegations set forth in paragraph 12.

## COUNT IV

**(Declaratory Judgment of Non-infringement of the '761 PATENT)**

13. Plaintiff incorporates its responses to Paragraphs 1 through 12 of this Answer as if included herein.

14. Plaintiff denies the allegations set forth in paragraph 14.

## COUNT V

**(Declaratory Judgment of Invalidity of the '193 PATENT)**

15. Plaintiff incorporates its responses to Paragraphs 1 through 14 of this Answer as if included herein.

16. Plaintiff denies the allegations set forth in paragraph 16.

## COUNT VI

**(Declaratory Judgment of Non-infringement of the '193 PATENT)**

17. Plaintiff incorporates its responses to Paragraphs 1 through 16 of this Answer as if included herein.

18. Plaintiff denies the allegations set forth in paragraph 18.

## COUNT VII

**(Declaratory Judgment of Invalidity of the '425 PATENT)**

19. Plaintiff incorporates its responses to Paragraphs 1 through 18 of this Answer as if included herein.

20. Plaintiff denies the allegations set forth in paragraph 20.

## COUNT VIII

**(Declaratory Judgment of Non-infringement of the '425 PATENT)**

21. Plaintiff incorporates its responses to Paragraphs 1 through 20 of this Answer as if included herein.

22. Plaintiff denies the allegations set forth in paragraph 22.

## COUNT IX

**(Declaratory Judgment of Invalidity of the '574 PATENT)**

23. Plaintiff incorporates its responses to Paragraphs 1 through 22 of this Answer as if included herein.

24. Plaintiff denies the allegations set forth in paragraph 24.

## COUNT X

**(Declaratory Judgment of Non-infringement of the '574 PATENT)**

25. Plaintiff incorporates its responses to Paragraphs 1 through 24 of this Answer as if included herein.

26. Plaintiff denies the allegations set forth in paragraph 26.

## COUNT XI

**(Declaratory Judgment of Invalidity of the '256 PATENT)**

27. Plaintiff incorporates its responses to Paragraphs 1 through 26 of this Answer as if included herein.

28. Plaintiff denies the allegations set forth in paragraph 28.

## COUNT XII

**(Declaratory Judgment of Non-infringement of the '256 PATENT)**

29. Plaintiff incorporates its responses to Paragraphs 1 through 28 of this Answer as if included herein.

30. Plaintiff denies the allegations set forth in paragraph 30.

## COUNT XIII

**(Declaratory Judgment of Invalidity of the '338 PATENT)**

31. Plaintiff incorporates its responses to Paragraphs 1 through 30 of this Answer as if included herein.

32. Plaintiff denies the allegations set forth in paragraph 32.

## COUNT XIV

**(Declaratory Judgment of Non-infringement of the '338 PATENT)**

33. Plaintiff incorporates its responses to Paragraphs 1 through 32 of this Answer as if included herein.

34. Plaintiff denies the allegations set forth in paragraph 34.

## COUNT XV

**(Declaratory Judgment of Invalidity of the '127 PATENT)**

35. Plaintiff incorporates its responses to Paragraphs 1 through 34 of this Answer as if included herein.

36. Plaintiff denies the allegations set forth in paragraph 36.

## COUNT XVI

**(Declaratory Judgment of Non-infringement of the '127 PATENT)**

37. Plaintiff incorporates its responses to Paragraphs 1 through 36 of this Answer as if included herein.

38. Plaintiff denies the allegations set forth in paragraph 38.

**IV.  JURY DEMAND**

Defendants' demand for a jury trial does not constitute a factual or legal allegation to which a responsive pleading is required.

**V.  PRAYER FOR RELIEF**

Plaintiff admits that Defendants have requested the relief set forth in Section V of their Counterclaims, but denies that Defendants are entitled to the relief requested therein, or to any other relief whatsoever.

Plaintiff requests that Defendant/Counter-Plaintiffs Alixa Rx LLC and Golden Gate National Senior Care LLC d/b/a/ Golden Living Centers's Counterclaims be denied and further requests:

a. Judgments of infringement be entered as to each Defendant for each patent;

b. Judgments be entered that each patent is not invalid;

c. This case be declared exceptional and Plaintiff be awarded reasonable attorneys' fees in accordance with 35 U.S.C. § 285.

Date: April 21, 2016

Respectfully submitted,

By: */s/ Maria Wyckoff Boyce*

Maria Wyckoff Boyce, Lead Attorney
Texas SBN 22095050
maria.boyce@hoganlovells.com
Jeffrey S. Whittle
Texas SBN 24037813
jeffrey.whittle@hoganlovells.com
John A. Yates
Texas SBN 24056569
jay.yates@hoganlovells.com
**HOGAN LOVELLS US LLP**
700 Louisiana Street, Suite 4300
Houston, Texas 77002
T (713) 632-1400
F (713) 632-1401

Michael E. Jones
Texas SBN 10929400
mikejones@potterminton.com
**POTTER MINTON, P.C.**
110 North College, Ste. 500
Tyler, Texas 75702
T (903) 597-8311
F (903) 593-0846

**Counsel for Plaintiff**
**Tech Pharmacy Services, LLC**

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was filed electronically on all counsel of record through the Court's electronic filing system on April 21, 2016.

                                          */s/ Maria Wyckoff Boyce*
                                          Maria Wyckoff Boyce