# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| TECH PHARMACY SERVICES, LLC | § | |
| | § | |
| v. | § | CASE NO. 4:15-CV-766 |
| | § | Judge Mazzant |
| ALIXA Rx LLC and GOLDEN GATE | § | |
| NATIONAL SENIOR CARE LLC | § | |
| d/b/a Golden LivingCenters | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Alixa Rx LLC and Golden Gate National Senior Care LLC's Motion for Judgment on the Pleadings (Dkt. #23). After reviewing the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

Plaintiff brought the current suit and filed an original complaint on November 2, 2015 (Dkt. #1). On January 22, 2016, Plaintiff filed an amended complaint (Dkt. #14). On February 29, 2016, Defendants filed the present motion for judgment on the pleadings (Dkt. #23). On March 15, 2016, Plaintiff filed a motion to strike Defendants' motion judgment on the pleadings (Dkt. #26). On April 1, 2016, Defendants filed a response to Plaintiff's motion to strike (Dkt. #29). On April 11, 2016, Plaintiff filed a reply in support of its motion to strike (Dkt. #33). On April 19, 2016, Plaintiff filed a response to Defendants' motion for judgment on the pleadings (Dkt. #37). On May 6, 2016, Defendants filed a reply brief in support of their motion for judgment on the pleadings (Dkt. #47). On May 10, 2016, Defendants filed a notice of supplemental authority (Dkt. #49). On June 1, 2016, Plaintiff filed a sur-reply regarding Defendants' motion for judgment on the pleadings (Dkt. #56).

## LEGAL STANDARD

Defendant brings its motion under Federal Rule of Civil Procedure 12(c). The standard for deciding a Rule 12(c) motion for judgment on the pleadings is the same as a Rule 12(b)(6) motion to dismiss. *Guidry v. American Public Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). In examining a motion for judgment on the pleadings, therefore, the court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

A claim will survive if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id.* at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id.* at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).

A district court may consider documents attached to a motion to dismiss only if the documents are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Scanlan v. Tex*as *A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)); *see also Causey v. Sewell Cadillac-Chevrolet*, 394 F.3d 285, 288 (5th Cir. 2004). The Fifth Circuit has also held that courts are permitted to refer to matters of public record when deciding a motion to dismiss under Rule 12(b)(6). *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1996). "[T]aking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment." *Motten v. Chase Home Fin.*, 2011 WL 2566092 at *2 (S.D. Tex. 2011) (*citing Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011)).

## ANALYSIS

After reviewing the current complaint, the motion for judgment, the response, the reply, and the sur-reply, the Court finds that Plaintiff has stated plausible claims for purposes of defeating a Rule 12(c) motion.

## CONCLUSION

It is therefore **ORDERED** that Defendants Alixa Rx LLC and Golden Gate National Senior Care LLC's Motion for Judgment on the Pleadings (Dkt. #23) is hereby **DENIED**.

Plaintiff's Motion to Strike Defendants' Motion for Judgment on the Pleadings (Dkt. #26) is, therefore, **DENIED** as moot.

**SIGNED this 15th day of August, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE