# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| TECH PHARMACY SERVICES, LLC | § § § § § § § § | Civil Action No. 4:15-CV-00766<br>Judge Mazzant |
| v. | | |
| ALIXA RX LLC and GOLDEN GATE NATIONAL SENIOR CARE LLC d/b/a GOLDEN LIVINGCENTERS | | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Alixa RX LLC and Defendant Golden Gate National Senior Care LLC's (collectively, "Defendants") Motion for Protective Order (Dkt. #68). After reviewing the relevant pleadings, the Court finds the motion should be denied.

## BACKGROUND

Plaintiff Tech Pharmacy Services, LLC ("Tech Pharmacy") filed its complaint against Defendants, alleging direct, indirect, and willful infringement of seven United States Patents: U.S. Patent Nos. 7,698,019 ("the '019 Patent"), 8,204,761 ("the '761 Patent"), 8,209,193 ("the '193 Patent"), 8,489,425 ("the '425 Patent"), 8,554,574 ("the '574 Patent"), 8,612,256 ("the '256 Patent"), and 8,954,338 ("the '338 Patent") (collectively, "the patents-in-suit") (Dkt. #1). In its First Amended Complaint, Tech Pharmacy added additional causes of action based in part on a non-disclosure agreement, which included breach of contract, fraud in the inducement, procurement, equitable estoppel, and misappropriation of trade secrets (Dkt. #14).

Tech Pharmacy and Defendants met and conferred about the proposed language of the Protective Order. The parties agreed upon the identity of "Affiliate" in-counsel who may view "Confidential – Attorneys' Eyes Only" documents and the number of "designated

representatives" for each party who may view the "Confidential" documents. However, the parties dispute whether to include a prosecution bar as part of the Protective Order.

On August 5, 2016, Defendants filed its Motion for Protective Order (Dkt. #68). On September 26, 2016, Tech Pharmacy filed its response (Dkt. #96). The next day, Defendants filed their reply (Dkt. #97), which was followed by Tech Pharmacy's sur-reply (Dky. #98).

## LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure states, "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden of expense . . . ." FED R. CIV. P. 26(c)(1). Included in Rule 26(c) is the power for the court to enter a protective order to restrict an attorney's access to a trade secret or other confidential information. FED. R. CIV. P. 26(c)(1)(G). The party seeking a protective order generally bears the burden of showing good cause. *In re Terra Int'l Inc.*, 134 F.3d 302, 305 (5th Cir. 1998). The same is true when the parties agree on entry of a protective order but differ on the order's terms. *Id.* at 306.

## ANALYSIS

Federal Circuit law governs the "determination of whether a protective order should include a patent prosecution bar." *In re Deutsche Bank Tr. Co. Ams.*, 605 F.3d 1373, 1378 (Fed. Cir. 2010). The party seeking the prosecution bar must show counsel's access to confidential information poses an unacceptable risk of inadvertent disclosure because that counsel plays a role in "competitive decisionmaking" with the client. *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984). The *U.S. Steel* court stated that "competitive decisionmaking" refers to "counsel's activities, associations, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product

2

design, etc.) made in light of similar or corresponding information about a competitor." *Id.* at 1468 n.3.  However, not every patent prosecution attorney is a competitive decisionmaker. *Deutsche Bank*, 605 F.3d at 1379.  In *Deutsche Bank*, the Federal Circuit distinguished between counsel with administrative and oversight duties related to patent prosecution and counsel involved "in crafting the content of patent applications or advising clients on the direction to take their portfolios." *Id.* at 1379–80.  A party's counsel engaged in the latter category of activities poses a more significant risk of inadvertent disclosure than the former. *Id.* at 1380.  The court is required to "examine all relevant facts surrounding counsel's actual preparation and prosecution activities, on a counsel-by-counsel basis" to determine the risk of inadvertent disclosure. *Id.*

Defendants contend that Tech Pharmacy's counsel participates in competitive decisionmaking and should be subject to a patent prosecution bar.  Specifically, Defendants point to Jeffrey Whittle ("Whittle"), an intellectual property attorney for Hogan Lovells LLP involved in the present litigation.  Whittle prosecuted the patents-in-suit, "signing nearly all of the documents submitted to the PTO over more than a decade."  (Dkt. #97 at p. 5).  Whittle is also prosecuting four related patent applications that are still pending before the PTO.  Defendants claim that in addition to patent prosecution, Whittle is broadly involved in Tech Pharmacy's business dealings.  For example, Defendants state Whittle participates in business negotiations with third parties and provides information regarding Tech Pharmacy's patents to individuals who are neither Tech Pharmacy employees nor his clients.  Therefore, Defendants argue Whittle is involved in competitive decisionmaking for Tech Pharmacy.  And based on this involvement, a prosecution bar is necessary to ensure Whittle does not use confidential information to craft patent claims that cover aspects of the Defendants' systems that are not public.

The Court determines that Defendants have not set forth sufficient evidence to establish that Whittle is involved in Tech Pharmacy's competitive decisionmaking as to create an unacceptable risk of inadvertent disclosure. It is undisputed that Tech Pharmacy and Defendant Alixa are direct competitors in the same markets. Defendants object to the involvement of Whittle because he represents Tech Pharmacy in both the present suit and ongoing patent prosecution related to the same subject matter as the patents-in-suit. However, "it is shortsighted to conclude that every patent prosecution attorney is necessarily involved in competitive decisionmaking." *Deutsche Bank*, 605 F.3d at 1379. Defendants rely on two emails from a Tech Pharmacy employee to support Whittle's competitive decisionmaking. The July 2015 email states a Tech Pharmacy employee was going to arrange a call with Whittle regarding the patents (Dkt. #68, Exhibit C at p. 2). In the September 2015 email, the same employee suggests Whittle should attend a meeting "to handle the issue with Alixa." (Dkt. 68, Exhibit D at p. 2). Both emails show Tech Pharmacy seeking to consult Whittle for legal advice. It is reasonable for Tech Pharmacy to arrange meetings and communicate with Whittle, because he has been its intellectual property attorney for over twelve years (Dkt. #96, Exhibit C, ¶ 2). Defendants have not offered any specific evidence to indicate Whittle participates in Tech Pharmacy decisions affecting pricing, product design, or other decisions "made in light of similar or corresponding information about a competitor." *U.S. Steel*, 730 F.2d at 1468 n.3. Thus, to "deny[] access to [a party's] outside counsel on the ground that they also prosecute patents for [that party] is the type of generalization counseled against in *U.S. Steel*. *Id.* (alteration in original).

Therefore, the Court concludes that Defendants have not met their burden of establishing good cause to include a patent prosecution bar in the protective order.

## CONCLUSION

Based on the foregoing, the Court finds is Defendants' Motion for Protective Order (Dkt. #68) is hereby **DENIED**.

**IT IS SO ORDERED.**
 **SIGNED this 17th day of October, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE