# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| TECH PHARMACY SERVICES, LLC § <br> § <br> v. § <br> § <br> ALIXA RX LLC and GOLDEN GATE § <br> NATIONAL SENIOR CARE LLC d/b/a § <br> GOLDEN LIVINGCENTERS § | Civil Action No. 4:15-CV-00766 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Tech Pharmacy Services, LLC's ("Tech Pharmacy") Motion to Dismiss the Fillmore Defendants' Counterclaims (Dkt. #92). After reviewing the relevant pleadings and responses, the Court determines the motion should be granted.

## BACKGROUND

Tech Pharmacy filed suit against Defendant Alixa Rx LLC and Defendant Golden Gate National Senior Care LLC d/b/a Golden LivingCenters (collectively, "Defendants") in November 2015, asserting claims for patent infringement (Dkt. #1). Tech Pharmacy amended its complaint to add claims for trade secret misappropriation, breach of contract, and related state tort claims (Dkt. #14). On September 1, 2016, Tech Pharmacy filed its Second Amended Complaint to add the Fillmore Defendants as named defendants with respect to the misappropriation of trade secret, breach of contract, and related state tort claims (Dkt. #83). In response, the Fillmore Defendants asserted counterclaims for declaratory judgment of invalidity, non-infringement, and inequitable conduct directed at Tech Pharmacy's patents. On September 22, 2016, Tech Pharmacy filed the present motion to dismiss (Dkt. #92). Defendants filed a

response on October 11, 2016 (Dkt. #103).  On October 18, 2016, Tech Pharmacy filed a reply (Dkt. #112).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a case for lack of subject matter jurisdiction when the district court lacks statutory and constitutional power to adjudicate the case.  *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court will consider the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal merits.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In deciding the motion, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts."  *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).  The Court will accept as true all well-pleaded allegations set forth in the complaint and construe those allegations in the light most favorable to the plaintiff.  *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994).  Once a defendant files a motion to dismiss under Rule 12(b)(1) and challenges jurisdiction, the party invoking jurisdiction has the burden to establish subject matter jurisdiction.  *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).  The Court will grant a motion to dismiss for lack of subject matter jurisdiction only if it appears certain that the claimant cannot prove a plausible set of facts to support a claim that would entitle it to relief.  *Lane*, 529 F.3d at 557.

**ANALYSIS**

The Declaratory Judgment Act, provides, "In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The party seeking a declaratory judgment bears the burden of proving "whether the facts alleged, under all the circumstances, show that there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genetech, Inc.*, 549 U.S. 118, 127 (2007) (internal quotation marks omitted) (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). A patentee can moot a controversy between the parties by disclaiming any intent to sue the opposing party. *Organic Seed Growers & Trade Ass'n v. Monsanto Co.*, 718 F.3d 1350, 1358 (Fed. Cir. 2013).

The Court is convinced that Tech Pharmacy disclaimed any intent to sue the Fillmore Defendants for patent infringement. Tech Pharmacy states in its motion to dismiss that it "has never threatened a patent infringement suit against [the Fillmore Defendants], and they are not known to practice any technology that could conceivably expose them to an infringement charge" (Dkt. #92 at p. 3).[1] In its reply to the motion, Tech Pharmacy acknowledges that it "has not sued the Fillmore Defendants for patent infringement because Tech Pharmacy is "unaware of any facts that would give rise to such a claim" (Dkt. #112 at p. 1).[2] While Tech Pharmacy's representations are not a covenant not to sue the Fillmore Defendants, taken together they

---

[1] Tech Pharmacy mentions that "[h]owever reprehensible the Fillmore Defendants' conduct, their false and misleading statements do not give rise to claims of patent infringement. These actions can give rise to claims for fraud, misappropriation of trade secrets, and breach of contract, exactly the claims Tech Pharmacy has asserted against the Fillmore Defendants" (Dkt. #92 at p. 5).

[2] Tech Pharmacy also states: "Neither Tech Pharmacy nor the Fillmore Defendants have alleged that the Fillmore Defendants practice Tech Pharmacy's technology or are otherwise infringing Tech Pharmacy's patents." (Dkt. #112 at p. 2).

disclaim any intent to sue the Fillmore Defendants for patent infringement. The parties themselves appear to agree that Tech Pharmacy's representations amount to a disclaimer that renders the issue moot. For example, Defendants state in their response that they "do not oppose the dismissal of the Fillmore Defendants as parties to Defendants' Counterclaims, *provided that* the Court makes clear that it is granting the motion based on Plaintiff's definitive statement that it has not infringement claim to assert against the Fillmore Defendants" (Dkt. #103 at p. 4) (emphasis in original). Tech Pharmacy replies by stating that "even if the Fillmore Defendants' counterclaim actually pled infringing conduct, Tech Pharmacy's disclaimer would render the issue moot" (Dkt. #112 at p. 2). The Court concludes that Tech Pharmacy has disclaimed any intent to sue the Fillmore Defendants for patent infringement. Therefore, the Fillmore Defendants lack standing to assert patent-related counterclaims, and thus their counterclaims should be dismissed.

Because the Court construes Tech Pharmacy's representations as a disclaimer to dismiss the Fillmore Defendants' counterclaims, those representations "are binding as a matter of judicial estoppel." *Organic Seed Growers*, 718 F.3d at 1358. "It is well-established that a party who successfully argues one position is estopped from later adopting a contrary position in a case involving the same patent." *Id.* (citing *U.S. Phillips Corp. v. Sears Roebuck & Co.*, 55 F.3d 592, 596–97 (Fed Cir. 1995)). The Court determines that Tech Pharmacy should be bound by its disclaimer and be precluded from asserting patent infringement against the Fillmore Defendants with respect to the patents-at-issue.

## CONCLUSION

It is therefore **ORDERED** that Tech Pharmacy Services, LLC's Motion to Dismiss the Fillmore Defendants' Counterclaims (Dkt. #92) is hereby **GRANTED**.

4

**SIGNED this 8th day of December, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE