# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| TECH PHARMACY SERVICES, LLC | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:15-CV-766 |
| ALIXA RX LLC, GOLDEN GATE | § | Judge Mazzant |
| NATIONAL SENIOR CARE LLC d/b/a | § | |
| GOLDEN LIVINGCENTERS, FILLMORE | § | |
| CAPITAL PARTNERS, LLC, FILLMORE | § | |
| STRATEGIC INVESTORS, LLC, and | § | |
| FILLMORE STRATEGIC | § | |
| MANAGEMENT, LLC | § | |

## MEMORANDUM OPINION AND ORDER

Pending the Court is Alixa Rx LLC, Golden Gate National Senior Care LLC d/b/a Golden LivingCenters, Fillmore Capital Partners, LLC, Fillmore Strategic Investors, LLC, and Fillmore Strategic Management, LLC's ("Defendants") Motion for Reconsideration of Magistrate's Order on Motion for Leave to Supplement P.R. 3-3 Invalidity Contentions (Dkt. #158). After considering the relevant pleadings, the Court denies Defendants' motion.

## BACKGROUND

Tech Pharmacy Services, LLC ("Plaintiff") filed suit against Alixa Rx LLC and Golden Gate National Senior Care LLC ("Original Defendants") on November 2, 2015 (Dkt. #1). Plaintiff amended its complaint on January 22, 2016, adding state law claims for breach of contract and torts to the original patent infringement claims (Dkt. #14).

On May 27, 2016, the Original Defendants served their initial P.R. 3-3 Invalidity Contentions in accordance with the scheduling order deadline (Dkt. #109, Ex. A; Dkt. #52).

On August 31, 2016, Plaintiff filed an unopposed Motion for Leave to Add Parties (Dkt. #78. The Court granted leave, and on September 1, 2016, Plaintiff amended its complaint (the

"Second Amended Complaint") to add the Fillmore Capital Partners LLC, Fillmore Strategic Management LLC, and Fillmore Strategic Investors LLC ("Fillmore Defendants") (Dkt. #83). The amendment added the Fillmore Defendants to the state law causes of action but did not make substantive changes to any theory of the case.

Opening claim construction briefing was due September 9, 2016, followed by responsive briefing on September 23, 2016, and reply briefing on September 30, 2016 (Dkt. #52). On October 7, 2016, Defendants sent a copy of proposed amended invalidity contentions to Plaintiff. The Court conducted a claim construction hearing on October 14, 2016 (Dkt. #108). Also on October 14, 2016, Defendants filed a Motion for Leave to Supplement their P.R. 3-3 Invalidity Contentions (Dkt. #109). The Court issued its claim construction order on October 28, 2016 (Dkt. #121).

On January 19, 2017, the magistrate judge, on referral, issued an order denying Defendants' Motion for Leave to Supplement their P.R. 3-3 Invalidity Contentions (Dkt. #146). On February 2, 2017, Defendants' filed the present Motion for Reconsideration of the Magistrate's Order (Dkt. #158). On February 16, 2017, Plaintiff filed a response (Dkt. #166). On February 23, 2017, Defendants filed a reply (Dkt. #170), and on March 2, 2017, Plaintiff filed a sur-reply (Dkt. #174).

**LEGAL STANDARD**

Motions to reconsider serve a very limited purpose: "to permit a party to correct manifest errors of law or fact, or to present newly discovered evidence." *Krim v. pcOrder.com, Inc.*, 212 F.R.D. 329, 331 (W.D. Tex. 2002) (citations omitted). Mere disagreement with a district court's order does not warrant reconsideration of that order. *Id.* at 332. A party should not restate, recycle, or rehash arguments that were previously made. *Id.* District court opinions "are

not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988). Rather, "litigants are expected to present their strongest case when the matter is first considered." *Louisiana v. Sprint Comms. Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995) (citation omitted).

"[A] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "A Rule 59(e) motion may not be used to relitigate issues that were resolved to the movant's dissatisfaction." *Glass v. United States*, No. 3:00-cv-1543, 2004 WL 2189634, at *1 (N.D. Tex. 2004) (citing *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989)). "District courts have 'considerable discretion in deciding whether to grant or deny a motion to alter a judgment.'" *Id.* (citing *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995)). "In exercising this discretion, a district court must 'strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts.'" *Id.*

## ANALYSIS

Defendants seek a reconsideration of the magistrate judge's prior order denying their motion for leave to supplement their P.R. 3-3 invalidity contentions (Dkt. #158). The Court is not inclined to reconsider its prior rulings. Under the Local Rules for the Eastern District of Texas, Appendix B Patent Rules, leave to amend invalidity contentions "may be made only by order of the court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). "Good cause," according to the Federal Circuit, "requires a showing of diligence." *O2 Micro*

*Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). The court weighs multiple factors in determining whether good cause exists, including, but not limited to:

1. The length of the delay and its potential impact on judicial proceedings;
2. The reason for the delay, including whether it was within the reasonable control of the movant;
3. Whether the offending party was diligent in seeking an extension of time, or in supplementing discovery, after an alleged need to disclose the new matter became apparent;
4. The importance of the particular matter, and if vital to the case, whether a lesser sanction would adequately address the other factors to be considered and also deter future violations of the court's scheduling orders, local rules, and the federal rules of civil procedure; and
5. The danger of unfair prejudice to the non-movant.

*Allure Energy, Inc. v. Nest Labs, Inc.*, 84 F.Supp.3d 538, 540–41 (E.D. Tex. 2015) (quoting *Computer Acceleration Corp. v. Microsoft Corp.*, 481 F. Supp. 2d 620, 625 (E.D. Tex. 2007)).

The magistrate judge analyzed the *Allure* factors and determined that Defendants, as presented in their motion for leave to supplement (Dkt. #109), did not demonstrate good cause for leave to amend. The magistrate judge noted, however, that Defendants characterized much of their proposal to amend as mere supplementation of detail that would not functionally impact the case or require Plaintiff to alter its case (Dkt. #109 at p. 12). The magistrate judge encouraged the parties to discuss the proposed amendments in this light and indicated the Court's ability to consider an agreed upon proposal from the parties that was limited to adding this additional detail to the invalidity contentions (Dkt. #109 at pp. 12–13).

In the present motion, Defendants state that they have since offered to forgo aspects of their proposed amendments and merely pursue amendments that supplement their existing theories of invalidity, specifically those set forth in the initial invalidity contentions (Dkt. #158 at p. 2). Defendants contend that Plaintiff refuses to agree to any supplementation at all (Dkt. #158 at p. 2). It is this issue, Plaintiff's alleged rejection of newly proposed amendments, that

4

Defendants seek relief (Dkt. #158 at p. 3). Defendants contend these modified proposed amendments are "particularly appropriate because . . . Plaintiff violated their discovery obligations under the Local Patent Rules by failing to produce relevant evidence regarding the design and operation of the Envoy system until *after briefing on this motion was completed*." (Dkt. #158 at p. 3) (emphasis in original).

The Court finds that Defendants' request is not, in actuality, to reconsider the merits of granting leave to supplement P.R. 3-3 invalidity contentions. Defendants neither establish the magistrate judge committed any manifest errors of law in its prior decision nor demonstrate good cause to amend. Instead, Defendants request the Court to reconsider its decision without directly challenging the Court's analysis. Defendants discuss an alleged piece of new evidence, a disclosure from Plaintiff on November 30, 2017, but do not demonstrate how this evidence, discovered after briefing of the original motion for leave but before the magistrate judge's ruling, would swing the *Allure* analysis in their favor (Dkt. #158 at p. 6).

Truly, the hypothetical proposed amendments contemplated by the magistrate judge would require a completely different analysis under the *Allure* factors if presented as a new motion for leave to amend considering the timing of the new proposal (Factors 1–3), the substance of the newly proposed amendments (Factor 4), and the impact this particular set of amendments would have on Plaintiff. If the Court were merely to consider the present motion as a new request for leave, while seemingly convenient, it would not afford Plaintiff the proper opportunity to respond and address the *Allure* factors with regard to the proposed amendments.

As the parties are apparently incapable of settling the issue, if Defendants still believe a limited set of amendments adding detail would not functionally impact the case or require

Plaintiff to alter its case, then they should, by motion, present those proposed amendments to the Court and put forth good cause for leave to amend.

## CONCLUSION

It is, therefore, **ORDERED** that the Defendants' Motion for Reconsideration of Magistrate's Order on Motion for Leave to Supplement P.R. 3-3 Invalidity Contentions (Dkt. #158) is hereby **DENIED**.

**IT IS SO ORDERED**.
**SIGNED this 10th day of April, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE