# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| TECH PHARMACY SERVICES, LLC § | |
| § | |
| v. § | |
| § | Civil Action No. 4:15-CV-766 |
| ALIXA RX LLC, GOLDEN GATE § | Judge Mazzant |
| NATIONAL SENIOR CARE LLC d/b/a § | |
| GOLDEN LIVINGCENTERS, FILLMORE § | |
| CAPITAL PARTNERS, LLC, FILLMORE § | |
| STRATEGIC INVESTORS, LLC, and § | |
| FILLMORE STRATEGIC § | |
| MANAGEMENT, LLC § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion for Partial Summary Judgment Regarding Plaintiff's Non-Patent Claims Based on Running of the Applicable Statutes of Limitations (Dkt. #218). After reviewing the relevant pleadings, the Court denies Defendants' motion.

### BACKGROUND

On November 2, 2015, Tech Pharmacy filed suit against Golden Gate National Senior Care LLC d/b/a Golden LivingCenters ("GLC") and Alixa Rx LLC ("Alixa"), alleging patent infringement. Tech Pharmacy asserts Claims 7, 9, and 10 from U.S. Patent No. 7,698,019; Claims 5, 7, and 8 from U.S. Patent No. 8,209,193; Claims 1, 2, and 6 from U.S. Reissue Patent No. RE44,127; Claims 1 and 4 from U.S. Patent No. 8,612,256; and Claim 1 from U.S. Patent No. 8,954,338 (collectively, the "patents-in-suit"). The patents-in-suit articulate a system and method for enhanced distribution of pharmaceuticals in long-term care facilities.

On January 22, 2016, Tech Pharmacy amended its complaint to add state law claims of fraud, breach of contract, trade secret misappropriation, and equitable estoppel to the original

patent infringement claims. On September, 1, 2016, Plaintiff further amended its complaint to add Fillmore Capital Partners LLC, Fillmore Strategic Management LLC, and Fillmore Strategic Investors LLC (collectively with Alixa and GLC, "Defendants") to the state causes of action (Dkt. #83).

On March 31, 2017, Defendants' filed their motion for partial summary judgment (Dkt. #218). On April 21, 2017, Tech Pharmacy filed it response (Dkt. #248). On April 28, 2017, Defendants' filed their reply (Dkt. #250). On May 5, 2017, Tech Pharmacy filed its sur-reply (Dkt. #257).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of

material fact. Fed. R. Civ. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "'significant probative evidence'" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

Defendants move for summary judgment, arguing that statute of limitations bars Tech Pharmacy's state law breach of contract, misappropriation of trade secretions, fraud, and equitable estoppel claims against Defendants. Defendants further argue that Tech Pharmacy

cannot provide specific evidence that the discovery rule saves Tech Pharmacy's time-barred non-patent claims.

Under Texas law, the claims at issue are subject to the following statute of limitations: (1) fraud is four years; (2) misappropriation of trade secrets is three years; (3) breach of contract is four years. Tex. Civ. Prac. & Rem. § 16.004(a)(4); *id.* § 16.010; *id.* § 16.051. Tech Pharmacy filed suit on November 2, 2015. If Tech Pharmacy's claims accrued earlier than November 2, 2012, then its claims are barred by statute of limitations.

The application of the statute of limitations is an affirmative defense. *KPMG Peat Marwick v. Harris Cty. Housing Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). Accordingly, Defendants bear the burden of establishing as a matter of law that the statute of limitations applies to Tech Pharmacy's claims. *Id.* Where, as here, Tech Pharmacy asserts the discovery rule, Defendant bears the burden of disproving its application—or proving the applicability of the statute of limitations in spite of the discovery rule—to prevail on summary judgment.

The discovery rule "allow[s] a claim to accrue when the litigant first knows or with due diligence should know facts that will form the basis of an action." *Merck & Co. v. Reynolds*, 559 U.S. 633, 646 (2010). The discovery rule defers the statute of limitations until the injury could reasonably have been discovered. *B.P. Am. Prod. Co. v. Marshall*, 342 S.W.3d 59, 65 (Tex. 2011). The discovery, however, will not toll "claims that could have been discovered through the exercise of reasonable diligence." *Kerlin v. Sauceda*, 263 S.W.3d 920, 925 (Tex. 2008). Although reasonable diligence is usually a question of fact, it may be determined as a matter of law when there is "actual or constructive notice or when information is readily accessible and publicly available." *Hooks v. Samson Lone Star, LP*, 457 S.W.3d 52, 58 (Tex. 2015). The discovery rule applies when the nature of the injury is (1) inherently undiscoverable

and (2) objectively verifiable. *Shell Oil Co. v. Ross*, 356 S.W.3d 924, 930 (Tex. 2011). "An injury is inherently undiscoverable if by its nature, it is unlikely to be discovered within the prescribed limitations period despite due diligence.'" *Id.* (quoting *S.V. v. R.V.*, 933 S.W.2d 1, 7 (1996)).

Defendants contend the discovery rule should not apply because Tech Pharmacy should have known material facts when Alixa issued its October 2012 Press Release. The 2012 Press Release stated, "AlixaRX will use full-service regional pharmacy hubs, on-site clinical pharmacists, automatic dispensing machines, electronic medication cabinets, and advanced clinical software to meet the 24-hour-a-day, seven-day-a-week needs of patients, residents, and providers." (Dkt. #218, Exhibit M). In addition, the 2012 Press Release indicated that GLC and Alixa would exhibit their technology at the American Health Care Association annual conference. The evidence shows Tech Pharmacy sent two representatives to the conference (Dkt. #218, Exhibit N at No. 22, p. 7).

Tech Pharmacy responds by stating the 2012 Press Release is not a bar to its claims because the press release did not contain sufficient information to put Tech Pharmacy on notice of Defendants' theft or trigger a duty to investigate. Further, Tech Pharmacy argues that the 2012 Press Release did not reveal that Alixa's "automated dispensing machines" would be part of a remote packaging and dispensing system, which is a key element in Tech Pharmacy's claimed inventions. Tech Pharmacy expresses that it did not learn that Alixa had stolen its confidential information and trade secrets until Alixa revealed details at an industry conference in September 2015 (Dkt. #248, Exhibit 17 at 50:8–14, 138:14–22, 141:4–143:12). Tech Pharmacy claims to have filed suit just two months after this first discovery.

5

After viewing the summary judgment evidence in light most favorable to Tech Pharmacy, the Court cannot conclude as a matter of law that the discovery rule should not apply and Tech Pharmacy's claims should be barred by the statute of limitations. The summary judgment evidence establishes that Tech Pharmacy was aware of the 2012 Press Release at or near the time it was released to the public. However, the Court is unconvinced that Tech Pharmacy would have discovered material facts based on the October 2012 Press Release alone, despite exercising reasonable diligence. In fact, the Court finds material fact disputes regarding when Tech Pharmacy discovered Defendants' alleged wrongdoing and whether Tech Pharmacy was reasonably diligent. Such issues are for a jury to decide.

Similarly, summary judgment evidence indicates a material fact dispute regarding Tech Pharmacy's assertion of equitable estoppel. Equitable estoppel in the limitations setting is sometimes called fraudulent concealment. Texas recognizes the doctrine of equitable estoppel as a way to prevent a defendant from asserting statute of limitations as a defense. Equitable estoppel generally consists of five elements: (1) a false representation or concealment of material fact (2) made with knowledge or the means of knowledge of the true facts (3) to a party without knowledge or the means of knowledge of the true facts (4) the representation was made with the intention that it would be acted on; and (5) the party to whom the representation was made relied on it to his or her prejudice. *Hill v. Bartlette*, 181 S.W.3d 541, 545 (Tex. App.—Texarkana 2005, no pet.). Like fraud itself, equitable estoppel requires a material misrepresentation on which another party relies. The Court found that Tech Pharmacy established a genuine issue of material fact on these elements in its July 25, 2017 order denying Defendants' motion for partial summary judgment on fraud claims (Dkt. #282 at p. 4–5). Whether Tech Pharmacy was diligent or whether it reasonably relied on Defendants' alleged misrepresentations is a fact question for a

jury. *See Quintel Tech. Ltd. v. Huawei Techs. USA,, Inc.*, No. 4:15-cv-307, 2016 WL 5423178, at *9 (E.D. Tex. Sept. 27, 2016) ("The exercise of reasonable diligence is usually a question of fact . . . .").

## CONCLUSION

Accordingly, it is therefore **ORDERED** Defendants' Motion for Partial Summary Judgment Regarding Plaintiff's Non-Patent Claims Based On Running of the Applicable Statutes of Limitations (Dkt. #218) is **DENIED**.

**SIGNED this 25th day of July, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE