# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| TECH PHARMACY SERVICES, LLC | § | |
| | § | |
| v. | § | |
| | § | Civil action No. 4:15-CV-766 |
| ALIXA RX LLC, GOLDEN GATE | § | Judge Mazzant |
| NATIONAL SENIOR CARE LLC d/b/a | § | |
| GOLDEN LIVINGCENTERS, FILLMORE | § | |
| CAPITAL PARTNERS, LLC, FILLMORE | § | |
| STRATEGIC INVESTORS, LLC, and | § | |
| FILLMORE STRATEGIC | § | |
| MANAGEMENT, LLC | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Tech Pharmacy Services, LLC's ("Tech Pharmacy") Motion to Exclude and/or Strike Testimony of Defendants' Designated Expert Witness David Kvancz (Dkt. #178). After reviewing the relevant pleadings, the Court grants in part and denies in part Tech Pharmacy's motion.

## BACKGROUND

On March 10, 2017, Tech Pharmacy filed the present motion (Dkt. #178). On March 23, 2017, Defendants filed a response (Dkt. #202). On March 30, 2017, Tech Pharmacy filed a reply (Dkt. #216). On April 5, 2017, Defendants filed a sur-reply (Dkt. #228).

## LEGAL STANDARD

Federal Rule of Evidence 702 provides for the admission of expert testimony that assists the trier of fact to understand the evidence or to determine a fact in issue. Fed. R. Evid. 702. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court instructed courts to function as gatekeepers, and determine whether expert testimony should be presented to the jury. 509 U.S. 579, 590–93 (1993). Courts act as gatekeepers of expert testimony "to make certain

that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

The party offering the expert's testimony has the burden to prove that: (1) the expert is qualified; (2) the testimony is relevant to an issue in the case; and (3) the testimony is reliable. *Daubert*, 509 U.S. at 590–91. A proffered expert witness is qualified to testify by virtue of his or her "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Moreover, to be admissible, expert testimony must be "not only relevant but reliable." *Daubert*, 509 U.S. at 589. "This gate-keeping obligation applies to all types of expert testimony, not just scientific testimony." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002) (citing *Kuhmo*, 526 U.S. at 147).

In deciding whether to admit or exclude expert testimony, the Court should consider numerous factors. *Daubert*, 509 U.S. at 594. In *Daubert*, the Supreme Court offered the following, non-exclusive list of factors that courts may use when evaluating the reliability of expert testimony: (1) whether the expert's theory or technique can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of the challenged method; and (4) whether the theory or technique is generally accepted in the relevant scientific community. *Id.* at 593–94; *Pipitone*, 288 F.3d at 244. When evaluating *Daubert* challenges, courts focus "on [the experts'] principles and methodology, not on the conclusions that [the experts] generate." *Daubert*, 509 U.S. at 595.

The *Daubert* factors are not "a definitive checklist or test." *Id.* at 593. As the Supreme Court has emphasized, the *Daubert* framework is "a flexible one." *Id.* at 594. The test for determining reliability can adapt to the particular circumstances underlying the testimony at

issue. *Kuhmo*, 526 U.S. at 152. Accordingly, the decision to allow or exclude experts from testifying under *Daubert* is committed to the sound discretion of the district court. *St. Martin v. Mobil Expl. & Producing U.S., Inc.*, 224 F.3d 402, 405 (5th Cir. 2000) (citations omitted).

## ANALYSIS

Tech Pharmacy moves to strike and/or exclude the testimony of Defendants' expert David Kvancz ("Kvancz"). Tech Pharmacy asserts Kvancz's opinions are wholly disconnected from the well-established legal principles for evaluating whether a claimed invention satisfies the requirements of obviousness under 35 U.S.C. § 103. Specifically, Tech Pharmacy finds the Kvancz's report fails to: (1) presume the patents-in-suit were valid and apply the correct burden of proof for obviousness; (2) conduct an element-by-element comparison with the prior art to demonstrate that the claimed invention as a whole is obvious; (3) identify any specific prior art combinations that render the asserted claims obvious; and (4) consider objective indications of non-obviousness. Because of these fundamental analytical failures and omissions, Tech Pharmacy describes Kvancz's proposed testimony as unreliable and subject to exclusion.

Defendants respond by stating Tech Pharmacy's entire motion is based on an incorrect characterization that Kvancz's report contains opinions on the ultimate validity of the patents-in-suit. Rather, Defendants contend Kvancz's report concludes that the asserted claims recite the use of generic hardware and software in an attempt to automate basic and long-known pharmacy operations and functions.

Here, Kvancz is undoubtedly qualified by his education and experience to serve as an expert in modern pharmacy operations. He earned his undergraduate degree in Pharmacy from Albany College of Pharmacy in Albany, New York (Dkt. #178, Exhibit 2 at ¶ 3). He received his Master's degree in Hospital Pharmacy from The Ohio State University in Columbus, Ohio

3

(Dkt. #178, Exhibit 2 at ¶ 3). Kvancz has nearly forty years of professional experience working with pharmacy operations (Dkt. #178, Exhibit 2 at ¶ 4). Based on his expert report, Kvancz intends to offer the following opinions: (1) the asserted claims are drawn to traditional pharmacy operations and basic components; and (2) the asserted claims are obvious elements in a pharmacy system.[1]

Having considered the reliability and relevance of each of these proffered opinions, the Court will permit Kvancz to offer expert testimony with specific exclusions. The Court finds that Kvancz should be allowed to offer his opinion about whether the asserted claims are drawn to traditional pharmacy operations and basic components. Kvancz has years of industry experience that will assist the trier of fact in understanding those basic pharmacy operations and functions.

However, the Court will not permit Kvancz to offer his opinion on the obviousness of the patents-in-suit. Kvancz's report merely discusses features of the asserted claims and concludes that "in view of the basic idea of using an automated packaging and dispensing machine in a remote facility, every element of the Asserted Claims would be obvious based on the knowledge of a POSITA" (Dkt. #178, Exhibit 2 at ¶ 60). Federal circuit law requires "[t]here must be some articulated reasoning with some rational underpinning to support the legal conclusion of obviousness." *Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1373 (Fed. Cir. 2008). Nowhere does Kvancz offer a specific combination of prior art to support a finding of obviousness. And like the expert reports in *ActiveVideo* and *Innogenetics*, Kvancz does not offer any reason why a person of ordinary skill in the art would have been motivated to combine the

---

[1] Even though Defendants admit that Kvancz does not offer an opinion on the invalidity of the patents-in-suit, his report contains a section titled, "Obviousness of elements in a Pharmacy System." This section of Kvancz's report contains a discussion of the legal doctrine of obviousness and the education required of a person of ordinary skill in the art (POSITA). As such, the Court will analyze the substance of Kvancz's report with regard to this opinion.

single reference cited, U.S. Patent No. 6,471,089 ("Liff"), to render the asserted claims obvious. *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 697 F.3d 1312, 1328 (Fed. Cir. 2012); *Innogenetics*, 512 F.3d at 1373. If Kvancz testified at trial with regard to obviousness, his testimony would not be "helpful to a lay jury in avoiding the pitfalls of hindsight that belie a determination of obviousness." *Innogenetics*, 512 F.3d at 1373 (citing *Graham v. John Deere Co.*, 383 U.S. 1, 36 (1966)).

Accordingly, the Court strikes sections of Kvancz's report that relate to the legal determination of obviousness. This ruling does not prohibit Mr. Kvancz from testifying about either the state of the art at the time of the invention or what a person of ordinary skill in the art would have known at the time of the invention.

## CONCLUSION

It is therefore **ORDERED** that Tech Pharmacy Services, LLC Motion to Exclude and/or Strike Testimony of Defendants' Designated Expert Witness David is **GRANTED IN PART** and **DENIED IN PART**.

It is further **ORDERED** that Paragraphs 54–62 from David Kvancz's expert report are stricken.

**SIGNED this 2nd day of August, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE