# United States District Court
## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| TECH PHARMACY SERVICES, LLC | § | |
| | § | |
| v. | § | |
| | § | Civil action No. 4:15-CV-766 |
| ALIXA RX LLC, GOLDEN GATE | § | Judge Mazzant |
| NATIONAL SENIOR CARE LLC d/b/a | § | |
| GOLDEN LIVINGCENTERS, FILLMORE | § | |
| CAPITAL PARTNERS, LLC, FILLMORE | § | |
| STRATEGIC INVESTORS, LLC, and | § | |
| FILLMORE STRATEGIC | § | |
| MANAGEMENT, LLC | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Defendants' Motion for Leave to Supplement Their Invalidity Contentions with Additional Information Concerning the Originally Disclosed Envoy Prior Art (Dkt. #244). After reviewing the relevant pleadings, the Court denies Defendants' motion.

## BACKGROUND

On October 14, 2016, Defendants moved for leave to supplement their P.R. 3-3 invalidity contentions with two prior art references as well as evidence surrounding the design operation of a prior art automated dispensing cart (hereinafter "Envoy") and related software (Dkt. #109). Defendants contended their supplement would include additional details regarding the Envoy machine, which was disclosed in their initial invalidity contentions served on May 27, 2016. On January 19, 2017, the magistrate judge, on referral, issued an order denying Defendants' motion for leave (Dkt. #146). The magistrate judge stated:

> Defendants characterize much of their proposal as mere supplementation of detail that would not functionally impact their case or require Plaintiff to make alterations to its case. The Court encourages the parties to discuss the Proposed Amended Invalidity Contentions in this light. The Court, while denying leave

regarding the Proposed Amended Invalidity Contentions, could, nonetheless, consider an agreed proposal from the parties to add additional detail to invalidity contentions.

(Dkt. #146 at p. 13). On February 2, 2017, Defendants filed a motion to reconsider the magistrate's order (Dkt. #158). The Court denied Defendants' motion to reconsider because "Defendants neither establish[ed] the magistrate judge committed any manifest errors of law in its prior decision nor demonstrate[ed] good cause to amend. Instead, Defendants request the Court to reconsider its decision without directly challenging the Court's analysis." (Dkt. #236 at p. 5). The Court acknowledged "if Defendants' still believe a limited set of amendments adding detail would not functionally impact the case or require Plaintiff to alter its cause, then they should, by motion, present those proposed amendments to the Court and put forth good cause for leave to amend" (Dkt. #236 at pp. 5–6).

On April 20, 2017, Defendants filed the present motion for leave to supplement their invalidity contentions (Dkt. #244). On May 4, 2017, Tech Pharmacy filed a response (Dkt. #254). On May 11, 2017, Defendants filed reply (Dkt. #259). On May 18, 2017, Tech Pharmacy filed a sur-reply (Dkt. #260).

## LEGAL STANDARD

Under the Local Rules for the Eastern District of Texas, Appendix B Patent Rules, leave to amend invalidity contentions "may be made only by order of the court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). "Good cause," according to the Federal Circuit, "requires a showing of diligence." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). "The burden is on the movant to establish diligence rather than on the opposing party to establish a lack of diligence." *Id.*

The Court weighs multiple factors in determining whether good cause exists, including, but not limited to:

1. The length of the delay and its potential impact on judicial proceedings;
2. The reason for the delay, including whether it was within the reasonable control of the movant;
3. Whether the offending party was diligent in seeking an extension of time, or in supplementing discovery, after an alleged need to disclose the new matter became apparent;
4. The importance of the particular matter, and if vital to the case, whether a lesser sanction would adequately address the other factors to be considered and also deter future violations of the Court's scheduling orders, local rules, and the federal rules of civil procedure; and
5. The danger of unfair prejudice to the non-movant.

*Allure Energy, Inc. v. Nest Labs, Inc.*, 84 F. Supp. 3d 538, 540–41 (E.D. Tex. 2015) (quoting

*Comput. Acceleration Corp. v. Microsoft Corp.*, 481 F. Supp. 2d 620, 625 (E.D. Tex. 2007)).

## ANALYSIS

Defendants seek leave to supplement their invalidity contentions to add additional information concerning the Envoy system. Defendants state the Envoy system was known to Tech Pharmacy and timely disclosed in their initial invalidity contentions served on May 27, 2016.

Tech Pharmacy challenges Defendants' request for leave to amend, arguing Defendants again seek to amend their invalidity contentions to include the same Envoy amendments that the magistrate judge rejected. Tech Pharmacy further argue that Defendants repeatedly mischaracterize their request as adding supporting details when in fact they seek to chart the previously-uncharted Envoy system after the close of discovery.

Defendants assert they have set forth good cause for leave under the factors the Court considers to determine good cause. While non-exclusive, the Court will examine each of the factors listed in *Computer Acceleration* and *Allure*.

*Length of the Delay and Its Potential Impact on Judicial Proceedings*

Defendants' current motion for leave is almost eleven months after the deadline to serve invalidity contentions, six months after the Court's *Markman* hearing and claim construction order, and four months before trial. The length of this delay weighs against a finding of good cause to amend. Even though Defendants' earlier filed October 14, 2016 motion for leave involved the same Envoy supplement that is before the Court, that motion also involved two prior art references that are no longer under consideration. Thus, the Court measures the length of delay by the motion before it rather than by an earlier filed motion. With trial a month away, Defendants' addition of invalidity charts for the Envoy system would require depositions and other discovery that would risk delaying the trial date.

Accordingly, this factor weighs against granting leave to amend.

*Reason for the Delay*

Defendants assert Tech Pharmacy contributed to the delay by not complying with the Court's local rules. Defendants contend that had Tech Pharmacy complied with P.R. 3-2 and disclosed the Envoy materials with its infringement contentions, then there may have been no delay at all. Defendants further contend that Tech Pharmacy failed to produce such documents until November 30, 2016. Due to Tech Pharmacy's delay, Defendants indicate they served their original invalidity contentions in May 2016 with limited knowledge of the Envoy system.

Local Patent Rule 3-2 requires a party claiming patent infringement to serve its infringement contentions along with all documents related to the conception, reduction to practice, design, and development of the claimed invention to the opposing party. P.R. 3-2(b). Tech Pharmacy does not contest that it did not produce all documents in compliance with P.R. 3-2 until November 30, 2016, which was after the deadline to serve infringement contentions and

after the deadline to serve invalidity contentions. Tech Pharmacy's late production alone is not sufficient reason for the delay. Defendants have not identified any specific document from Tech Pharmacy's November 2016 document production that prevented them from moving to amend their invalidity contentions earlier. In fact, Defendants' proposed amendment may not be based upon that November production at all. Defendants state they pursued third-party discovery for the Envoy system and received relevant documents on and after August 26, 2016. On October 14, 2016, Defendants moved for leave to supplement their P.R. 3-3 invalidity contentions with evidence related to the Envoy machine. Defendants already sought leave to supplement before Tech Pharmacy's November disclosure. Considering this, the Court is unconvinced that Defendants' reason for the delay is based upon Tech Pharmacy's November 2016 document production. Even if the Court gives credit to Defendants' asserted reason for the delay, Defendants compounded their eleven-month delay by refusing to notify the Court of Tech Pharmacy's failure to comply with the local rules or seeking a motion for leave after the November document production.

Accordingly, this factor weighs against granting leave to amend.

*Diligence*

The Court finds that Defendants did not exercise diligence in filing their motion seeking leave to supplement. Defendants state they diligently supplemented their invalidity contentions within six weeks after becoming aware of additional information concerning the Envoy system. However, the six weeks that Defendants refer relates to their motion to leave filed in October 2016. In that October 2016 motion for leave, Defendants sought a different amendment than what they currently seek from the Court today. Here, Defendants admit they first discovered the additional Envoy-related information on or about August 26, 2016, when they received third-

5

party discovery related to the Envoy system (Dkt. #244 at pp. 11–12). After obtaining this new material, Defendants waited seven months before filing the present motion for leave. The Court understands that part of this seven-month delay was due to the magistrate judge's consideration of the October 2016 motion for leave and the Court's reconsideration of the magistrate judge's order. Nevertheless, the Court must assess the present motion as filed rather than mix-and-match considerations from an earlier motion.

Accordingly, this factor weighs against granting leave to amend.

*Importance of the Matter*

Defendants claim the Envoy prior art is their most critical prior art. Defendants argue the Envoy machine and its associated software practiced all of the elements of Tech Pharmacy's asserted claims.

Tech Pharmacy contests Defendants' claim that the Envoy system is their most critical art. Tech Pharmacy indicates that if this claim was true, then Defendants would have properly asserted this prior art in their original invalidity contentions. In addition, Tech Pharmacy asserts it is difficult to see what makes the Envoy system Defendants' most critical prior art, especially since the Patent Office granted patent protection after considering the Envoy prior art.

Based on the parties' arguments, the Court is uncertain of the importance of the Envoy prior art to the case. On one hand, Defendants represent that their amendment is a mere supplement of detail concerning Envoy prior art. On the other hand, Defendants state the Envoy prior art is the most critical prior art in the case. If the amendment is just mere supplement of detail, then the prior art is not important and would not functionally affect the case. Because Defendants have not convinced the Court of the importance of the Envoy prior art, the Court cannot establish that it is important to this matter.

Accordingly, this factor weighs against granting leave to amend.

*Danger of Unfair Prejudice to Tech Pharmacy*

Defendants quote the magistrate judge's January 19, 2017 Order that stated, "To the extent the Proposed Invalidity Contentions merely provide additional supporting details of the Envoy machine's operation, details which appear to be known to Plaintiff, the Court finds that Plaintiff would not be unfairly prejudiced." (Dkt. #244 at p.13 (citing Dkt. #146 at p. 11)). Defendants assert that nothing has changed with respect to the lack of unfair prejudice to Tech Pharmacy.

Tech Pharmacy responds by stating the addition of new prior art after the close of discovery would be highly prejudicial. Tech Pharmacy contends that the Envoy system was not properly disclosed in Defendants' initial invalidity contentions, and if it had, then Tech Pharmacy would have gathered extensive fact and expert testimony regarding the inoperability of the Envoy system.

After reviewing Defendants' amendment, the Court finds that it is more than a mere supplement concerning the Envoy prior art. Defendants' amendment seeks to include for the first time charts identifying where in the Envoy system each element of the asserted claims is allegedly found. The amendment also contains various combinations of the Envoy system with other pieces of prior art. Defendants argue that the Envoy system is not actually new because it was originally disclosed in their invalidity contentions. However, nothing about the way Defendants disclosed the Envoy system in their original invalidity contentions supports what Defendants seek in their amendment. Defendants' original invalidity contentions identified the Envoy system, previously known as the PyxisEnvoy, as follows:

> Defendants rely upon the PyxisEnvoy machine, which, on information and
> belief, included each and every limitation claimed regarding the operation of the

claimed 'electronic dispensing carts' and 'storage and dispensing apparatus' and 'electronic dispensing machine' and 'medication dispensing apparatus' included in the asserted claims. . . . Each and every function of the PyxisEnvoy, which functions are presently unknown to Defendants, is included herein by reference for each and every applicable claim element of the asserted claims.

(Dkt. #244, Exhibit A at pp. 5–6). Besides this conclusory description, Defendants did not explain how the Envoy system includes each and every element of the asserted claims. As such, Defendants cannot rely on this description to provide adequate notice to Tech Pharmacy of how Defendants planned to use the Envoy system to establish invalidity. Local Patent Rule 3-3 requires a party's invalidity contentions to include "a chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found." P.R. 3-3. The Court understands that Defendants may have lacked certain documents to aid in describing the Envoy system sufficiently, but Defendants made the strategic decision not to chart the Envoy system at all. Now, under the guise of an amendment, Defendants want to chart for the first time a reference that was known when they served their original invalidity contentions.

When the magistrate judge indicated that Tech Pharmacy would not be unfairly prejudiced by Defendants' amendment, the magistrate judge contemplated the amendment would clarify or offer additional details for information already known to Tech Pharmacy. If this were the case, then Tech Pharmacy would not be unfairly prejudiced because Defendants' amendment would not come as a surprise or require additional costs, discovery, and delays associated with the amendment. Here, Defendants' amendment is not the type of clarification or additional details contemplated by the magistrate judge.

Substantial late changes, like those proposed in Defendants' amendment, would be significantly prejudicial to Tech Pharmacy. Tech Pharmacy has justifiably relied on Defendants' invalidity theories as a framework for proceeding through discovery and preparing for trial. By

the time Defendants filed the present motion to amend, the Court had already issued its claim construction order and the parties were briefing motions for summary judgment. To allow such an amendment at this stage in the litigation would run counter to the purpose of invalidity contention requirements under the Court's local rules. Local Patent Rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush." *Comput. Acceleration Corp.*, 503 F. Supp. 2d at 822.

Accordingly, this factor weighs against granting leave to amend.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion for Leave to Supplement Their Invalidity Contentions with Additional Information Concerning the Originally Disclosed Envoy Prior Art (Dkt. #244) is **DENIED**.

**SIGNED this 2nd day of August, 2017.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE