# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| TECH PHARMACY SERVICES, LLC § | |
| § | |
| v. § | |
| § | Civil action No. 4:15-CV-766 |
| ALIXA RX LLC, GOLDEN GATE § | Judge Mazzant |
| NATIONAL SENIOR CARE LLC d/b/a § | |
| GOLDEN LIVINGCENTERS, FILLMORE § | |
| CAPITAL PARTNERS, LLC, FILLMORE § | |
| STRATEGIC INVESTORS, LLC, and § | |
| FILLMORE STRATEGIC § | |
| MANAGEMENT, LLC § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Tech Pharmacy Services, LLC's ("Tech Pharmacy") Motion to Strike and/or Exclude Testimony of Defendants' Designated Expert Witness Christopher J. Thomsen (Dkt. #179). After reviewing the relevant pleadings, the Court grants in part and denies in part Tech Pharmacy's motion.

## BACKGROUND

On March 10, 2017, Tech Pharmacy filed the present motion (Dkt. #179). On March 22, 2017, Defendants filed a response (Dkt. #199). On March 29, 2017, Tech Pharmacy filed a reply (Dkt. #214). On April 5, 2017, Defendants filed a sur-reply (Dkt. #227).

## LEGAL STANDARD

Federal Rule of Evidence 702 provides for the admission of expert testimony that assists the trier of fact to understand the evidence or to determine a fact in issue. Fed. R. Evid. 702. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court instructed courts to function as gatekeepers, and determine whether expert testimony should be presented to the jury. 509 U.S. 579, 590–93 (1993). Courts act as gatekeepers of expert testimony "to make certain

that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

The party offering the expert's testimony has the burden to prove that: (1) the expert is qualified; (2) the testimony is relevant to an issue in the case; and (3) the testimony is reliable. *Daubert*, 509 U.S. at 590–91. A proffered expert witness is qualified to testify by virtue of his or her "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Moreover, to be admissible, expert testimony must be "not only relevant but reliable." *Daubert*, 509 U.S. at 589. "This gate-keeping obligation applies to all types of expert testimony, not just scientific testimony." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002) (citing *Kuhmo*, 526 U.S. at 147).

In deciding whether to admit or exclude expert testimony, the Court should consider numerous factors. *Daubert*, 509 U.S. at 594. In *Daubert*, the Supreme Court offered the following, non-exclusive list of factors that courts may use when evaluating the reliability of expert testimony: (1) whether the expert's theory or technique can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of the challenged method; and (4) whether the theory or technique is generally accepted in the relevant scientific community. *Id.* at 593–94; *Pipitone*, 288 F.3d at 244. When evaluating *Daubert* challenges, courts focus "on [the experts'] principles and methodology, not on the conclusions that [the experts] generate." *Daubert*, 509 U.S. at 595.

The *Daubert* factors are not "a definitive checklist or test." *Id.* at 593. As the Supreme Court has emphasized, the *Daubert* framework is "a flexible one." *Id.* at 594. The test for determining reliability can adapt to the particular circumstances underlying the testimony at

issue. *Kuhmo*, 526 U.S. at 152. Accordingly, the decision to allow or exclude experts from testifying under *Daubert* is committed to the sound discretion of the district court. *St. Martin v. Mobil Expl. & Producing U.S., Inc.*, 224 F.3d 402, 405 (5th Cir. 2000) (citations omitted).

## ANALYSIS

Tech Pharmacy moves to strike and/or exclude testimony of Defendants' expert witness Christopher J. Thomsen ("Thomsen"). Tech Pharmacy makes two arguments for why the Court should strike or exclude Thomsen's report. First, Tech Pharmacy argues Thomsen improperly relies on material the Court has already excluded in a previous order. Second, Tech Pharmacy argues that Thomsen's report is unreliable and fails to meet Rule 702 standards.

As an initial matter, the Court strikes sections of Thomsen's report that do not conform to the Court's rulings. Specifically, the Court strikes from Thomsen's report any anticipation or obviousness combination that includes the KVM Envoy system, a reference the Court precluded Defendants from adding to their invalidity contentions (Dkt. #285). The Court further strikes from Thomsen's report the section in which Thomsen offers his opinion about how the patents-in-suit are directed to unpatentable subject matter. The Court determined the patents-in-suit are eligible for patent protection in its July 24, 2017 order denying Defendants' motion for summary judgment (Dkt. #280).

Tech Pharmacy does not contest Thomsen's qualifications or the relevancy of his testimony. Instead, Tech Pharmacy's main challenges to Thomsen's report involve its reliability. Under Federal Rule of Evidence 702, "[r]eliability is determined by assessing 'whether the reasoning or methodology underlying the testimony is scientifically valid.'" *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 352 (quoting *Daubert*, 509 U.S. at 592–93). When determining reliability, the Court must focus on the expert's methodology and not the

3

conclusions generated by it. *Daubert*, 509 U.S. at 595. "If, however, 'there is simply too great an analytical gap between the [basis for the expert opinion] and the opinion proffered,' the court may exclude the testimony as unreliable." *Orthoflex, Inc. v. ThermoTek, Inc.*, 986 F. Supp. 2d 776, 783 (N.D. Tex. 2013) (quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)).

Upon review of Thomsen's report, the Court finds that Thomsen's testimony is reliable and therefore admissible. First, Tech Pharmacy's complaints about Thomsen's opinions on anticipation are without merit. Tech Pharmacy states Thomsen's opinions on anticipation are unreliable because he fails to apply the correct test, and he improperly defines a person of ordinary skill in the art (POSITA). Tech Pharmacy points to Thomsen's deposition testimony as evidence that he applied the incorrect standard for anticipation (Dkt. #179 at p. 5). However, Thomsen states in his report the correct standard for anticipation (Dkt. #179, Exhibit 1 at ¶ 36 ("Regarding the legal doctrine of anticipation, it is my understanding that claims of a patent are anticipated (and therefore invalidated) by a prior art reference if each and every limitation recited in the claim, as properly construed, is found either explicitly or inherently in a single prior art reference or system . . . ."). Here, Tech Pharmacy's criticisms go to the weight and credibility of Thomsen's opinion, and the appropriate vehicle for Tech Pharmacy's challenges is cross-examination and the presentation of contrary evidence.

Further, Tech Pharmacy opposes Thomsen's citation to the White Paper, a reference that the magistrate judge excluded from Defendants' invalidity contentions (Dkt. #146). In his report, Thomsen mentions that a POSITA would have knowledge of the White Paper (Dkt. #179, Exhibit 1 at ¶ 311). The Court will not strike this reference from Thomsen's report as long as he uses it to establish knowledge of a POSITA and not as invalidating prior art. *See, e.g.*, *Ziilabs Inc., Ltd. v. Samsung Elecs. Co.*, No. 2:14-cv-203, 2015 WL 7303352, at *2 (E.D. Tex. Aug. 25,

2015) (allowing undisclosed prior art to be used as "(1) background material relevant to the technology at issue; (2) state of the art; (3) establishing what one of skill in the art would have known at the time of the invention."). Since the Court allowed this reference for a limited purpose, Thomsen's testimony must be careful not to use "knowledge of a POSITA" as a backdoor for introducing the White Paper or any other excluded prior art. If Thomsen testifies in such a manner, the Court will not allow it.

Second, Thomsen's report sufficiently identifies obviousness combinations and motivations to combine. Tech Pharmacy claims Thomsen's opinions on obviousness are unreliable because they do not identify specific combinations or prior art references, a motivation to combine such references, or a reasonable likelihood of success. Tech Pharmacy is incorrect. Thomsen explains that the asserted claims are rendered obvious by various specific combinations of primary and secondary references (Dkt. #179, Exhibit 1 at ¶¶ 1298–1301). In the section titled "Motivation to Combine," Thomsen not only discusses each secondary reference but also he explains that the references are directed to same field and address the same set of problems (Dkt. #179, Exhibit 1 at ¶¶ 178–195, 1300). "The suggestion or motivation to combine references does not have to be stated expressly; rather it 'may be shown by reference to the prior art itself, to the nature of the problem solved by the claimed invention, or to the knowledge of one of ordinary skill in the art.'" *Med. Instrumentation & Diagnostics Corp. v. Elekta AB*, 344 F.3d 1205, 1221–22 (Fed. Cir. 2003) (quoting *Beckson Marine, Inc. v. NFM, Inc.*, 292 F.3d 718, 728 (Fed. Cir. 2002)). Tech Pharmacy criticizes Defendants for not providing a detailed analysis of each individual combination. The Court finds that Tech Pharmacy can cross-examine Thomsen regarding any lack of specificity and argue to the jury that Defendants failed to provide clear and convincing evidence of obviousness.

Finally, Thomsen's on sale bar analysis is reliable. Tech Pharmacy states Thomsen's on-sale bar opinion is unreliable for failing to consider the experimental use exception. This challenge goes to the weight of Thomsen's testimony rather than its admissibility. As such, vigorous cross-examination, a presentation of contrary evidence, and a careful instruction on the burden of proof for proving invalidity serve as better remedies than excluding Thomsen's testimony.

## CONCLUSION

Accordingly, it is therefore **ORDERED** that Tech Pharmacy Services, LLC's Motion to Strike and/or Exclude Testimony of Defendants' Designated Expert Witness Christopher J. Thomsen (Dkt. #179) is **GRANTED IN PART** and **DENIED IN PART**.

It is further **ORDERED** that any sections of Christopher J. Thomsen's expert report that do not conform to the Court's prior rulings are stricken.

**SIGNED this 3rd day of August, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE