# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| TECH PHARMACY SERVICES, LLC | § | |
| | § | |
| v. | § | |
| | § | Civil action No. 4:15-CV-766 |
| ALIXA RX LLC, GOLDEN GATE | § | Judge Mazzant |
| NATIONAL SENIOR CARE LLC d/b/a | § | |
| GOLDEN LIVINGCENTERS, FILLMORE | § | |
| CAPITAL PARTNERS, LLC, FILLMORE | § | |
| STRATEGIC INVESTORS, LLC, and | § | |
| FILLMORE STRATEGIC | § | |
| MANAGEMENT, LLC | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Tech Pharmacy Services, LLC's ("Tech Pharmacy") Motion to Exclude and/or Strike Testimony of Defendants' Designated Expert Dr. Tim A. Williams (Dkt. #177). After reviewing the relevant pleadings, the Court denies Tech Pharmacy's motion.

## BACKGROUND

On March 10, 2017, Tech Pharmacy filed the present motion (Dkt. #177). On March 24, 2017, Defendants filed a response (Dkt. #205). On March 31, 2017, Tech Pharmacy filed a reply (Dkt. #217). On April 6, 2017, Defendants filed a sur-reply (Dkt. #229).

## LEGAL STANDARD

Federal Rule of Evidence 702 provides for the admission of expert testimony that assists the trier of fact to understand the evidence or to determine a fact in issue. Fed. R. Evid. 702. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court instructed courts to function as gatekeepers, and determine whether expert testimony should be presented to the jury. 509 U.S. 579, 590–93 (1993). Courts act as gatekeepers of expert testimony "to make certain that an expert, whether basing testimony upon professional studies or personal experience,

employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

The party offering the expert's testimony has the burden to prove that: (1) the expert is qualified; (2) the testimony is relevant to an issue in the case; and (3) the testimony is reliable. *Daubert*, 509 U.S. at 590–91. A proffered expert witness is qualified to testify by virtue of his or her "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Moreover, to be admissible, expert testimony must be "not only relevant but reliable." *Daubert*, 509 U.S. at 589. "This gate-keeping obligation applies to all types of expert testimony, not just scientific testimony." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002) (citing *Kuhmo*, 526 U.S. at 147).

In deciding whether to admit or exclude expert testimony, the Court should consider numerous factors. *Daubert*, 509 U.S. at 594. In *Daubert*, the Supreme Court offered the following, non-exclusive list of factors that courts may use when evaluating the reliability of expert testimony: (1) whether the expert's theory or technique can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of the challenged method; and (4) whether the theory or technique is generally accepted in the relevant scientific community. *Id.* at 593–94; *Pipitone*, 288 F.3d at 244. When evaluating *Daubert* challenges, courts focus "on [the experts'] principles and methodology, not on the conclusions that [the experts] generate." *Daubert*, 509 U.S. at 595.

The *Daubert* factors are not "a definitive checklist or test." *Id.* at 593. As the Supreme Court has emphasized, the *Daubert* framework is "a flexible one." *Id.* at 594. The test for determining reliability can adapt to the particular circumstances underlying the testimony at issue. *Kuhmo*, 526 U.S. at 152. Accordingly, the decision to allow or exclude experts from

testifying under *Daubert* is committed to the sound discretion of the district court. *St. Martin v. Mobil Expl. & Producing U.S., Inc.*, 224 F.3d 402, 405 (5th Cir. 2000) (citations omitted).

## ANALYSIS

Tech Pharmacy moves to exclude and/or strike the testimony of Defendants' expert Dr. Tim Williams. Tech Pharmacy asserts Dr. Williams's report contains no actual conclusions regarding the patentability. Tech Pharmacy argues Dr. Williams's report parrots arguments from Defendants' *Alice* motion for partial summary judgment and from another expert report, without offering any independent analysis.

Defendants respond it is unremarkable that Dr. Williams's report contains some language previously crafted by counsel and found in prior briefings. Defendants contend this is true because of the consistency of Defendants' position throughout this litigation and the involvement of the same attorneys in the preparation of expert reports.

Rule 26(a)(2)(B) requires that an expert report be "prepared and signed by the witness," but an attorney may assist the expert in drafting the report:

> Rule 26(a)(2)(B) does not preclude counsel from providing assistance to experts in preparing the reports, and indeed, with experts such as automobile mechanics, this assistance may be needed. Nevertheless, the report, which is intended to set forth the substance of the direct examination, should be written in a manner that reflects the testimony to be given by the witness and it must be signed by the witness.

Fed. R. Civ. P. 26 advisory committee's note (1993). Thus, Rule 26 contemplates some attorney involvement in the preparation of an expert report. *Estate of LaFarge ex rel. Blizzard v. Kyker*, No. 1:08CV185, 2011 WL 6151595, at *6 (N.D. Miss. Dec. 12, 2011). "Several courts have addressed the permissible amount of attorney involvement in drafting an expert report" and "conclude[d] that as long as the substance of the opinions is from the expert, the attorney's involvement in the written expression of those opinions does not make them inadmissible." *Seitz*

3

*v. Envirotech Sys. Worldwide Inc.*, No. H-02-4782, 2008 WL 656513, at \*2 (S.D. Tex. Mar. 6, 2008).  One court recognized that "'some attorney involvement in the preparation of an expert report is permissible' as long as the expert 'substantially participate[s] in the preparation of an expert report.'"  *Id.* (quoting *Manning v. Crockett*, No. 95 C 3117, 1999 WL 342715, at \*3 (N.D. Ill. May 18, 1999).  However, "[a]llowing an expert to sign a report drafted entirely by counsel without prior substantive input from an expert would read the word 'prepared' completely out of the rule."  *Id.* (quoting *Manning*, 1999 WL 342715, at \*3).

The Court finds that Dr. Williams was sufficiently involved in the drafting of his expert report such that it was "prepared and signed by the witness" as required by Rule 26.  Dr. Williams testified that defense counsel drafted sections of his report, which he edited and ultimately agreed with (Dkt. #205, Exhibit A at 17:5–9).  Five of the total forty-three paragraphs contained in Dr. Williams's report contain duplicative language from defense counsel's prior briefing.  This is "not a case in which an expert signed a report drafted entirely by counsel without prior substantive input from an expert."  *Seitz*, 2008 WL 656513, at \*3 (citation omitted).  Although five paragraphs indicate that defense counsel helped Dr. Williams prepare his expert report, nothing put forth by Tech Pharmacy indicates that defense counsel rather than Dr. Williams was responsible for the remaining content of his report.

The Court further finds that Dr. Williams's testimony would "'assist the trier of fact to understand the evidence or to determine a fact in issue.'"  *Pipitone*, 288 F.3d at 245 (quoting *Daubert*, 509 U.S. at 591).  Dr. Williams is adequately qualified to render an opinion regarding generic computing hardware and software, and computer networking (Dkt. #177, Exhibit 1 at¶ 1).  He has a Ph.D. in Electrical Engineering and almost forty-years of professional experience in the relevant field of computers and computer networking (Dkt. #177, Exhibit 1 at

¶ 3).  Tech Pharmacy's concerns regarding the extent of defense counsel's influence on Dr. Williams's report goes to the weight of his testimony rather than its admissibility.  The Court considers vigorous cross-examination, a presentation of contrary evidence, and a careful instruction on the burden of proof as appropriate vehicles to challenge Dr. Williams's report.

**CONCLUSION**

Accordingly, it is therefore **ORDERED** that is Tech Pharmacy Services, LLC's Motion to Exclude and/or Strike Testimony of Defendants' Designated Expert Dr. Tim A. Williams (Dkt. #177) is **DENIED**.

**SIGNED this 3rd day of August, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE