# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| TECH PHARMACY SERVICES, LLC | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:15-CV-766 |
| ALIXA RX LLC, GOLDEN GATE | § | Judge Mazzant |
| NATIONAL SENIOR CARE LLC d/b/a | § | |
| GOLDEN LIVINGCENTERS, FILLMORE | § | |
| CAPITAL PARTNERS, LLC, FILLMORE | § | |
| STRATEGIC INVESTORS, LLC, and | § | |
| FILLMORE STRATEGIC | § | |
| MANAGEMENT, LLC | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Exclude Testimony of Tech Pharmacy's Expert Samuel H. Russ (Dkt. #234). After reviewing the relevant pleadings, the Court denies Defendants' motion.

## BACKGROUND

On April 7, 2017, Defendants filed the present motion (Dkt. #234). On April 21, 2017, Tech Pharmacy Services, LLC ("Tech Pharmacy") filed a response (Dkt. #247). On April 28, 2017, Defendants filed a reply (Dkt. #251). On May 5, 2017, Tech Pharmacy filed a sur-reply (Dkt. #258).

## LEGAL STANDARD

Federal Rule of Evidence 702 provides for the admission of expert testimony that assists the trier of fact to understand the evidence or to determine a fact in issue. Fed. R. Evid. 702. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court instructed courts to function as gatekeepers, and determine whether expert testimony should be presented to the jury. 509 U.S. 579, 590–93 (1993). Courts act as gatekeepers of expert testimony "to make certain

that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

The party offering the expert's testimony has the burden to prove that: (1) the expert is qualified; (2) the testimony is relevant to an issue in the case; and (3) the testimony is reliable. *Daubert*, 509 U.S. at 590–91. A proffered expert witness is qualified to testify by virtue of his or her "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Moreover, to be admissible, expert testimony must be "not only relevant but reliable." *Daubert*, 509 U.S. at 589. "This gate-keeping obligation applies to all types of expert testimony, not just scientific testimony." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002) (citing *Kuhmo*, 526 U.S. at 147).

In deciding whether to admit or exclude expert testimony, the Court should consider numerous factors. *Daubert*, 509 U.S. at 594. In *Daubert*, the Supreme Court offered the following, non-exclusive list of factors that courts may use when evaluating the reliability of expert testimony: (1) whether the expert's theory or technique can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of the challenged method; and (4) whether the theory or technique is generally accepted in the relevant scientific community. *Id.* at 593–94; *Pipitone*, 288 F.3d at 244. When evaluating *Daubert* challenges, courts focus "on [the experts'] principles and methodology, not on the conclusions that [the experts] generate." *Daubert*, 509 U.S. at 595.

The *Daubert* factors are not "a definitive checklist or test." *Id.* at 593. As the Supreme Court has emphasized, the *Daubert* framework is "a flexible one." *Id.* at 594. The test for determining reliability can adapt to the particular circumstances underlying the testimony at

issue. *Kuhmo*, 526 U.S. at 152. Accordingly, the decision to allow or exclude experts from testifying under *Daubert* is committed to the sound discretion of the district court. *St. Martin v. Mobil Expl. & Producing U.S., Inc.*, 224 F.3d 402, 405 (5th Cir. 2000) (citations omitted).

## ANALYSIS

Defendants move to exclude portions of Dr. Samuel H. Russ's report, Tech Pharmacy's rebuttal expert. Defendants claim that Dr. Russ offers opinions that are legal conclusions. Specifically, Defendants point to two instances in Dr. Russ's report. First, in rebutting Mr. Kvancz's analysis, Dr. Russ states "whether the patents in suit contain computer code is not a relevant legal standard" (Dkt. #234, Exhibit A at ¶ 30). Second, in rebutting Dr. Williams's analysis, Dr. Russ states the "relevant standard is not whether [certain computer and networking elements], each considered in isolation, are novel and unobvious . . . [r]ather, the relevant standard is whether the *combination* of these elements is novel and unobvious" (Dkt. #234, Exhibit A at ¶ 37).

The Federal Rules of Evidence allow an expert to assert opinions that "embrace an ultimate issue to be decided by the trier of fact." Fed. R. Evid. 704(a). Of course, an expert witness may not offer opinions that amount to legal conclusions. *C.P. Interests, Inc. v. Cal. Pools, Inc.*, 238 F.3d 690, 697 (5th Cir. 2001); *see also Calderon v. Bank of Am. N.A.*, 941 F. Supp. 2d 753, 759–60 (W.D. Tex. 2013) (noting that the law is not a proper subject of expert opinion testimony). The Fifth Circuit has held that while experts could give their opinions on ultimate issues, our legal system reserves to the trial judge the role of deciding the law for the benefit of the jury. *Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997) (quoting *Specht v. Jensen*, 853 F.2d 805, 808–09 (10th Cir. 1988)).

After reviewing Russ's report, the Court does not find that Dr. Russ is offering improper "legal conclusions that tell a jury what result to reach." *United States v. Thomas*, 847 F.3d 193, 206 (5th Cir. 2017). Rather, Dr. Russ's report contains admissible rebuttals to Mr. Kvancz's and Dr. Williams's opinions. He first offers opinion testimony to rebut Mr. Kvancz's claim that the patents-in-suit do not improve off-the-shelf pharmacy software because the patents do not contain any computer code (Dkt. #247, Exhibit 8 at ¶ 29). Next, Dr. Russ challenges the methodology used by Dr. Williams to find the patents-in-suit invalid. Dr. Russ stated:

> However, listing these items individually is misleading. The relevant standard is not whether [certain computer and networking] elements, each considered in isolation, are novel and unobvious. Rather, the relevant standard is whether the *combination* of these elements is novel and unobvious. In other words, [William's] report is essentially attempting to proffer an invalidity argument without citing any actual prior art connects all of the elements.

(Dkt. #234, Exhibit A at ¶ 37). Defendants take a sentence from Dr. Russ's report out of context. Despite using the words the "relevant standard," Dr. Russ does not made any statements or conclusions of law regarding validity. He is pointing out a flaw in how Dr. Williams determined the patents-in-suit are invalid, which is permissible.

## CONCLUSION

Accordingly, it is therefore **ORDERED** that is Defendants' Motion to Exclude Testimony of Tech Pharmacy's Expert Samuel H. Russ (Dkt. #234) is **DENIED**.

**SIGNED this 7th day of August, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE