# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| TECH PHARMACY SERVICES, LLC | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:15-CV-766 |
| ALIXA RX LLC, GOLDEN GATE | § | Judge Mazzant |
| NATIONAL SENIOR CARE LLC d/b/a | § | |
| GOLDEN LIVINGCENTERS, FILLMORE | § | |
| CAPITAL PARTNERS, LLC, FILLMORE | § | |
| STRATEGIC INVESTORS, LLC, and | § | |
| FILLMORE STRATEGIC | § | |
| MANAGEMENT, LLC | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Tech Pharmacy Services, LLC's ("Tech Pharmacy") Motion for Sanctions and Spoliation (Dkt. #190). After reviewing the relevant pleadings, the Court denies Tech Pharmacy's motion.

## BACKGROUND

A central element in proving Tech Pharmacy's infringement claims is the presence of a "separate and removable container" in front of Defendant Alixa Rx LLC's ("Alixa") automated dispensing unit ("ADU") machine. On January 17 and 18, 2017, Alixa Senior Vice President Brad Savage testified as a corporate representative for Alixa and Golden LivingCenters ("GLC") regarding the container. He testified he was aware of an unidentified facility that put "something underneath the front of an ADU machine" (Dkt. #190, Exhibit 5 at 158:23–159:4). Pursuant to Federal Rule of Civil Procedure 34(a)(2), Tech Pharmacy requested to inspect an ADU machine inside a GLC-operated long-term care facility. The inspection's purpose was to demonstrate the ADU machine's operation for Tech Pharmacy's expert Dr. Michael Metzker (Dkt. #190, Exhibit 2 at ¶ 5).

On February 14, 2017, Mr. Savage told Jason Dietrich, a Pharmacy Service Technician Supervisor for Alixa, to prepare for the demonstration (Dkt. #215, Exhibit A at ¶ 4). Mr. Dietrich performed normal, routine tasks of making sure the Alixa machine and medication room ("med room") were in proper order (Dkt. # 215, Exhibit B at ¶¶ 4–5, 8). In doing so, he moved a container and stool sitting in front of the ADU machine to a cabinet in the med room (Dkt. #215 Exhibit B at ¶ 9). Joe Grdinovac, an attorney for Tech Pharmacy, and Dr. Metzker arrived later that day to the Golden LivingCenter Lake Ridge facility ("GLC-Lake Ridge"). Mr. Grdinovac and Dr. Metzker met Mr. Savage, Linda Swanson, and a nurse named Dee, whose last name is unknown (Dkt. #190, Exhibit 2, at ¶¶ 1–2).

Defendants contest Dr. Metzker's account of the following events that occurred during the demonstration: (1) Nurse Dee asked, without prompt, where the bucket or stool was and shook her head "no" when Mr. Savage explained the medication strips fall on the floor when dispensed; (2) Nurse Dee said the basket typically sat on top of a stool; and (3) Nurse Dee again shook her head "no" when Mr. Savage explained the medication strips are collected from the floor and rolled into ball after dispensing (Dkt. #190, Exhibit 2 at ¶¶ 1, 8–10). During the inspection, Dr. Metzker stated he observed visible scuff marks on the front of the ADU machine below the dispensing slot, consistent with routine use of a basket sitting on top of a stool to catch dispensed medication (Dkt. #190, Exhibit 2 at ¶ 9).

On March 15, 2017, Tech Pharmacy filed the present motion for sanctions (Dkt. #190). On March 29, 2017, Defendants filed a response (Dkt. #215). On April 5, 2017, Tech Pharmacy filed a reply (Dkt. #226). On April 12, 2017, Defendants filed a sur-reply (Dkt. #242).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 37 authorizes sanctions for failure to comply with discovery orders. A court may bar the disobedient party from introducing evidence, or it may direct that certain facts shall be "taken to be established for purposes of the action." Fed. R. Civ. P. 37(b)(2)(A)(i). Rule 37 also permits a court to strike claims from the pleadings, and even to "dismiss the action . . . or render a judgment by default against the disobedient party." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763 (1980) (citation omitted); *accord* Fed. R. Civ. P. 37(b)(2)(A)(v)-(vi). "Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Roadway Express*, 447 U.S. at 763–64 (citation omitted).

In addition, Rule 37(b)(2) requires that any sanction be just and specifically related to the particular claim that was the subject of the discovery violation. *Compaq Comput. Corp. v. Ergonome Inc.*, 387 F.3d 403, 413 (5th Cir. 2004) (citation omitted). Further, the penalized party's discovery violation must be willful. *United States v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003).

**ANALYSIS**

Tech Pharmacy seeks sanctions for Defendants' concealment of relevant evidence during the Rule 34(a)(2) inspection of the ADU room at GLC-Lake Ridge. Tech Pharmacy asserts the container, usually placed on a stool under the ADU machine, was deliberately spoliated when it was moved into a closet and made unavailable for inspection.

Spoliation is a longstanding doctrine that applies to "the destruction or the significant and meaningful alteration of evidence." *Guzman v. Jones*, 804 F.3d 707 (5th Cir. 2015) (quoting

*Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F. Supp. 2d 598, 612 (S.D. Tex. 2010)). A court may impose appropriate sanctions "[i]f a party with a duty to preserve evidence fails to do so and acts with culpability." *Lopez v. Kempthorne*, 684 F. Supp. 2d 827, 890 (S.D. Tex. 2010) (quoting *Smith v. Am. Founders Fin. Corp.*, 365 B.R. 647, 681 (S.D. Tex. 2007)). "The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." *Id.*

Before evaluating Tech Pharmacy's requested relief, the Court must first determine whether Defendants were under a duty to preserve relevant evidence. If so, the Court inquires about evidence should have been preserved. Lastly, the Court considers whether the failure to preserve was done in bad faith to warrant sanctions.

**A. Duty to Preserve**

The duty to preserve arises when a party has notice or should anticipate the evidence is relevant to current or future litigation. *Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F. Supp. 2d 598, 612 (S.D. Tex. 2010).

Tech Pharmacy argues Mr. Savage, acting as a corporate representative, was well-versed on the pending litigation and knew the container was relevant to the infringement claim. Because container is an element of its infringement claim, Tech Pharmacy further argues Defendants were charged with a duty to preserve such evidence. Defendants contend evidence of the container was immaterial because Mr. Savage had already testified containers were used at other locations. Thus, Defendants argue the presence of a container was irrelevant to the inspection, which was supposed to be a demonstration of the ADU machine's typical and routine use.

Defendants had notice the presence of a container is relevant to this litigation. In April 2012, Alixa commissioned an opinion letter regarding Alixa's ADU machines and U.S. Patent

Nos. 7,698,019 (the "'019 Patent"), 7,685,004, and U.S. Reissue Patent No. RE44,127 (the "'127 Patent") (Dkt. #190, Exhibit 3). The opinion letter found that Alixa did not infringe based on a finding that Alixa's ADU machines did not dispense packages into a separate and removable container. As such, Defendants have known since before the suit was filed in November 2015 that use of a separate and removable container is crucial to whether Alixa's ADU machines infringe claims of Tech Pharmacy's patents. Further, Mr. Savage testified, "I am aware that there are – have been occasion where a facility has put something underneath the front of a machine to catch packets coming out," but doing so is "against the policy and procedure and against the training that we provide." (Dkt. #190, Exhibit 5 at 158:23–159:4). Mr. Savage, as a senior executive for Alixa and a corporate representative for both Alixa and GLC, was aware of the importance of a container before Tech Pharmacy visited the GLC-Lake Ridge facility.

Taking all of this together, the Court finds that Defendants were under a duty to preserve. This duty to preserve required Defendants to maintain the container's presence in front of the ADU machine when Tech Pharmacy inspected the GLC-Lake Ridge facility. Dr. Metzker's findings did not discharge Defendants' duty to preserve. Dr. Metzker documented "clear evidence" that a separate and removable container was used with the ADU machine (Dkt. #190, Exhibit B at ¶ 10). The fact that Dr. Metzker's findings were consistent with the container's presence does not replace material evidence of the container at the GLC-Lake Ridge facility. If Dr. Metzker had not seen scuff marks on the floor, he may not have concluded the facility used a container or found the ADU machine infringed.

**B. Sanctions**

Tech Pharmacy respects the following sanctions against Defendants: (1) an order striking Defendants' pleadings and defenses to liability for infringement and willfulness regarding the '019

Patent and Claim 2 of the '127 Patent, as well as Defendants' counterclaims for non-infringement of the '019 Patent and for Claim 2 of the '127 Patent; (2) an order that Defendants pay Tech Pharmacy the costs and expenses for the February 14, 2017 inspection, the costs and expenses associated with the present motion, and the costs and expenses for any additional inspections necessitated by Defendants' misconduct; (3) an order and jury instruction deeming Alixa's ADU machines dispense into separate and removable containers (Dkt. #190 at p. 1, 13).

To impose sanctions against a party, a court must make a specific finding that the party acted in bad faith. *Toon v. Wackenhut Corr. Corp.*, 250 F.3d 950, 952 (5th Cir. 2001) (citing *Goldin v. Bartholow*, 166 F.3d 710, 722 (5th Cir. 1999)). Tech Pharmacy argues Mr. Savage acted in bad faith because he knew his instructions to Mr. Dietrich implicitly meant containers should be removed. Defendants counter by asserting Mr. Savage was, at most, negligent in failing to ensure any containers would remain in place. Mr. Savage claims he did not see a container in the med room before the inspection and did not know Mr. Dietrich removed it. Defendants argue these facts prove if Mr. Savage had acted in bad faith to conceal the container, he would not have admitted to containers at other GLC facilities and would have hidden the container himself.

Although the container was absent during the inspection, the evidence put forth falls short of convincing the Court that Defendants acted in bad faith. Tech Pharmacy has not presented evidence that indicates Mr. Savage instructed Mr. Dietrich to hide the container before the inspection or that Mr. Savage knew Mr. Dietrich would hide the container. Mr. Savage denies he gave any instructions for med room preparation (Dkt. #215, Exhibit A at ¶ 4). While Mr. Savage was unaware of the particular facility that put "something underneath the front of a machine," he should have inquired into whether GLC-Lake Ridge used a container in violation of policy. This is negligence rather than bad faith. In addition, the Court does not find that Mr. Dietrich knew of

the pending litigation surrounding the ADU machine or the ramifications of removing the container (Dkt. #215, Exhibit B at ¶¶ 7, 11 (indicating Mr. Dietrich was unaware of this lawsuit or the relevance of a container in the ADU machine dispensing area)). Thus, absent evidence of bad faith, the failure to preserve alone is not sufficient for sanctions. *Cammarata*, 688 F. Supp. 2d at 642.

Aside from no showing of bad faith, the Court finds no actual prejudice to Tech Pharmacy. Tech Pharmacy argues the container's removal rendered the inspection's findings materially altered. The Court disagrees. While the container is a key element for Tech Pharmacy to prove infringement, Dr. Metzker's findings account for the container's absence. Dr. Metzker noted he saw scuff marks on the floor, consistent with the presence of a container on a stool under the ADU machine. In fact, Dr. Metzer still found the ADU machine infringed despite the container's absence.

Accordingly, the Court determines that Tech Pharmacy's requested sanctions are not warranted or just in this case. However, the Court must address the present situation in which Defendants should have preserved evidence relevant to the litigation but where the Court cannot find bad faith. Given the proximity to trial and the burden of another inspection, the Court finds that a stipulation is the appropriate remedy.

## CONCLUSION

It is therefore **ORDERED** that is Tech Pharmacy Services, LLC's Motion for Sanctions and Spoliation (Dkt. #190) is **DENIED**.

It is further **ORDERED** that Defendants stipulate to the following: Nurses at GLC-Lake Ridge commonly use a separate and removable container placed in front of the ADU machine to

collect dispensed medication. However, at the time of the Tech Pharmacy's inspection of the GLC-Lake Ridge facility, such container was not present.

**SIGNED this 7th day of August, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE