# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| TECH PHARMACY SERVICES, LLC | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:15-CV-766 |
| ALIXA RX LLC, GOLDEN GATE | § | Judge Mazzant |
| NATIONAL SENIOR CARE LLC d/b/a | § | |
| GOLDEN LIVINGCENTERS, FILLMORE | § | |
| CAPITAL PARTNERS, LLC, FILLMORE | § | |
| STRATEGIC INVESTORS, LLC, and | § | |
| FILLMORE STRATEGIC | § | |
| MANAGEMENT, LLC | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' *Daubert* Motion to Exclude Testimony of Plaintiff's Expert Keith R. Ugone on Disgorgement Damages (Dkt. #184). After reviewing the relevant pleadings, the Court denies Defendants' motion.

## BACKGROUND

On March 10, 2017, Defendants filed the present motion (Dkt. #184). On March 24, 2017, Tech Pharmacy Services, LLC ("Tech Pharmacy") filed a response (Dkt. #204). On April 3, 2017, Defendants filed a reply (Dkt. #222). On April 7, 2017, Tech Pharmacy filed a sur-reply (Dkt. #233).

## LEGAL STANDARD

Federal Rule of Evidence 702 provides for the admission of expert testimony that assists the trier of fact to understand the evidence or to determine a fact in issue. Fed. R. Evid. 702. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court instructed courts to function as gatekeepers, and determine whether expert testimony should be presented to the jury. 509 U.S. 579, 590–93 (1993). Courts act as gatekeepers of expert testimony "to make certain

that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

The party offering the expert's testimony has the burden to prove that: (1) the expert is qualified; (2) the testimony is relevant to an issue in the case; and (3) the testimony is reliable. *Daubert*, 509 U.S. at 590–91. A proffered expert witness is qualified to testify by virtue of his or her "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Moreover, to be admissible, expert testimony must be "not only relevant but reliable." *Daubert*, 509 U.S. at 589. "This gate-keeping obligation applies to all types of expert testimony, not just scientific testimony." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002) (citing *Kuhmo*, 526 U.S. at 147).

In deciding whether to admit or exclude expert testimony, the Court should consider numerous factors. *Daubert*, 509 U.S. at 594. In *Daubert*, the Supreme Court offered the following, non-exclusive list of factors that courts may use when evaluating the reliability of expert testimony: (1) whether the expert's theory or technique can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of the challenged method; and (4) whether the theory or technique is generally accepted in the relevant scientific community. *Id.* at 593–94; *Pipitone*, 288 F.3d at 244. When evaluating *Daubert* challenges, courts focus "on [the experts'] principles and methodology, not on the conclusions that [the experts] generate." *Daubert*, 509 U.S. at 595.

The *Daubert* factors are not "a definitive checklist or test." *Id.* at 593. As the Supreme Court has emphasized, the *Daubert* framework is "a flexible one." *Id.* at 594. The test for determining reliability can adapt to the particular circumstances underlying the testimony at

issue. *Kuhmo*, 526 U.S. at 152. Accordingly, the decision to allow or exclude experts from testifying under *Daubert* is committed to the sound discretion of the district court. *St. Martin v. Mobil Expl. & Producing U.S., Inc.*, 224 F.3d 402, 405 (5th Cir. 2000) (citations omitted).

## ANALYSIS

Defendants move to exclude the testimony of Dr. Keith R. Ugone, Tech Pharmacy's expert on disgorgement damages. Defendants argue Dr. Ugone's opinion is not based on a legally correct measure of damages for Tech Pharmacy's claims [1] and thus is unreliable, irrelevant, and confusing to the jury.

Dr. Ugone opines that Defendants were "unjustly enriched" by their $100 million investment in Alixa Rx, LLC ("Alixa") (Dkt. #184, Exhibit 1 at ¶ 178). He determined that Defendants' $100 million investment is subject to disgorgement because the investment was a financial benefit traceable to Defendants' alleged wrongful conduct (i.e., misappropriation of trade secrets) (Dkt. #184, Exhibit 1 at ¶ 185). Defendants disagree with Dr. Ugone's opinion. Defendants contend that their $100 million investment was neither derived from any wrongful conduct or nor caused by any wrongful conduct from Alixa. Instead, Defendants argue "[t]he investment of working capital in Alixa was made using funds provided by the Fillmore Defendants, investors who did not obtain that money from any activity in any way connected to the conduct at issue in this case" (Dkt. #222 at p. 4). Defendants further argue that Alixa could not have committed any wrongdoing because it did not exist at the time of the alleged trade secret misappropriation (Dkt. #222 at p. 4).

The Court finds that Dr. Ugone may testify on disgorgement damages based on the standard set forth in Federal Rule of Evidence 702 and *Daubert*. Dr. Ugone meets each of the

---

[1] Dr. Ugone does not advance that Tech Pharmacy may recover disgorgement for its fraud and breach of contract claims (Dkt. #184, Exhibit 1 at ¶ 185). As such, Defendants' arguments regarding disgorgement and Tech Pharmacy's fraud and breach of contract claims do not apply.

3

requirements to testify as an expert witness: (1) he is qualified to testify competently regarding disgorgement damages for Tech Pharmacy's trade secret misappropriation claim; (2) the methodology used to reach his conclusions is reliable under *Daubert*; and (3) his testimony assists the jury to understand the evidence or to determine a fact in issue.

Defendants' disagreements with Dr. Ugone's conclusion go to the weight of his testimony and not its admissibility. The Court considers vigorous cross-examination and the presentation of contrary evidence as appropriate vehicles to challenge Dr. Ugone's testimony.

## CONCLUSION

Accordingly, it is therefore **ORDERED** that Defendants' *Daubert* Motion to Exclude Testimony of Plaintiff's Expert Keith R. Ugone on Disgorgement Damages (Dkt. #184) is **DENIED**.

SIGNED this 7th day of August, 2017.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE