# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| TECH PHARMACY SERVICES, LLC | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:15-CV-766 |
| ALIXA RX LLC, GOLDEN GATE | § | Judge Mazzant |
| NATIONAL SENIOR CARE LLC d/b/a | § | |
| GOLDEN LIVINGCENTERS, FILLMORE | § | |
| CAPITAL PARTNERS, LLC, FILLMORE | § | |
| STRATEGIC INVESTORS, LLC, and | § | |
| FILLMORE STRATEGIC | § | |
| MANAGEMENT, LLC | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Compel Plaintiff to Remove the Confidentiality Designation on Certain Non-Confidential and Public Documents (Dkt. #275). After reviewing the relevant pleadings, the Court denies Defendants' motion.

## BACKGROUND

On July 19, 2017, Defendants filed the present motion to compel (Dkt. #275). On August 2, 2017, Tech Pharmacy Services, LLC ("Tech Pharmacy") filed a response (Dkt. #289). On August 9, 2017, Defendants' filed a reply (Dkt. #301).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). It is well-established that "control of discovery is committed to the sound discretion of the trial court." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987)).

Rule 37 of the Federal Rules of Civil Procedure allows a discovering party, on notice to other parties and all affected persons, to "move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence. *Exp. Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006). Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive and thus should not be permitted. *Id.*

## ANALYSIS

Defendants move to compel Tech Pharmacy to remove the confidential designation on six documents (the "Disputed Documents"). Defendants state that none of the Disputed Documents qualifies as "Confidential" or "Confidential—Attorneys' Eyes Only" under the Second Amended Protective Order because they do not reflect confidential, proprietary, trade secret, or commercially sensitive information. Instead, Defendants argue the Disputed Documents reflect public records or non-confidential information, which cannot meet the standard for "Confidential."

The parties agreed to the Second Amended Protective Order to govern the designation of information as confidential. The Second Amended Protective Order defines "Confidential" and "Confidential—Attorneys' Eyes Only" as follows:

> The producing may designate as "Confidential" any document that contains or reflects confidential, proprietary, trade secret, or commercially sensitive information.
> The producing party may designate as "Confidential—Attorneys' Eyes Only" any document that contains or reflects information that is proprietary financial or technical or commercially sensitive competitive information, including but not limited to information obtained from a non-party pursuant to a current nondisclosure agreement, strategic plans, technical documents that would

> reveal trade secrets, settlement agreements or settlement communications, and confidential technical, sales and financial information, and the producing party reasonably believes that the disclosure of such Protected Documents is likely to cause economic harm or competitive disadvantage to the producing party.

(Dkt. #144 at ¶¶ 2–3). The Disputed Documents are manuals and reports concerning the Envoy Automated Medication System ("Envoy"), which was developed by KVM. Tech Pharmacy later purchased KVM and filed patents based on the Envoy machine. Tech Pharmacy does not dispute Defendants' claim that Ms. Lisa Rogers, who worked at KVM during the relevant time, created or edited the Disputed Documents. According to Ms. Rogers, the Disputed Documents were created primarily to provide information to KVM's customers and users of the Envoy machine (Dkt. #275 at p. 1 (citing Dkt. #275, Exhibit 8 at 11:16–18)). Ms. Rogers further states that the Disputed Documents were generally provided to customers, and she was unaware of those customers entering into any confidentiality agreements (Dkt. #275 at p. 2 (citing Dkt. #275, Exhibit 8 at 56:19–57, 118:13–15)). Tech Pharmacy contends the Disputed Documents are properly designated to prevent the disclosure of its trade secrets and commercially sensitive information.

Under the Second Amended Protective Order, a party that receives protected documents may challenge the designation of such documents (Dkt. #144 at ¶ 7). "The party or parties receiving the Protected Documents shall have the burden of establishing that the disputed Protected Documents are not entitled to confidential treatment." (Dkt. #144 at ¶ 7). .

Defendants have not met their burden. The Court finds the reasoning of *Metallurgical Industries v. Fourtek*, 790 F.2d 1195 (5th Cir. 1986), applicable to this case. In *Fourtek*, the Fifth Circuit determined that Metallurgical's disclosures did not compromise the secrecy required for trade secret protection because Metallurgical divulged its information to only two businesses with whom it was dealing, rather than the public generally, and the disclosures were

3

made to further Metallurgical's economic interests. *Id.* at 1200. The court noted that Metallurgical's case would have been stronger if it demonstrated a confidential relationship with the businesses it divulged information. *Id.* But, the court declined to regard this failure as conclusively disproving the limited nature of disclosures. *Id.* Here, Defendants rely on the testimony of Ms. Rogers to prove that KVM disclosed the Disputed Documents to the public. However, Ms. Rogers's testimony alone does not establish that KVM's disclosure to its customers was the same as disclosing to the public generally. If the Court is to believe Ms. Rogers's testimony, then there has to be some corroborating documentation or other evidence that shows KVM's disclosure did not maintain secrecy. Defendants have offered no evidence that KVM disclosed the Disputed Documents to parties other its customers or that KVM's disclosure did not have an economic purpose. Although the Disputed Documents were not marked confidential and KVM's customers were not bound by a confidential agreement, the Court is unpersuaded that KVM's disclosure was a public announcement that destroyed confidentiality. Thus, without more, the Court cannot conclude that Tech Pharmacy improperly applied the confidentiality designation to the Disputed Documents.

Further, Defendants point to one Disputed Document, which was named Exhibit 4 during Ms. Rogers's deposition (Dkt. #301 at p. 1). Defendants contend Exhibit 4 should be de-designated as Confidential—Attorneys' Eyes Only because a virtually identical document was submitted to the Patent Office during the prosecution of a patent-in-suit. In addition, the document is part of the file history of the patent-in-suit and is publically available. Tech Pharmacy responds by arguing Exhibit 4 was not disclosed to the Patent Office but was a internal working draft of an operator's manual for the Envoy machine. The only distinctions between Exhibit 4 and the Patent Office document are page number differences and the fact that one has a

table of contents. Since Tech Pharmacy is not opposed to allowing use of documents found in the publically-available file histories of its patents, the Court finds there is no need to de-designate Exhibit 4 when Defendants already have what they need and it is not marked confidential. As such, Defendants can rely on the Patent Office document to meet their intended purpose.

## CONCLUSION

Accordingly, it is therefore **ORDERED** that Defendants' Motion to Compel Plaintiff to Remove the Confidentiality Designation on Certain Non-Confidential and Public Documents (Dkt. #275) is **DENIED**.

**SIGNED this 11th day of August, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE