# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| TECH PHARMACY SERVICES, LLC | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:15-CV-766 |
| ALIXA RX LLC, GOLDEN GATE | § | Judge Mazzant |
| NATIONAL SENIOR CARE LLC d/b/a | § | |
| GOLDEN LIVINGCENTERS, FILLMORE | § | |
| CAPITAL PARTNERS, LLC, FILLMORE | § | |
| STRATEGIC INVESTORS, LLC, and | § | |
| FILLMORE STRATEGIC | § | |
| MANAGEMENT, LLC | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Tech Pharmacy Services, LLC's ("Tech Pharmacy") Motion for Relief Arising from Discovery Abuses Under Federal Rules of Civil Procedure 30(d)(2) (Dkt. #191). After considering the relevant pleadings, the Court grants in part and denies in part Tech Pharmacy's motion.

## BACKGROUND

Tech Pharmacy accuses Defendants of willful patent infringement of the five patents-in-suit, all of which relate to the same technology. Defendants contest Tech Pharmacy's willful infringement claims by asserting an advice-of-counsel defense. In April 2012, Defendants commissioned an opinion letter from David Walker ("Walker"), a partner with Barceló, Harrison & Walker, LLP (the "Opinion Letter"). Walker's Opinion Letter provided a non-infringement analysis of Defendants' accused technology as it related to the "dispense the loaded and packaged one of the plurality of individual patient dosing packages into a separate and removable container" limitation recited in United States Patent No. 7,698,019 (the "'019 Patent").

On February 13, 2017, Tech Pharmacy deposed Walker about the opinions expressed in his letter. During the deposition, Tech Pharmacy contends that counsel for Defendants repeatedly and improperly interrupted to prevent Walker's testimony based on attorney–client and work–product privilege. Tech Pharmacy claims Defendants waived privilege with respect to the subject matter of Walker's Opinion Letter, and thus Tech Pharmacy had the right to ask questions, receive answers, and receive documents related to this subject matter.

On March 15, 2017, Tech Pharmacy filed the present motion for relief related to discovery abuse that occurred during Walker's deposition (Dkt. #191). On March 24, 2017, Defendants filed a response (Dkt. #203). On March 29, 2017, Tech Pharmacy filed a reply (Dkt. #212). On April 3, 2017, Defendants filed a sur-reply (Dkt. #224).

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that "examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence." Fed. R. Civ. P. 30(c)(1). Objections to deposition questions "must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection." Fed. R. Civ. P. 30(c)(2). The Rules prohibit instructing the witness not to answer except "when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." *Id.* Under Local Rule CV-30, "[o]bjections to questions during the oral deposition are limited to 'Objection, leading' and 'Objection, form.'" L.R. CV-30.

Federal Rule 30(d)(2) grants the Court authority to sanction "a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2).

**ANALYSIS**

Federal Circuit law governs, rather than the law of the regional circuit, when a case involves "the extent to which a party waives its attorney–client privilege and work–product immunity when it asserts the advice-of-counsel defense in response to a charge of willful patent infringement." *EchoStar*, 448 F.3d at 1298. Federal Circuit law also governs discovery disputes over "materials relat[ing] to an issue of substantive patent law." *Advanced Cardiovascular Sys. v. Medtronic, Inc.*, 265 F.3d 1294, 1307 (Fed. Cir. 2001). "Questions of privilege and discoverability that arise from assertion of the advice-of-counsel defense necessarily involve issues of substantive patent law." *EchoStar*, 448 F.3d at 1298.

Tech Pharmacy states that Defendants' reliance on the advice-of-counsel defense precludes an assertion of attorney–client and work–product privileges related to opinion counsel's advice. Tech Pharmacy further states that under *Autobytel*, a defendant's assertion of the advice-of-counsel defense waives privilege for both attorney–client communications and communicated work product regarding the subject matter of the opinion. *Autobytel, Inc. v. Dealix Corp.*, 455 F. Supp. 2d 569, 572 (E.D. Tex. 2006) (citing *In re EchoStar Commc'ns Corp.*, 448 F.3d 1294, 1302–03 (Fed. Cir. 2006)). Tech Pharmacy relies on *EchoStar*'s waiver standard. In *EchoStar*, the Federal Circuit defined waiver of both attorney–client privilege and work–product privilege broadly, holding that it extends to all communications relating to the same subject matter. *EchoStar*, 448 F.3d at 1299. This waiver includes "not only any letters, memorandum, conversation, or the like between the attorney and his or her client, but also includes, when appropriate, any documents referencing a communication between attorney and client." *Id.* at 1304. Thus, Tech Pharmacy contends Defendants denied it access to Walker's testimony regarding the subject matter of the Opinion Letter. Tech Pharmacy points to four

types questions of which it was entitled to ask Walker: (1) questions about attorney–client communications relating to the Opinion Letter; (2) questions about the Opinion Letter itself; (3) questions about what Walker used to form his opinion; and (4) questions about the validity and enforceability of the patents mentioned in the Opinion Letter.

Defendants respond that the scope of Tech Pharmacy's questioning and the waiver of privilege should be limited to the same subject matter of the advice rendered in the Opinion Letter. Walker opined that Defendants' technology does not meet one limitation of one asserted patent. Due to the limited subject matter of the Opinion Letter, Defendants maintain that waiver and any related discovery should be similarly limited. Defendants contend Tech Pharmacy's questions during Walker's deposition were impermissibly broad and sought disclosure of information that Defendants did not waive and thus remained protected.

In determining the limits of privilege waiver and associated discovery under the advice-of-counsel defense, the Court must analyze attorney–client privilege and the work–product doctrine separately because waiver of one does not necessarily waive the other. *EchoStar*, 448 F.3d at 1300.

### *Attorney–Client Privilege*

For the attorney–client privilege waiver, the Federal Circuit held in *EchoStar* that "when a party defends its actions by disclosing an attorney–client communication, it waives the attorney–client privilege as to all such communications regarding the same subject matter. *Id.* at 1301. As recognized in *Autobytel*, the "same subject matter" provision of this holding limits the scope of the waiver to the same subject matter of the underlying opinion. 455 F. Supp. 2d at 574–75. The court found that waiver excluded: (1) any communication that merely references a patent or is generated contemporaneous with the opinion letter; (2) any patent defenses not

4

addressed in the opinion letter; and (3) any patents or alternative infringement opinions not expressed in the opinion letter. *Id.*

Here, Defendants asserted the advice-of-counsel defense and thereby waived attorney–client communications related to the same subject matter as the Opinion Letter. Tech Pharmacy argues that the deposition questions in dispute related to the same subject matter. Tech Pharmacy asked about a conversation Walker had with Huan Nguyen, an employee of Alixa who conducted intensive due diligence of Tech Pharmacy's technology during his prior job with Walgreens and who Walker expressly footnoted as a source of information in the Opinion Letter (Dkt. # 203, Exhibit D at 203:24–204:9, 205:3–10). Walker testified that Mr. Nguyen was the only person he remembered speaking to about the technical aspects of his patent opinion, and this discussion was lengthy (Dkt. # 203, Exhibit D at 86:12–24, 106:13–15; 114:5–23). Defense counsel would not allow Tech Pharmacy to ask Walker about his conversations with Mr. Nguyen or about the Opinion Letter itself. This was improper. Walker's Opinion Letter was a non-infringement analysis of Alixa's technology as it related to one claim limitation in the '019 Patent. While Defendants contend the Opinion Letter was limited in scope, the Federal Circuit's broad definition of attorney–client privilege waiver includes all subject matter discussed in the Opinion Letter, including the letter itself. Since Walker expressly mentioned speaking with Mr. Nguyen in his Opinion Letter, questions about Walker's conversations with Mr. Nguyen were communications relating to the same subject matter as the Opinion Letter. Thus, Tech Pharmacy was entitled to Walker's testimony about his conversations with Mr. Nguyen regarding Alixa's technology and about the content of the Opinion Letter itself.

Defense counsel also blocked questions concerning Walker's conversations with any other Defendant or Defendants' chief executive Ronald Silva about the technology that the

5

Opinion Letter expressly analyzes. The Opinion Letter indicates that Walker's opinion relied on a thorough review of the Proposed Alixa Products based on information provided by Alixa (including, but not limited to, thorough conferences with Huan Nguyen)" (Dkt. #191, Exhibit 1 at GLC-00076156). Tech Pharmacy may question Walker about the information provided by Alixa and receive such information. Walker's use of "but not limited to" allows Tech Pharmacy to ask questions about whether Walker conversed with any other Defendant or Mr. Silva about the same subject matter that the Opinion Letter purports to analyze.

### *Work–Product Privilege*[1]

The work–product waiver is even narrower than the attorney–client privilege waiver. *EchoStar*, 448 F.3d at 1302. The Federal Circuit stated "documents analyzing the law, facts, trial strategy, and so forth that reflect the attorney's mental impressions but were not given to the client" are not discoverable. *Id.* at 1303. The court determined, "It is what the alleged infringer knew or believed, and by contradistinction not what other items counsel may have prepared but did not communicate to the client, that informs the court of an infringer's willfulness." *Id.* In arriving at this conclusion, the court commented, "By asserting the advice-of-counsel defense to a charge of willful infringement, the accused infringer and his or her attorney do not give their opponent unfettered discretion to rummage through all of their files and pillage all of their litigation strategies." *Id.*

---

[1] In its reply brief, Tech Pharmacy asserts the Opinion Letter should not be subject to work–product privilege. Tech Pharmacy argues the Opinion Letter was not prepared in anticipation of litigation (Dkt. #213 at pp. 2–3). In contrast to the attorney–client privilege, the work–product doctrine, or work–product immunity as it is also called, can protect "documents and tangible things" prepared in anticipation of litigation that are both non-privileged and relevant. Fed. R. Civ. P. 26(b)(3). Tech Pharmacy raised this argument for the first time in its reply. Consequently, the Court will not consider it. *Z-Tel Commc'ns, Inc. v. SBC Commc'ns, Inc.*, 331 F. Supp. 2d 513, 539 (E.D. Tex. 2004) ("It is a basic tenet of civil procedure that reply briefing may only respond to the allegations raised in the nonmovant's response.").

Tech Pharmacy asked Walker whether he searched or told Defendants that he searched for other patents or patent applications as part of rendering his opinion (Dkt. #191 at p. 7). Walker refused answer at defense counsel's instruction. Tech Pharmacy then asked whether Walker was aware of any other Tech Pharmacy patents or patent applications besides the '019 Patent and the '004 Patent (Dkt. #191 at p. 7). Walker again refused to answer. Tech Pharmacy argues Walker's answer to these questions are relevant to Defendants' state of mind regarding their alleged infringement of Tech Pharmacy's patents.

The Court finds that some of Tech Pharmacy's questioning exceeds Defendants' waiver of both attorney–client privilege and work–product privilege. The Opinion Letter does not indicate that Walker searched for other patents or patent applications or that he communicated such searches to Defendants. Thus, questions that seek information Walker considered in forming his Opinion Letter, which he did not disclose to Defendants, remains protected by work–product privilege. Such questions do not relate to what Defendants knew or believed at the time of the alleged infringement.

As stated previously, waiver of attorney–client privilege does not extend to other patents or alternative infringement opinions not addressed in the Opinion Letter. *Autobytel*, 455 F. Supp. 2d at 575. However, the Opinion Letter specifically references the '004 Patent two times, noting that the file history of the '004 Patent was considered (Dkt. # 191, Exhibit 1 at GLC-00076156–57). The Opinion Letter's mention of the '004 Patent brings it into scope and subject matter of the opinion. Tech Pharmacy was entitled to question Walker about his analysis of the '004 Patent as it related to the '019 Patent and the creation of the Opinion Letter. Any question about Walker's general opinion of the '004 Patent and infringement is covered by work–product privilege.

Defendants also instructed Walker not to answer questions about validity and enforceability of the patents mentioned in the Opinion Letter. The Court finds that Walker's opinion is limited to the subject of non-infringement of the '019 Patent. The fact that the Opinion Letter was titled "Opinion Regarding Validity, Scope, and Enforceability of U.S. Patent No. 7,698,019" does not itself increase the scope of Walker's opinion. Tech Pharmacy has not shown any section of the Opinion Letter in which Walker opines about validity and enforceability (Dkt. #191, Exhibit D at 224:7–13). Questions about Walker's mental impressions regarding validity and enforceability of the '019 Patent are outside the scope of the Opinion Letter, are uncommunicated work–product, and remain privileged. *See Autobytel*, 455 F. Supp. 2d at 575 ("The Court is not persuaded that *EchoStar* mandates waiver as to unenforceability, validity, and non-infringement when an advice-of-counsel defense of non-infringement only is asserted.").

### *Sanctions*

Tech Pharmacy asks the Court to issue sanctions against Defendants to remedy Defendants' intentional bad faith misconduct during the February 13, 2017 deposition. Tech Pharmacy asks that the Court to prohibit Defendants from offering Walker at trial or providing counter-designators in opposition to a dispositive motion and grant an adverse inference for those questions Walker wrongfully refused to answer on Defendants' counsel's wrongful advice. In addition, Tech Pharmacy asks for reasonably attorneys' fees and costs associated with this motion and the expense of conducting the first deposition and any other tasks Tech Pharmacy may need to undertake to remediate Defendants' misconduct. Lastly, Tech Pharmacy asks the Court to order Defendants to produce Walker's notes that first appeared on any privilege log six weeks after they were supposed to have been identified, so the Court can determine whether the

documents contained non-privileged information to which Tech Pharmacy is entitled (Dkt. #191 at p. 14).

The Court retains the right to sanction "a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). To impose sanctions against a party, a court must make a specific finding that the party acted in bad faith. *Toon v. Wackenhut Corr. Corp.*, 250 F.3d 950, 952 (5th Cir. 2001) (citing *Goldin v. Bartholow*, 166 F.3d 710, 722 (5th Cir. 1999)). Here, the actions of defense counsel during Walker's deposition impeded the judicial process. Under the advice-of-counsel defense, Defendants waived assertions of attorney–client privilege and work–product privilege related to the subject matter of the Opinion Letter. Defense counsel prevented Tech Pharmacy from receiving responses of which it was entitled. Despite defense counsel's improper objections, the Court does not find them to be in bad faith. Thus, absent a showing of bad faith, sanctions are unwarranted.

As a remedy for Defendants' conduct, the Court will allow Tech Pharmacy to conduct another deposition of Walker at the expense of Defendants. The parties are encouraged to confirm a date for Walker's second deposition in a timely manner, considering the closeness of trial.

## CONCLUSION

Accordingly, it is therefore **ORDERED** that Tech Pharmacy Motion for Relief Arising from Discovery Abuses Under Federal Rules of Civil Procedure 30(d)(2) (Dkt. #191) is **GRANTED IN PART** and **DENIED IN PART**.

**SIGNED this 11th day of August, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE