# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| TECH PHARMACY SERVICES, LLC | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:15-CV-766 |
| ALIXA RX LLC, GOLDEN GATE | § | Judge Mazzant |
| NATIONAL SENIOR CARE LLC d/b/a | § | |
| GOLDEN LIVINGCENTERS, FILLMORE | § | |
| CAPITAL PARTNERS, LLC, FILLMORE | § | |
| STRATEGIC INVESTORS, LLC, and | § | |
| FILLMORE STRATEGIC | § | |
| MANAGEMENT, LLC | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Tech Pharmacy Services, LLC's ("Tech Pharmacy") Motion to Compel Defendants to Produce Improperly Clawed-Back Documents Previously Produced by a Non-Party (Dkt. #192). After reviewing the relevant pleadings, the Court denies Tech Pharmacy's motion.

## BACKGROUND

Phil Anthony ("Anthony") and his company, Design Integrity, contracted with Alixa Rx LLC ("Alixa") to provide product design services related to a feature of Alixa's automated pharmaceutical dispensing product. On October 10, 2016, Tech Pharmacy subpoenaed Design Integrity and requested the production of certain documents. On December 13, 2016, Design Integrity compiled with Tech Pharmacy's subpoena pursuant to a court's order (Dkt. #192, Exhibit 3). Along with many other documents, Design Integrity produced Tech Pharmacy two emails (Bates Numbers DI 108563–108565) and attachments (Bates Numbers DI 108566–108586) (collectively, the "Disputed Documents") from October 2012. Specifically, the Disputed Documents are (1) email communications between co-inventors and David Walker

("Walker"), who Alixa retained to prosecute an unrelated patent application of which Anthony was a co-inventor; and (2) a draft patent application that included Anthony's comments. As part of his contract with Alixa, Anthony assigned his patent rights to Alixa and agreed to confidentiality.

On February 1, 2017, Tech Pharmacy took the deposition of Mr. Huan Nguyen. Alixa hired Mr. Nguyen to lead their team in developing the allegedly infringing remote packaging and dispensing technology. While working for Alixa, Mr. Nguyen worked closely with Design Integrity to develop technical elements of Alixa's technology. During Mr. Nguyen's deposition, Tech Pharmacy asked about one of the Disputed Documents. In response, counsel for Defendants, who were representing Mr. Nguyen, instructed him to not to answer and indicated he was going to claw back the document in question.

On February 6, 2017, Defendants formally notified Tech Pharmacy of their desire to claw back the Disputed Documents, asserting attorney–client privilege and common interest privilege. On March 15, 2017, Tech Pharmacy filed the present motion to compel (Dkt. #192). On March 24, 2017, Defendants filed a response (Dkt. #206). On March 29, 2017, Tech Pharmacy filed a reply (Dkt. #212). On April 3, 2017, Defendants filed a sur-reply (Dkt. #223).

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevance, for the purposes of Rule 26(b)(1), is when the request is reasonably calculated to lead to the discovery of admissible evidence. *Id.*; *Crosby v. La. Health & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). It is well-established that "control of discovery is committed to the sound discretion of the trial court." *Freeman v. United States*, 556 F.3d 326,

341 (5th Cir. 2009) (quoting *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987)).

Rule 37 of the Federal Rules of Civil Procedure allows a discovering party, on notice to other parties and all affected persons, to "move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence. *Exp. Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006). Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive and thus should not be permitted. *Id.*

## ANALYSIS

### *Choice of Law*

The parties dispute what law controls the Court's analysis of the Disputed Documents and Defendants' assertion of attorney–client privilege. Tech Pharmacy contends the Court should apply Fifth Circuit law, while Defendants argue Federal Circuit law applies.

Courts apply regional circuit law to procedural questions that are not themselves substantive patent law issues, so long as they do not: (1) pertain to patent law; (2) bear an essential relationship to matters committed to the Federal Circuit's exclusive control by statute; or (3) clearly implicate the jurisprudential responsibilities of the Federal Circuit in a field within its exclusive jurisdiction. *GFI, Inc. v. Franklin Corp.*, 265 F.3d 1268, 1272 (Fed. Cir. 2001); *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 803 (Fed. Cir. 2000). For procedural matters that are not unique to patent issues, the perceived law of the regional circuit applies. *In re Regents of Univ. of Cal.*, 101 F.3d 1386, 1390 n.2 (Fed. Cir. 1996).

Defendants rely on the holding in *In re Spalding* to support its argument that Federal Circuit law applies to the privilege issues presented (Dkt. #206 at pp. 4–5). The Federal Circuit in *In re Spalding* held that determining the applicability of the attorney–client privilege to an invention record "clearly implicates, at the very least, the substantive patent issue of inequitable conduct." 203 F.3d at 803. Defendants contend the Disputed Documents constitute the invention record for the allegedly infringed patent, and therefore the documents implicate substantive patent law (Dkt. #206 at p. 5). However, the *In re Spalding* holding is narrow. *Id.* at 800. The Federal Circuit applied its own law because the invention record implicated inequitable conduct, a specific substantive area of patent law. *Id.* at 803. Here, the parties do not dispute substantive areas of patent law like inequitable conduct. Instead, the parties dispute whether attorney–client privilege applies to communications between a company's attorney and a particular company employee. This issue constitutes a "procedural matter" that is "not unique to patent issues." *In re Regents*, 101 F.3d at 1390 n.2. Accordingly, the Court will apply Fifth Circuit law in determining whether the Disputed Documents are privileged.

Fifth Circuit law also applies to Defendants' assertion of waiver. According to the Federal Circuit, courts apply regional circuit law to issues regarding "waiver by disclosure of privileged material." *GFI*, 265 F.3d at 1272.

*Attorney–Client Privilege*

As the party asserting attorney–client privilege, Defendants must prove: (1) Anthony made a *confidential* communication; (2) to a lawyer, Walker; (3) for the primary purpose of securing either a legal opinion or legal services, or assistance in some legal proceeding. *United States v. Robinson*, 121 F.3d 971, 974 (5th Cir. 1997) (emphasis in original). Similarly,

4

Defendants bear the burden of demonstrating applicability of the privilege, including that waiver did not occur. *In re Santa Fe Int'l*, 272 F.3d 705, 710 (5th Cir. 2001).

The Court is unconvinced Walker was Anthony's attorney. Alixa employed Anthony and his company, Design Integrity, to provide product design services for a feature of Alixa's automated pharmaceutical dispensing machine. As part of his employment, Anthony agreed to assign his rights to any Alixa-related invention to Alixa. Alixa retained Walker to facilitate prosecution of a patent Anthony co-invented. Anthony's assignment agreement required him assist Alixa and Walker in obtaining patent protection. Particularly, Anthony was required to communicate with Walker and execute whatever papers necessary for Walker to prosecute a patent application on behalf of Alixa (Dkt. #192, Exhibit 11 at p. 1). The Disputed Documents fall squarely within Anthony's obligations under the assignment agreement. Defendants have not demonstrated that Anthony sought or received legal advice from Walker in his individual capacity, independent of Alixa's prosecution of a patent he co-invented and the assignment agreement. Thus, no attorney–client relationship existed between Anthony and Walker, and absent such a relationship, attorney–client privilege does not attached.

Although Anthony and Walker were not in an attorney–client relationship, the Disputed Documents are still covered under attorney–client privilege. However, the privilege derives from Alixa and not Anthony. The Supreme Court in *Upjohn Co. v. United States*, 449 U.S. 383 (1981), is instructive on this point. In *Upjohn*, a corporation's inside counsel questioned its lower-level employees to determine whether the company made bribes or other illegal payments and to advise the company accordingly. *Id.* at 386–87. The Supreme Court held that attorney–client privilege covered employee communications that were "within the scope of the

5

employee's corporate duties, and the employees themselves were sufficiently aware that they were being questioned in order that the corporation could obtain legal advice." *Id.* at 394–95.

Here, it is undisputed that attorney–client privilege attached to communication between Alixa and Walker. It is further undisputed that Anthony was an employee or contractor for Alixa when Anthony transmitted the Disputed Documents to Walker in October 2012. Following an in camera review of the Disputed Documents, the Court finds the documents meet the requirements set forth in *Upjohn*. For example, the Disputed Documents constitute: (1) communications between Anthony and Walker on matters pertinent to Anthony's duties to Alixa under the assignment agreement; and (2) information that Walker could use to obtain patent protection for Alixa. Since attorney–client privilege covered Alixa, the same privilege extends to Anthony's communications with Walker. Accordingly, the Court holds the Disputed Documents are privileged.

Because the Court found the Disputed Documents privileged under attorney–client privilege, the Court does not address Defendants' common interest doctrine argument.

### *Inadvertent Disclosure and Waiver*

Tech Pharmacy asserts that any privilege was waived by Anthony's disclosure of the Disputed Documents to Design Integrity, a non-party. Defendants claim Anthony inadvertently disclosed the Disputed Documents by using his Design Integrity email address when communicating with Walker. Defendants argue that this error does not demonstrate that others at Design Integrity had access to the Disputed Documents.

An inadvertent disclosure does not operate as a waiver if: "(1) the disclosure was inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error." Fed. R. Evid.

502(b).  Here, Alixa is the holder of the privilege as a client of Walker.  It is clear to the Court that neither Anthony nor Defendants intended to waive attorney–client privilege by disclosing the Disputed Documents.  During Mr. Nguyen's deposition, Defendants learned of the inadvertently produced documents.  Five days later, Defendants formally clawed back the Disputed Documents and asserted privilege.  As such, Defendants timely sought protection of the inadvertently produced documents.  Thus, after applying the above factors to the Disputed Documents, the Court does not find that Defendants or Anthony waived privilege.

Alternatively, Defendants argue the disclosure was still shielded by a confidentiality agreement between Design Integrity and Alixa.  The Court does not reach this argument after finding no waiver of privilege.

## CONCLUSION

Accordingly, it is therefore **ORDERED** that is Tech Pharmacy Services, LLC's Motion to Compel Defendants to Produce Improperly Clawed-Back Documents Previously Produced by a Non-Party (Dkt. #192) is **DENIED**.

**SIGNED** this 16th day of August, 2017.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE