IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| Tech Pharmacy Services, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:15-CV-00766-ALM |
| | § | |
| Alixa Rx LLC, Golden Gate National | § | JURY TRIAL |
| Senior Care LLC d/b/a Golden Living | § | |
| Centers, and Fillmore Capital Partners | § | |
| LLC, | § | |
| | § | |
| Defendants. | § | |
| | § | |

---

## TECH PHARMACY'S MOTION FOR ATTORNEYS' FEES

# TABLE OF CONTENTS

Page

I.   THE COURT SHOULD DETERMINE ATTORNEYS' FEES ........................................ 1

   A.  Tech Pharmacy is entitled to its attorneys' fees for its breach of contract claim. ........ 1

   B.  Federal law requires the Court to determine Tech Pharmacy's attorneys' fees. .......... 1

      1.   Rule 54(d) is not permissive. .................................................................... 2

      2.   The 2009 NDA requires the Court to determine attorneys' fees. ...................... 2

      3.   The Texas attorneys' fees statute does not require Jury submission. ................. 4

   C.  The Court should determine attorneys' fees. .............................................................. 5

II.  THE AMOUNT OF FEES ..................................................................................... 5

   A.  Lodestar calculation ............................................................................................. 6

      1.   Lodestar step 1: Compensable hours ............................................................ 6

      2.   Lodestar step 2: Reasonable hourly rates..................................................... 9

      3.   Total reasonable and necessary fees ............................................................ 13

      4.   Post-trial and appellate fees ...................................................................... 14

   B.  Adjustment based on *Johnson* factors...................................................................... 14

III. CONCLUSION ...................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**..............................................................................................................**Page(s)**

*Allen v. U.S. Steel Corp.*,
  665 F.2d 689 (5th Cir. 1982) ...........................................................................10

*Bass Drilling, Inc. v. Eaves*,
  9:09-CV-187-TH, 2010 WL 11530857 (E.D. Tex. Mar. 12, 2010) ..................5, 7, 9

*Bear Ranch, LLC v. Heartbrand Beef, Inc.*,
  No. 6:12-cv-14, 2016 WL 1588312 (S.D. Tex. Apr. 20, 2016) (Costa, J.,
  sitting by designation) ......................................................................................8

*Caldera Properties-Lewes/Rehoboth VII, LLC v. Ridings Dev., LLC*,
  CIV.A. 07C-12-002THG, 2008 WL 3323926 (Del. Super. Ct. June 19, 2008) ......................4

*Centurytel of Chatham, LLC v. Sprint Communications Co. LP*,
  CV 09-1951, 2016 WL 4005965 (W.D. La. July 25, 2016) ....................................11

*Chrapliwy v. Uniroyal, Inc.*,
  670 F.2d 760 (7th Cir. 1982) ........................................................................11, 12

*In re Cmty. Home Fin. Servs., Inc.*,
  12-01703-NPO1, 2017 WL 1753224 (Bankr. S.D. Miss. May 3, 2017) ................10

*Coe v. Chesapeake Expl., LLC*,
  2:09-CV-290-TJW, 2011 WL 4356728 (E.D. Tex. Sept. 15, 2011)....................6, 9

*Colony Nat'l Ins. Co. v. United Fire & Cas. Co.*,
  5:14CV10-JRG-CMC, 2016 WL 3896832 (E.D. Tex. Apr. 14, 2016)...................13

*Dickey's Barbecue Pit, Inc. v. Neighbors*,
  4:14-CV-484, 2016 WL 3653517 (E.D. Tex. Jan. 9, 2016) ...........................13, 14

*Feld Motor Sports, Inc. v. Traxxas, LP*,
  4:14-CV-543, 2016 WL 2758183 (E.D. Tex. May 12, 2016) (Mazzant, J.) ......................9, 14

*Halo Elecs., Inc. v. Pulse Eng'g, Inc.*,
  No. 2:07-cv-00331-APG (Oct. 24, 2016), ECF 608-1.........................................12

*Heliflight, Inc. v. Bell/Agusta Aerospace Co. LLC*,
  4:06-CV-425-A, 2007 WL 4373259 (N.D. Tex. Dec. 12, 2007).............................5

*Hovanec v. Midwest Underground, Inc.*,
  4:14-CV-409, 2015 WL 4082863 (E.D. Tex. June 23, 2015) (Mazzant, J.) ...........................2

*Jeanbaptiste v. Wells Fargo Bank, N.A.*,
  3:14-CV-0264-K, 2014 WL 6790737 (N.D. Tex. Dec. 1, 2014)...............................3

*League of United Latin Am. Citizens No. 4552 (LULAC) v. Roscoe Indep. Sch.
  Dist.*,
  119 F.3d 1228 (5th Cir. 1997) ...........................................................................10

*Long v. Griffin*,
  442 S.W.3d 253 (Tex. 2014)................................................................................5

*M2 Tech., Inc. v. M2 Software, Inc.*,
  4:12-CV-458, 2017 WL 1197118 (E.D. Tex. Mar. 30, 2017) ................................10

*Mathis v. Exxon Corp.*,
  302 F.3d 448 (5th Cir. 2002) ..............................................................................13

*McClain v. Lufkin Indus., Inc.*,
  649 F.3d 374 (5th Cir. 2011) ..........................................................................11, 12

*Mid–Continent Cas. Co. v. Chevron Pipe Line Co.*,
  205 F.3d 222 (5th Cir. 2000) ..............................................................................13

*Navigant Consulting, Inc. v. Wilkinson*,
  No. 3:02-CV-2186-B ECF, 2008 WL 2765334 (N.D. Tex. July 16, 2008) ............8

*Perdue v. Kenny A. ex rel. Winn*,
  559 U.S. 542 (2010) ...........................................................................................14

*Rappaport v. State Farm Lloyds*,
  275 F.3d 1079 (5th Cir. 2001) ..............................................................................6

*Resolution Tr. Corp. v. Marshall*,
  919 F.3d 274 (5th Cir. 1991) (per curiam)............................................................4

*Resolution Tr. Corp. v. Tassos*,
  764 F. Supp. 442 (S.D. Tex. 1990) .......................................................................5

*Richardson v. Wells Fargo Bank, N.A.*,
  740 F.3d 1035 (5th Cir. 2014) ...........................................................................2, 4

*Rodriguez v. Quicken Loans, Inc.*,
  4:16-CV-1008, 2017 WL 2800145 (S.D. Tex. June 28, 2017)................................3

*Rutherford v. Harris County, Tex.*,
  197 F.3d 173 (5th Cir. 1999) ................................................................................5

*Sierra Club v. Energy Future Holdings Corp.*,
  W-12-CV-108, 2014 WL 12690022 (W.D. Tex. Aug. 29, 2014)...........................12

*Simler v. Conner*,
  372 U.S. 221 (1963) (per curiam) ...........................................................................4

*Smith v. Patrick W.Y. Tam Tr.*,
  296 S.W.3d 545 (Tex. 2009) .....................................................................................4

*Stewart Title Guar. Co. v. Sterling*,
  822 S.W.2d 1 (Tex. 1991) ........................................................................................7

*Structural Metals, Inc. v. S & C Elec. Co.*,
  590 F. App'x 298 (5th Cir.2014) .............................................................................5

*Symetra Life Ins. Co. v. Rapid Settlements, Ltd.*,
  CIV.A. H-05-3167, 2015 WL 6739022 (S.D. Tex. Nov. 4, 2015 ...........................8

*Taurus IP, LLC v. DaimlerChrysler Corp.*,
  726 F.3d 1306 (Fed. Cir. 2013) ...............................................................................3

*Tony Gullo Motors I, L.P. v. Chapa*,
  212 S.W.3d 299 (Tex. 2006) .................................................................................7, 8

**Statutes**

Civ. Prac. & Rem. Code § 38.004 .................................................................................5

Lanham Act ..................................................................................................................13

Tex. Civ. Prac. & Rem. Code § 38.001(8) ....................................................................1

Texas Civil Practice and Remedies Code Section 38.001 .................................1, 4, 5, 13

In anticipation of the Court's judgment on the Jury verdict in favor of Tech Pharmacy, Tech Pharmacy brings this motion for an award of its reasonable attorneys' fees incurred for services necessary to vindicate its rights at trial.   Tech Pharmacy requests the Court award it reasonable attorneys' fees in the amount of $7,304,454.15.

## I.      THE COURT SHOULD DETERMINE ATTORNEYS' FEES

### A.  Tech Pharmacy  is entitled to its attorneys' fees for its breach of contract claim.

Tech Pharmacy sued Defendants for improperly obtaining, disclosing, and using Tech Pharmacy's confidential information to form a competing remote packaging and dispensing pharmacy business.   The Jury rendered a verdict in favor of Tech Pharmacy on its breach of contract claim.   Dkt. 376 at 2.

Both Texas law and the contract itself entitle Tech Pharmacy to its reasonable attorneys' fees.   Section 38.001 of the Texas Civil Practice and Remedies Code provides that a Plaintiff "may recover reasonable attorney's fees . . . if the claim is for . . . an oral or written contract." Tex. Civ. Prac. & Rem. Code § 38.001(8).   Here, the 2009 NDA provides that "[i]f any action at law or in equity . . . is brought to enforce or interpret the provisions of this Agreement, the prevailing party shall be entitled to recover costs of court and reasonable attorneys' fees from the other party[.]"  PX115 at §10.   Because Tech Pharmacy prevailed on its breach of contract claim, it is entitled  to reasonable attorneys' fees under both of these provisions.

### B.  Federal law requires the Court to determine Tech Pharmacy's  attorneys' fees.

The Court submitted the amount of Tech Pharmacy's fees to the Jury based on Defendants' misrepresentation that they "have a jury right on fees."   Tr. Pretrial Hearing (8/21/17) at 208:13-210:15.   The Court later reminded Defendants that it "didn't want to submit"

- 1 -

fees to the Jury and "it's normal on a contract [case] for the Court to decide" fees.   Trial Tr. (9/15/17) at 154:9-155:23.   Tech Pharmacy shared the Court's skepticism about submitting the issue to the Jury and thus made an oral motion under Rule 54(d) to preserve its right to have the Court determine its reasonable attorneys' fees.   *Id.* at 164:22-165:13.   In response, the Court stated:

> I know that the Court did not want to submit the issue of attorneys' fees. The Court only did so at the representation of defense counsel saying that the Court had no choice but to do so.  . . . I am not sure that is correct at this stage.   So if the Court – if Defense is not correct on that point, then I'll treat [the fees verdict] just as an advisory opinion[.]

*Id.* at 165:18-166:3.   As shown below, Defendants were *not* "correct on that point"—the Court should determine Tech Pharmacy's reasonable attorneys' fees in accordance with federal law.

### 1.   Rule 54(d) is not permissive.

Rule 54(d) provides that "[a] claim for attorney's fees **must** be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages."  Fed. R. Civ. P.  54(d)(2)(A) (emphasis added).   This language is mandatory and the single exception it contains does not apply here.   *See Hovanec v. Midwest Underground, Inc.*, 4:14-CV-409, 2015 WL 4082863, at *1 (E.D. Tex. June 23, 2015) ("The Federal Rules of Civil Procedure **require** that claims for attorneys' fees be made by a Rule 54 motion.") (Mazzant, J.) (emphasis added). Tech Pharmacy is claiming attorneys' fees under the Texas fee-shifting statute and the contract on which Tech Pharmacy successfully sued, neither of which "requires those fees to be proved at trial as an element of damages."   Fed. R. Civ. P. 54(d)(2)(A).

### 2.   The 2009 NDA requires the Court to determine attorneys' fees.

"The language of the contract and the nature of the claim are the dispositive factors concerning whether the fees are an element of damages or collateral litigation costs."

2

*Richardson v. Wells Fargo Bank, N.A.*, 740 F.3d 1035, 1039 (5th Cir. 2014).  The 2009 NDA and Tech Pharmacy's breach of contract claim do not require Jury determination of Tech Pharmacy's attorneys' fees.   Accordingly, both factors establish that the Court, not the Jury, should determine the amount of Tech Pharmacy's attorneys' fees.

### a.  The language of the contract

Attorneys' fees are a Jury issue only when the contract "contemplates attorney's fees as compensation for an underlying harm[.]"   *Rodriguez v. Quicken Loans, Inc.*, 4:16-CV-1008, 2017 WL 2800145, at *6 (S.D. Tex. June 28, 2017).  That is not the case here.  The 2009 NDA states:

> 10.     **Court Costs and Attorneys' Fees.**  If any action at law or in equity . . . is brought to enforce or interpret the provisions of this Agreement, the prevailing party shall be entitled to recover costs of court and reasonable attorneys' fees from the other party, ***which fees shall be in addition to any other relief*** that may be awarded, and ***which fees may be set by the court*** in the trial of such action[.]

PX115 at §10 (emphases added).  As this passage makes clear, not only did the parties expressly agree that the Court could determine fees, they also contemplated that fees would be collateral to the damages in the action—not "as compensation for an underlying harm."   *See also Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306, 1343 (Fed. Cir. 2013) (noting the court can decide "post-trial recovery of traditional attorney fees" as distinguished from "attorney fees used *as a measure of damages* for, for example, a breach of contract") (emphasis added); *see also Jeanbaptiste v. Wells Fargo Bank, N.A.*, 3:14-CV-0264-K, 2014 WL 6790737, at *5 (N.D. Tex. Dec. 1, 2014) (allowing Rule 54(d) motion for fees even when the contractual provision added the attorneys' fees to the amount of debt under the contract).

3

### b.  The nature of the claim

Second, the nature of Tech Pharmacy's claim also establishes that the Court should determine attorneys' fees.   Attorneys' fees do not form part of the harm that Tech Pharmacy suffered as a result of Defendants' breach of contract.   Rather, "Texas courts 'have long distinguished attorney's fees from damages.'"   *Richardson*, 740 F.3d at 1037 (5th Cir. 2014) (quoting *In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168, 172 (Tex. 2013)).

### 3.  The Texas attorneys' fees statute does not require Jury submission.

In addition to the fee-shifting provision of the 2009 NDA, Tech Pharmacy is also entitled to attorneys' fees for its breach of contract claim under Texas Civil Practice and Remedies Code § 38.001.[1]   Federal law requires the Court to determine fees under the Texas statute, even if Texas courts sometimes submit attorneys' fees determinations to the Jury.   *See Smith v. Patrick W.Y. Tam Tr.*, 296 S.W.3d 545, 547 (Tex. 2009).   Even though "the substantive dimension of the claim asserted finds its source in state law, []the characterization of that state-created claim as legal or equitable for purposes of whether a right to jury trial is indicated must be made by recourse to federal law."   *Simler v. Conner*, 372 U.S. 221, 222 (1963) (per curiam).   "Since there is no common law right to recover attorneys fees, the Seventh Amendment does not guarantee a trial by jury to determine the amount of reasonable attorneys fees."   *Resolution Tr. Corp. v. Marshall*, 919 F.3d 274, 279 (5th Cir. 1991) (per curiam) (holding that the district judge can act as the trier of fact in determining fees in Texas contract action).   The Texas statute and Texas rules of decision thus cannot bind this Court to a Jury's determination of attorneys' fees.

---

[1] The 2009 NDA contains a Delaware choice of law provision.  However, Defendants relied on Texas law for a purported right to a Jury trial to determine attorneys' fees.  Tr. Pretrial Hearing (8/21/17) at 208:13-209:2.  Defendants are estopped from asserting otherwise now.  *See Estel v. Bigelow Mgmt., Inc.*, 323 B.R. 918, 922 (E.D. Tex. 2005).  In any event, Delaware law allows a party to recover attorneys' fees when a contract so provides.  *See, e.g.*, *Caldera Properties-Lewes/Rehoboth VII, LLC v. Ridings Dev., LLC*, CIV.A. 07C-12-002THG, 2008 WL 3323926, at *15 (Del. Super. Ct. June 19, 2008).

4

### C.  The Court should determine attorneys' fees.

No right to a Jury trial on fees exists under the contract on which Tech Pharmacy is suing, and the Texas statute cannot compel this federal tribunal to disregard Rule 54.  The Court therefore must determine the amount of Tech Pharmacy's attorneys' fees.

## II.    THE AMOUNT OF FEES

"Once the court determines that a party is entitled to attorney's fees, it must calculate the appropriate amount to be awarded."  *Bass Drilling, Inc. v. Eaves*, 9:09-CV-187-TH, 2010 WL 11530857, at *2 (E.D. Tex. Mar. 12, 2010).  Determining the amount of fees is a two-step process.  First, the Court "calculate[s] a lodestar fee by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate."  *Rutherford v. Harris County, Tex.*, 197 F.3d 173, 192 (5th Cir. 1999).[2]  Second, the Court can then adjust the lodestar amount "upward or downward, depending on the circumstances of the case and after addressing the *Johnson* factors."  *Id.*  "A federal district court may fix attorneys' fees on the basis of affidavits and may even do so on its own experience without any testimony."  *Resolution Tr. Corp. v. Tassos*, 764 F. Supp. 442, 443 (S.D. Tex. 1990); *accord Heliflight, Inc. v. Bell/Agusta Aerospace Co. LLC*, 4:06-CV-425-A, 2007 WL 4373259, at *5 (N.D. Tex. Dec. 12, 2007) ("The Texas courts have recognized that, in evaluating an award of attorneys' fees, the judge can take into account his own experiences as a lawyer and judge."); *cf.* Tex. Civ. Prac. & Rem. Code § 38.004 ("The court may take judicial notice of the usual and customary attorney's fees and of the contents of the case file without receiving further evidence[.]").

---

[2] The Texas Supreme Court has endorsed the lodestar method to calculate attorneys' fees under Tex. Civ. Prac. & Rem. Code § 38.001.  *Long v. Griffin*, 442 S.W.3d 253, 255 (Tex. 2014); *see also Structural Metals, Inc. v. S & C Elec. Co.*, 590 F. App'x 298, 308 n.6 (5th Cir.2014).

5

Since the inception of litigation in this Court in late 2015 through September 20, 2017, Tech Pharmacy has incurred a total of $16,003,320.30 in fees and expenses.  Ex. 1 Expert Declaration of J. David Cabello, at ¶ 6.[3]  Subtracting out disbursements, the total fees for professional services that Tech Pharmacy incurred is $14,608,908.29.  *Id*. at ¶ 9.  Of these amounts, $13,985,939.79 was billed by Hogan Lovells, the law firm of lead counsel Maria Boyce, and $629,455.00 was billed by local counsel Potter Minton.  *Id*. at ¶ 9.

Tech Pharmacy requests an award of 50% of this amount, or a total of $7,304,454.15. This discount reflects Tech Pharmacy's reasonable segregation of its state-law claims from its federal patent infringement cause of action.   This amount does not include fees to which Tech Pharmacy is entitled for post-trial and appellate work.   As explained below, the amount of fees requested is reasonable for the professional services necessary to prosecute this action.

### A. Lodestar calculation

"To calculate the total fee award, the district court must determine the reasonable number of hours expended and the reasonable hourly rate for each participating attorney.  The product of these is frequently labeled the 'lodestar' amount."  *Rappaport v. State Farm Lloyds*, 275 F.3d 1079 (5th Cir. 2001).

### 1. Lodestar step 1: Compensable hours

"The court's first step is to determine the compensable hours listed in the attorneys' time records."  *Coe v. Chesapeake Expl., LLC*, 2:09-CV-290-TJW, 2011 WL 4356728, at *6 (E.D. Tex. Sept. 15, 2011) (citing *Shipes v. Trinity Indus.*, 987 F.2d 311, 319 (5th Cir.1993)), *aff'd*, 695 F.3d 311 (5th Cir. 2012).  The total attorney hours expended on this case over a period of

---

[3] Redacted copies of Tech Pharmacy's invoices are attached as Exhibit B to Exhibit 2, Boyce Declaration.

almost 2 years is 29,103.7.[4]   Ex. 1, at Ex. G; *see also id.*, at Exs. E, F (broken out by attorney).

Because of the volume of billing records, the complexity of the case, and the significant

intertwining of legal issues, it is reasonable to conclude that 14,551.85 of these hours—half of

the total—are compensable.

### a. Intertwined claims need not be segregated.

As the Court recognized in its instructions to the advisory Jury, "when Tech Pharmacy's

legal services advance both its breach-of-contract claims and Tech Pharmacy's other claims such

that they are so intertwined, the fees need not be segregated."  Trial Tr. (9/15/17) at 159:10-13;

*see Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 313-14 (Tex. 2006)( "when discrete

legal services advance both a recoverable and unrecoverable claim" then those claims are

considered "so intertwined that they need not be segregated"); *see also Stewart Title Guar. Co. v.

Sterling*, 822 S.W.2d 1, 11 (Tex. 1991) (segregation not required when "the attorneys' fees

rendered are in connection with claims arising out of the same transaction and are so interrelated

that their 'prosecution or defense entails proof or denial of essentially the same facts.'") (quoting

*Flint & Assoc. v. Intercontinental Pipe & Steel, Inc.*, 739 S.W.2d 622, 624–25 (Tex. App.—

Dallas 1987, writ denied)).   As long as the "work on the non-recoverable claims 'tend[s] to

prove' the breach of contract claim," it is still recoverable.   *Navigant Consulting, Inc. v.

Wilkinson*, No. 3:02-CV-2186-B ECF, 2008 WL 2765334, at *6 (N.D. Tex. July 16, 2008).

### b. Much of the work in this case is inextricably intertwined with the breach of contract issues.

The claims and defenses in this case fall into two categories: federal patent issues and

state-law claims (including breach of contract) related to Defendants' abuse of their confidential

relationship with Tech Pharmacy.    The state-law claims—breach of contract, trade secrets

---

[4] This total excludes timekeepers with fewer than 15 hours billed.

misappropriation, and fraud—are entirely intertwined and inseparable.   In short, Tech Pharmacy

claimed that the Defendants inappropriately took and used its confidential information, including

trade secrets, and that it did so with fraudulent intent.   Although the jury only found for Tech

Pharmacy on one of its legal theories of recovery, the work necessary to tell the whole story was

inextricably intertwined and indivisible.   The elements of a trade secret misappropriation claim

required Tech Pharmacy to show that there was a "breach of a confidential relationship" and that

the Defendants "used the trade secret(s) without authorization."   Dkt. 373 at 9.   The breach of

contract claim required showing that a contractual relationship existed and that the Defendants

"breached the contract."   *Id.* at 16.   And the fraud claim based on the negotiations surrounding

the failed business deal and Tech Pharmacy's sharing of confidential information required Tech

Pharmacy to prove that the Defendants failed to disclose a "material fact within the Defendant's

knowledge."   *Id.* at 18.

All these claims share the same underlying issue: whether Defendants used Tech

Pharmacy's information for any unauthorized purpose—*i.e.*, any purpose not expressly allowed

by the 2009 NDA.

This significant overlap means that virtually all the work done in support of the trade

secrets misappropriation or fraud claims would have been undertaken in the absence of those

causes of action.   Most of the discovery on the state law claims would have been necessary even

if this had been exclusively a breach of contract action.   *See Bear Ranch, LLC v. Heartbrand*

*Beef, Inc.*, No. 6:12-cv-14, 2016 WL 1588312, at *4 (S.D. Tex. Apr. 20, 2016) (Costa, J., sitting

by designation).   In other words, the evidence and legal arguments that Tech Pharmacy pursued

were simultaneously advancing all three claims.   *See Navigant Consulting*, 2008 WL 2765334 at

*6. Since this work would "have been incurred on [the] recoverable claim alone," it was doing "double service" and is therefore recoverable. *Chapa*, 212 S.W.3d at 313.[5]

### c. Fifty percent is a reasonable estimate of compensable hours.

Work related to patent infringement and validity was also largely intertwined with the state-law claims and defenses. Although some of this work is discrete and could theoretically be segregated, doing so is impractical. Because of the difficulty in segregating with particularity— complicated by the sheer volume of billing records— the most reasonable approach is to divide the total hours exactly in half to account for the work dedicated exclusively to patent issues. This approach accords with the assessment of lead counsel for Tech Pharmacy that patent issues comprised approximately half of the work on the case. Ex. 2, Boyce Declaration; *see Symetra Life Ins. Co. v. Rapid Settlements, Ltd.*, CIV.A. H-05-3167, 2015 WL 6739022, at *4 (S.D. Tex. Nov. 4, 2015), appeal dismissed (Apr. 12, 2016) ("An applicant seeking fees for legal services for intertwined claims should estimate the percentage of the time spent that would have been necessary without the claims that did not support a fee award.").

Following this analysis, the total hours by type of timekeeper and law firm are as follows:

| | Hogan Lovells | | | | Potter Minton | | |
|---|---|---|---|---|---|---|---|
| | Partners | Associates | Staff | | Partners | Associates | Staff |
| Total Hours | 3,937.35 | 7,673.8 | 2,135.8 | | 320.45 | 188.6 | 295.85 |
| Law Firm Totals | 13,746.95 | | | | 804.9 | | |
| Both Firms | 14,551.85 | | | | | | |

*See* Ex. 1, Expert Declaration of J. David Cabello, at Ex. G (divided by half).[6]

### 2. Lodestar step 2: Reasonable hourly rates

---

[5] The Court is also entitled to rely on its "extensive first-hand observations" of "the interrelatedness of the claims at issue here." *See Navigant Consulting*, 2008 WL 2765334 at *6.

[6] Tech Pharmacy is willing to submit unredacted invoices *in camera* should the Court find that necessary or helpful. *See*, *e.g.*, *Louisiana Generating LLC v. Illinois Union Ins. Co.*, No. CV 10-516-JJB-SCR, 2016 WL 183488, at *3 (M.D. La. Jan. 14, 2016)("After an *in camera* review of the un-redacted invoices, and in reliance on the Court's intimate knowledge of the litigation process, the Court finds that the hours expended were reasonable.")

"Once the compensable time is determined, the court's second step is to select 'an appropriate hourly rate based on prevailing community standards for attorneys of similar experience in similar cases.'" *Coe*, 2011 WL 4356728, at \*2 (quoting *Shipes v. Trinity Indus.*, 987 F.2d 311, 319 (5th Cir.1993)).  "A reasonable hourly rate is one that is consistent with the 'prevailing market rates in the relevant community,' that is, what similarly skilled attorneys in the area would charge for similar work." *Feld Motor Sports, Inc. v. Traxxas, LP*, 4:14-CV-543, 2016 WL 2758183, at \*11 (E.D. Tex. May 12, 2016) (Mazzant, J.) (quoting *King v. JCS Enters., Inc.*, 325 F. Supp. 2d 162, 169 (E.D.N.Y. 2004)).  As with the determination of compensable hours, "the trial court may use its own expertise and judgment to independently assess the value of an attorney's services." *Bass Drilling, Inc. v. Eaves*, 9:09-CV-187-TH, 2010 WL 11530857, at \*4 (E.D. Tex. Mar. 12, 2010).

Tech Pharmacy's expert witness J. David Cabello analyzed the hourly rates of Tech Pharmacy's lawyers based on his extensive experience and his review of surveys of intellectual property lawyers in firms similar to those Tech Pharmacy employed.  He concluded that the following rates are reasonable for the following types of timekeeper at Tech Pharmacy's two law firms:

|  | Hogan Lovells | | |  | Potter Minton | | |
|---|---|---|---|---|---|---|---|
|  | Partners | Associates | Staff |  | Partners | Associates | Staff |
| Hourly Rate | $860.00 | $631.00 | $275.00 |  | $600.00 | $450.00 | $150.00 |

*See* Ex.1, Expert Declaration of J. David Cabello, at Ex. G.

Tech Pharmacy has also provided the Court with the rates that each of its attorneys actually billed.  Those rates are contained in Cabello Exhibits E and F, which also tabulate the total fees based on Tech Pharmacy's invoices.

10

The rates of Tech Pharmacy's lawyers are reasonable and consistent with the rates of similarly situated attorneys in other cases. *See, e.g.*, *In re Cmty. Home Fin. Servs., Inc.*, 12-01703-NPO1, 2017 WL 1753224, at \*15 (Bankr. S.D. Miss. May 3, 2017) (attorney's billing rate of \$750 per hour in Southern District of Mississippi litigation was "reasonable based on his specialized knowledge and experience"); *M2 Tech., Inc. v. M2 Software, Inc.*, 4:12-CV-458, 2017 WL 1197118, at \*2 (E.D. Tex. Mar. 30, 2017) (approving Chicago counsel's rate of \$670 per hour and local counsel's rate of \$450). Mr. Cabello provided his expert opinion that these fees—both per attorney and overall—are reasonable based on his experience and analysis of similar cases. Ex. 1 at ¶ 14-20.

Tech Pharmacy's invoices and litigation strategy also indicate sound "billing judgment." Tasks were assigned to the personnel who could handle them most efficiently—including to junior attorneys or paralegals whenever possible.[7] For example, third- and fourth-year associates conducted and defended depositions in addition to their research, drafting, and discovery tasks. Ex. 2, Boyce Declaration. Tech Pharmacy also extensively took advantage of local counsel's experience litigating in this Court. And Tech Pharmacy's counsel agreed to "lock in" billing rates as of the time an attorney entered the case, rather than increasing them annually, which is customary. Ex. 2, Boyce Declaration.

The fact that this case was tried in Sherman, Texas, does not undermine the reasonableness of the hourly rates of Tech Pharmacy's attorneys. When a party claiming fees shows the "necessity of [] turning to out-of-district counsel," that counsel's "'home' rates should

---

[7] Paralegal and law clerk "fees may be awarded at market value if the prevailing practice in the relevant community is to bill these services directly to clients"). *League of United Latin Am. Citizens No. 4552 (LULAC) v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1235 (5th Cir. 1997). Their time is thus recoverable as part of Tech Pharmacy's attorneys' fees. *See Allen v. U.S. Steel Corp.*, 665 F.2d 689, 697 (5th Cir. 1982).

11

be considered as a starting point for calculating the lodestar amount." *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 382 (5th Cir. 2011); *accord Chrapliwy v. Uniroyal, Inc.*, 670 F.2d 760, 769 (7th Cir. 1982) ("If . . . a party does not find counsel readily available in that locality with whatever degree of skill may reasonably be required, it is reasonable that the party go elsewhere to find an attorney, and the court should make the allowance on the basis of the chosen attorney's billing rate[.]").

This case involved complex issues of intellectual property law (including patent and trade-secrets elements that overlapped significantly with Tech Pharmacy's contract claims), a factual record spanning a decade, and a number of novel legal issues. Ex. 2, Boyce Declaration; Ex. 1.   The sheer magnitude of the case required the resources of a national law firm with experienced trial litigators in addition to excellent experienced local counsel. *See Centurytel of Chatham, LLC v. Sprint Communications Co. LP*, CV 09-1951, 2016 WL 4005965, at *9 (W.D. La. July 25, 2016) (allowing out-of-district rates in "a lengthy, complicated case which required the dedication of resources and man hours that could not be staffed by small firms in this area"). Because Tech Pharmacy "participate[s] in a market requiring more specialized and sophisticated legal services, which is national in scope . . .  securing out-of-district counsel was 'necessary to secure adequate representation.'" *Sierra Club v. Energy Future Holdings Corp.*, W-12-CV-108, 2014 WL 12690022, at *6 (W.D. Tex. Aug. 29, 2014) (quoting *McClain*, 649 F.3d at 383).

Further, "[t]he rates charged by the defendant's attorneys provide a useful guide to rates customarily charged in this type of case." *Chrapliwy*, 670 F.2d at 767-68  n.18 (7th Cir. 1982). Like Tech Pharmacy, Defendants employed both well regarded local counsel and national counsel from major metropolitan markets—in Defendants' case, four separate national and international law firms based in Boston, Philadelphia, and Chicago.   Indeed, the *Houston*

12

*Chronicle* reported in March of this year that Defendants' lead trial counsel, Mr. Melsheimer, commands a rate of $1,150 per hour—higher than the rate of any of Tech Pharmacy's attorneys.[8] *See also* Decl. in Support of Fee Appl., *Halo Elecs., Inc. v. Pulse Eng'g, Inc.*, No. 2:07-cv-00331-APG (Oct. 24, 2016), ECF 608-1 (requesting $995 per hour for Mr. Melsheimer one year ago). "[W]hen the defendant has hired expensive, out of town counsel, the plaintiffs seem justified in saying that the nature of the case required the skills of out of town specialists." *McClain*, 649 F.3d at 388 (5th Cir. 2011) (Dennis, J., concurring) (quoting *Chrapliwy*, 670 F.2d at 768 n.18).

For these reasons, the Court should use the rates Tech Pharmacy's attorneys actually charged in its lodestar calculation in calculating the fee award to which Tech Pharmacy is entitled.

### 3.  Total reasonable and necessary attorneys' fees

The total reasonable and necessary attorneys' fees as an outcome of the **lodestar method** are as follows:

| | Hogan Lovells | | | | Potter Minton | | |
|---|---|---|---|---|---|---|---|
| | Partners | Associates | Staff | | Partners | Associates | Staff |
| Hours | 3,937.35 | 7,673.8 | 2,135.8 | | 320.45 | 188.6 | 295.85 |
| Hourly Rate | $860.00 | $631.00 | $275.00 | | $600.00 | $450.00 | $150.00 |
| Lodestar | $3,386,121.00 | $4,842,167.80 | $587,345.00 | | $192,270.00 | $84,870.00 | $44,377.50 |
| Lodestar Firm | $8,815,633.80 | | | | $321,517.50 | | |
| **Lodestar Total** | $9,137,151.30 | | | | | | |

Using Tech Pharmacy's **actual by-attorney billing records** and dividing the number in half, the total is $7,307,697.39.   That is, the amount of Tech Pharmacy's actual by-attorney billing records is lower than the lodestar calculation.

---

[8] *See* Mark Curriden, *Texas Legal Rates Soar as National Firms Rush In*, Houston Chronicle, Mar. 24, 2017, available at http://www.houstonchronicle.com/business/article/Texas-legal-rates-soar-as-national-firms-rush-in-11025525.php  (last visited  October 26, 2017).

### 4.  Post-trial and appellate attorneys' fees

The forgoing amounts do not include fees for post-trial or appellate work that Tech Pharmacy incurs in defending its success at trial.  Tech Pharmacy is entitled to these fees under the contract and under § 38.001 and reserves the right to request them at the appropriate time.

### B.  Adjustment based on *Johnson* factors

Once the Court has determined the lodestar amount, it then considers whether to modify the amount based on consideration of the *Johnson* factors.[9]  This Court has previously explained how the *Johnson* factors relate to the lodestar analysis:

> The lodestar amount is presumptively reasonable and should only be adjusted in exceptional circumstances based on the following *Johnson* factors: (1) the time and labor required for litigation; (2) the novelty and complexity of the issues; (3) the skill required to properly litigate the issues; (4) whether the attorneys had to refuse other work to litigate the case; (5) the attorneys' customary fee; (6) whether the fee was fixed or contingent; (7) whether the client or case circumstances imposed any time constraints; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case was undesirable; (11) the type of attorney-client relationship and whether the relationship was longstanding; and (12) awards made in similar cases.

*Dickey's Barbecue Pit, Inc. v. Neighbors*, 4:14-CV-484, 2016 WL 3653517, at *2 (E.D. Tex. Jan. 9, 2016) (mixed state and federal cause of action).

As this Court has noted, many of the *Johnson* factors are already included in the lodestar calculation.  *See Feld Motor Sports, Inc. v. Traxxas*, LP, 4:14-CV-543, 2016 WL 2758183, at *4

---

[9] Because "State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision[,]" *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002), the Court technically should apply the *Arthur Andersen* factors rather than the *Johnson* factors.  These analyses are so similar that it does not matter which list the Court uses. *See Mid–Continent Cas. Co. v. Chevron Pipe Line Co.*, 205 F.3d 222, 232 (5th Cir. 2000).  And courts in this district often use the standard lodestar + *Johnson* factors analysis. *See, e.g., Dickey's Barbecue Pit, Inc. v. Neighbors*, 4:14-CV-484, 2016 WL 3653517, at *2 (E.D. Tex. Jan. 9, 2016) (applying the standard lodestar analysis in determining fees under both the Lanham Act and § 38.001); *Colony Nat'l Ins. Co. v. United Fire & Cas. Co.*, 5:14CV10-JRG-CMC, 2016 WL 3896832, at *3 (E.D. Tex. Apr. 14, 2016) (applying the *Johnson* factors and noting that they are substantially similar to the *Arthur Andersen* factors).

(E.D. Tex. May 12, 2016) (Mazzant, J.) ("The 'novelty and complexity of the issues,' 'the special skill and experience of counsel,' the 'quality of representation,' and the 'results obtained' from the litigation are presumably fully reflected in the lodestar amount.") (citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986), *supplemented*, 483 U.S. 711 (1987). Here, *Johnson* factors 1, 2, 3, 5, 9, and 12 are all subsumed into and validate the lodestar calculation, which uses rates on the higher side of the relevant surveys. For example, the litigation was time-intensive (factor 1), involved a number of overlapping and complex issues (factor 2) that required a higher degree of skill than many other intellectual property cases (factor 3), with which the caliber of Tech Pharmacy's attorneys is commensurate (factor 9).

Accordingly, the *Johnson* factors reinforce the reasonableness of the amount of Tech Pharmacy's fees.

## III.    CONCLUSION

For the foregoing reasons, the Court should award Tech Pharmacy its reasonable and necessary attorneys' fees in the amount of $7,304,454.15.

Dated: October 31, 2017

Respectfully  submitted,

*/s/ Maria Wyckoff Boyce*
Maria  Wyckoff  Boyce, Lead Attorney
Texas  SBN 22095050
maria.boyce@hoganlovells.com
Jeffrey  S. Whittle
Texas  SBN 24037813
jeffrey.whittle@hoganlovells.com
John A. Yates
Texas  SBN 24056569
jay.yates@hoganlovells.com
Cristina  Espinosa  Rodriguez
Texas  SBN 00793701
cristina.rodriguez@hoganlovells.com
**HOGAN LOVELLS US LLP**
609 Main Street, Suite  4200
Houston,  Texas  77002
T (713) 632-1400
F (713) 632-1401

Michael  E. Jones
Texas  SBN 10929400
mikejones@potterminton.com
**POTTER MINTON, P.C.**
110 North College,  Ste.  500
Tyler,  Texas  75702
T (903) 597-8311
F (903) 593-0846

**Counsel for Plaintiff**
**Tech Pharmacy  Services, LLC**

## CERTIFICATE  OF SERVICE

I hereby  certify  that  a copy  of the  foregoing  document  was  served  on counsel  of record
via the Court's  ECF filing  system  on October 31, 2017.

*/s/ Maria Wyckoff Boyce*
Maria  Wyckoff  Boyce