**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **Tech Pharmacy Services, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:15-CV-00766-ALM** |
| | § | |
| **Alixa Rx LLC, Golden Gate National Senior Care LLC d/b/a Golden Living Centers, and Fillmore Capital Partners LLC,** | § | **JURY TRIAL** |
| | § | |
| **Defendants.** | § | |
| | § | |

---

**TECH PHARMACY'S REPLY IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES**

---

**TABLE OF CONTENTS**

Page

I. The Court can and should decide attorneys' fees. ....................................................1

II. Tech Pharmacy's requested fees are reasonable and supported by the evidence. .........2

A. The redactions to Tech Pharmacy's invoices do not undermine its request........2

B. Tech Pharmacy's 50% request is reasonable and congruent with the evidence. .3

C. Defendants' proposed lodestar adjustments are unwarranted. ...........................5

III. The Court should grant Tech Pharmacy's fee request. ...............................................5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re A.B.P.*,
291 S.W.3d 91 (Tex. App.—Dallas 2009, no pet.) ................................................ 3

*Black v. SettlePou, P.C.*,
732 F.3d 492 (5th Cir. 2013) ................................................ 5

*Eagle Suspensions, v. Hellman Worldwide Logistics*,
3:12-CV-611-G, 2014 WL 1407582 (N.D. Tex. Feb. 11, 2014) ................................................ 3

*ExxonMobil Corp. v. Elec. Reliability Servs., Inc.*,
868 F.3d 408 (5th Cir. 2017) ................................................ 1

*Five Star Intern. Holdings Inc. v. Thomson, Inc.*,
324 S.W.3d 160 (Tex. App.—El Paso 2010, pet. denied) ................................................ 4

*Fralick v. Plumbers & Pipefitters Nat'l Pension Fund*,
3:09-CV-0752-D, 2011 WL 487754 (N.D. Tex. Feb. 11, 2011) ................................................ 3

*Intercontinental Group P'ship v. KB Home Lone Star L.P.*,
295 S.W.3d 650 (Tex. 2009) ................................................ 2

*Jefferson Cnty. v. Nguyen*,
09-13-00505-CV, 2015 WL 4597560 (Tex. App.—Beaumont July 31, 2015, no pet.) ................................................ 1

*Kona Tech. Corp. v. S. Pac. Transp. Co.*,
225 F.3d 595 (5th Cir. 2000) ................................................ 2

*La. Power & Light Co. v. Kellstrom*,
50 F.3d 319 (5th Cir. 1995) ................................................ 5

*Mesa Petroleum Co. v. Coniglio*,
629 F.2d 1022 (5th Cir. 1980) ................................................ 4

*Moore v. Raytheon Corp.*,
4:03-CV-016-A, 2004 WL 1283950 (N.D. Tex. June 10, 2004) ................................................ 4

*Norman v. Hous. Auth. of City of Montgomery*,
836 F.2d 1292 (11th Cir. 1988) ................................................ 4

*NSEW Holdings LLC v. Wells Fargo Bank, N.A.*,
4:15-CV-828, 2017 WL 1030313 (E.D. Tex. Mar. 17, 2017) (Mazzant, J.) ................................................ 4

*Pillsbury Winthrop Shaw Pittman LLP v. Brown Sims, P.C.*,
CIV. 4:09-MC-365, 2010 WL 56045 (S.D. Tex. Jan. 6, 2010)....................3

*Playboy Enters., Inc. v. Sanchez-Campuzano*,
CV M-01-226, 2012 WL 12877432 (S.D. Tex. Apr. 19, 2012), *aff'd*, 561 F. App'x 306 (5th Cir. 2013)....................2, 3

*Randolph v. Dimension Films*,
634 F. Supp. 2d 779 (S.D. Tex. 2009)....................2

*Richardson v. Wells Fargo Bank, N.A.*,
740 F.3d 1035 (5th Cir. 2014)....................1

*RM Crowe Prop. Servs. Co., L.P. v. Strategic Energy, L.L.C.*,
348 S.W.3d 444 (Tex. App.—Dallas 2011, no pet.)....................4

*Ropa Expl. Corp. v. Barash Energy, Ltd.*,
02-11-00258-CV, 2013 WL 2631164 (Tex. App.—Fort Worth June 13, 2013, pet. denied)....................4

*Seaberry v. Richeson Mgmt. Corp.*,
103 F.3d 125 (5th Cir. 1996)....................2

*Williams v. Best Temp. Servs., LLC*,
3:14-CV-484-D, 2015 WL 12763509 (N.D. Tex. Aug. 18, 2015)....................4

## I. THE COURT CAN AND SHOULD DECIDE ATTORNEYS' FEES.

Both the 2009 Confidentiality Agreement and Rule 54 entitle Tech Pharmacy to its reasonable attorneys' fees, and both require that the Court, not the Jury, should determine the proper amount of Tech Pharmacy's attorneys' fees. Tech Pharmacy's motion for attorneys' fees should be granted in full.

The sole exception to Rule 54(d)—applicable only cases in which "the substantive law requires those fees to be proved at trial as an element of damages," Fed. R. Civ. P. 54(d)(2)(A)—does not apply here. As the Fifth Circuit has explained, the fact that *some* contractual fees are damages does not mean "that fees sought under the terms of '*any* contract' or '*all* contracts' must be considered damages. Instead, attorney's fees provided by contract are an example of fees that *might* be recoverable as an element of damages." *Richardson v. Wells Fargo Bank, N.A.*, 740 F.3d 1035, 1039 (5th Cir. 2014) (original emphasis).[1]

Defendants do not—because they cannot—dispute that the 2009 Confidentiality Agreement considers attorneys' fees as collateral to the underlying action; rather, Defendants misinterpret the Agreement's syntax. The Agreement provides that "fees may be set by the court in the trial of such action or may be enforced in a separate action for that purpose." PX115 at §10. "May" in this context presents two alternatives: attorneys' fees are either "set by the court in the trial of such action," or they are "enforced in a separate action for that purpose." *Id*. Defendants' strained interpretation effectively reads this language out of the Agreement.

As for the Texas statute, the very case that Defendants cite for an alleged jury right noted that jury determination is *not* the procedure under federal law. *Jefferson Cnty. v. Nguyen*, 09-13-00505-CV, 2015 WL 4597560, at *24 (Tex. App.—Beaumont July 31, 2015, no pet.). This basic

[1] *See also ExxonMobil Corp. v. Elec. Reliability Servs., Inc.*, 868 F.3d 408, 422-23 (5th Cir. 2017) (noting the Texas Supreme Court was "clear that attorney's fees incurred in the prosecution or defense of a claim are simply not damages") (citing *In re Nalle Plastics Family Ltd. P'ship,* 406 S.W.3d 168, 172-73 (Tex. 2013)).

rule of decision is precisely why Defendants' procedural objections to recovery under §38.001 are meritless. *See Playboy Enters., Inc. v. Sanchez-Campuzano*, CV M-01-226, 2012 WL 12877432, at *3 (S.D. Tex. Apr. 19, 2012) (there is "no requirement that the pleading . . . identify § 38.001 as the basis for a fee award"), *aff'd*, 561 F. App'x 306 (5th Cir. 2013).[2]

Because the Jury's advisory verdict on fees bears no relationship to the evidence and is inconsistent with any reasonable lodestar calculation, the Court should conduct its own analysis and award Tech Pharmacy its reasonable fees in the amount of $7,304,454.15.

## II. TECH PHARMACY'S REQUESTED FEES ARE REASONABLE AND SUPPORTED BY THE EVIDENCE.

Defendants do not dispute that Tech Pharmacy is entitled to its attorneys' fees, in which case an award is mandatory.[3] Defendants, instead, propose a cascade of unwarranted and overlapping reductions that are not supported by the evidence.

### A. The redactions to Tech Pharmacy's invoices do not undermine its request.

Defendants incorrectly contend that the redactions to Tech Pharmacy's invoices doom its request for attorneys' fees. In fact, "[r]edaction of billing records is acceptable so long as the court has sufficient information to form an opinion on the reasonableness of the fees." *Randolph v. Dimension Films*, 634 F. Supp. 2d 779, 800 (S.D. Tex. 2009). The invoices in this case are simply one piece of evidence—alongside the declarations of trial counsel, expert testimony, supporting evidence, and the Court's first-hand observation of a hard-fought case, dozens of filed motions, including Defendants' numerous unsuccessful dispositive motions to which Tech Pharmacy

[2] That Tech Pharmacy included a submission on fees in its initial proposed jury instructions has no effect. Tech Pharmacy made its submission out of an abundance of caution and to avoid waiver, *see Intercontinental Group P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 659 (Tex. 2009), and in case the Court submitted the question to an advisory jury—which is exactly what the Court did—based on Defendants' incorrect representations to the Court.

[3] *See Seaberry v. Richeson Mgmt. Corp.*, 103 F.3d 125 (5th Cir. 1996) (contract); *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 603 (5th Cir. 2000).

responded, and a three-week trial—that supports the reasonableness of Tech Pharmacy's fees. Further, "[u]nder Texas law, . . . billing records need not be introduced to recover attorney's fees." *Sanchez-Campuzano*, 2012 WL 12877432, at *4 (S.D. Tex. Apr. 19, 2012) (quoting *Air Routing Intern. Corp. (Canada) v. Britannia Airways, Ltd.*, 150 S.W.3d 682, 692 (Tex. App.—Houston [14th Dist.] 2004, no pet.)).[4]

Even if the redacted invoices somehow deprived the Court of the ability to assess fees, Defendants' draconian proposal to "award Tech Pharmacy no attorneys' fees" is unwarranted. Courts in the Fifth Circuit may modestly reduce the overall lodestar calculation, or require further proceedings to receive evidence that will allow the Court to supply whatever defect the redactions create. *E.g.*, *Pillsbury Winthrop Shaw Pittman LLP v. Brown Sims, P.C.*, CIV. 4:09-MC-365, 2010 WL 56045, at *8 (S.D. Tex. Jan. 6, 2010) (allowing additional proceedings for greater disclosure). It is therefore incorrect to suggest that redacted invoices or some block billing, alongside other evidence, render a fee application meritless. *See Fralick v. Plumbers & Pipefitters Nat'l Pension Fund*, 3:09-CV-0752-D, 2011 WL 487754, at *5 (N.D. Tex. Feb. 11, 2011) ("A reduction for block billing is not automatic.").

**B. Tech Pharmacy's 50% request is reasonable and congruent with the evidence.**

Tech Pharmacy's billing records, which Tech Pharmacy offers to submit unredacted for *in camera* review as the Court deems necessary, constitute only a portion of the evidence supporting its request. The Court also has the declaration of lead trial counsel Maria Boyce and its expert witness J. David Cabello, the latter of whom Defendants had the opportunity to cross-examine before the Jury. Defendants casually attack the validity and usefulness of these declarations, ignoring the plethora of case law holding that an attorney's affidavit is both competent evidence and

[4] *See also Eagle Suspensions, v. Hellman Worldwide Logistics*, 3:12-CV-611-G, 2014 WL 1407582, at *5 (N.D. Tex. Feb. 11, 2014); *In re A.B.P.*, 291 S.W.3d 91, 99 (Tex. App.—Dallas 2009, no pet.).

sufficient to support an award of fees, especially to support an apportionment of fees to a breach of contract case. *E.g.*, *Ropa Expl. Corp. v. Barash Energy, Ltd.*, 02-11-00258-CV, 2013 WL 2631164, at *12 (Tex. App.—Fort Worth June 13, 2013, pet. denied).[5]

Defendants also ignore the fact that "the Court is an expert regarding reasonableness of attorneys' fees." *NSEW Holdings LLC v. Wells Fargo Bank, N.A.*, 4:15-CV-828, 2017 WL 1030313, at *7 (E.D. Tex. Mar. 17, 2017) (Mazzant, J.). "Indeed, a district judge may fix attorneys' fees on the basis of his own experience *without the assistance of any testimony*." *Mesa Petroleum Co. v. Coniglio*, 629 F.2d 1022, 1030 (5th Cir. 1980) (emphases added).[6]

As the Court knows from its careful attention to this case, the great majority of fact witness testimony related to the confidential relationship and use of Tech Pharmacy's confidential information, all of which supported the intertwined state-law claims.[7] Unlike the 25% rule in patent licensing disputes, Ms. Boyce's and Mr. Cabello's 50% estimate is not an arbitrary "rule"—it is rooted in the unique facts of this case, the witnesses' experience, and the data Mr. Cabello has presented. Defendants' exercise in counting the number of motions is likewise invalid: it ignores some 40 motions and briefs and the vast amount of discovery the parties conducted.

Defendants' final gambit is to urge an arbitrary one-third reduction in the 50% segregation the evidence supports, failing even to consider the extent to which the claims were intertwined. As

---

[5] *See also, e.g.*, *Williams v. Best Temp. Servs., LLC*, 3:14-CV-484-D, 2015 WL 12763509, at *4 (N.D. Tex. Aug. 18, 2015) (attorney's "declaration is competent evidence as to the reasonableness of . . . hourly rates"); *RM Crowe Prop. Servs. Co., L.P. v. Strategic Energy, L.L.C.*, 348 S.W.3d 444, 453 (Tex. App.—Dallas 2011, no pet.) (finding sufficient "testimony from a party's attorney concerning the percentage of hours that related solely to a claim for which fees are not recoverable"); *Five Star Intern. Holdings Inc. v. Thomson, Inc.*, 324 S.W.3d 160, 170 (Tex. App.—El Paso 2010, pet. denied) (testimony of trial attorney on costs and reasonableness "sufficient evidence to support the award"); *accord Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) ("It is perfectly proper to award attorney's fees based solely on affidavits in the record").

[6] *See Moore v. Raytheon Corp.*, 4:03-CV-016-A, 2004 WL 1283950, at *2 (N.D. Tex. June 10, 2004).

[7] Likewise, the motions to compel discovery from Defendants and third parties, including the delay of Mr. Silva's deposition and production, focus on the confidential relationship and the state-law claims.

Tech Pharmacy noted in its Motion and as the Court is well aware after hearing testimony during the three-week trial of this case, the breach of contract cause of action on which it prevailed was the same conduct underlying the fraud and trade-secrets claims.

### C. Defendants' proposed lodestar adjustments are unwarranted.

The Court should reject Defendants' invitation to adjust for the same factors that are already subsumed into Tech Pharmacy's lodestar analysis. Citing only the conclusory trial testimony of their own expert, Mr. Clyde Seibman, Defendants erroneously suggest that the Court should not use rates for intellectual property attorneys in this intellectual property case in which Defendants' own attorneys charged similar or higher rates. As Defendants and the Court well know, this was not a "much simpler breach of contract claim," Dkt. 389 at 11, but a factually complex matter presenting a multitude of difficult legal questions.

Furthermore, for Defendants to assert that "Tech Pharmacy has not shown evidence of billing judgment," they must ignore Ms. Boyce's direct testimony regarding this very subject.

Finally, Defendants invite what the Fifth Circuit has made clear "would be an abuse of discretion"—namely, "for the district court to reduce [an] attorney's fee award based solely on the basis of the amount of damages obtained." *Black v. SettlePou, P.C.*, 732 F.3d 492, 503 (5th Cir. 2013).

## III. THE COURT SHOULD GRANT TECH PHARMACY'S FEE REQUEST.

The Jury's advisory verdict and Defendants' myriad stacking deductions bear no relation to the evidence or a proper lodestar analysis. The Court, "given [its] familiarity with this case, including the quality of the attorneys' work over a period of several years," *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 327 (5th Cir. 1995), is well positioned to evaluate the evidence Tech Pharmacy submitted and assess reasonable attorneys' fees in the amount of $7,304,454.15.

Dated: November 21, 2017

Respectfully submitted,

*/s/ Maria Wyckoff Boyce*
Maria Wyckoff Boyce, Lead Attorney
Texas SBN 22095050
maria.boyce@hoganlovells.com
Jeffrey S. Whittle
Texas SBN 24037813
jeffrey.whittle@hoganlovells.com
John A. Yates
Texas SBN 24056569
jay.yates@hoganlovells.com
Cristina Espinosa Rodriguez
Texas SBN 00793701
cristina.rodriguez@hoganlovells.com
**HOGAN LOVELLS US LLP**
609 Main Street, Suite 4200
Houston, Texas 77002
T (713) 632-1400
F (713) 632-1401

Michael E. Jones
Texas SBN 10929400
mikejones@potterminton.com
**POTTER MINTON, P.C.**
110 North College, Ste. 500
Tyler, Texas 75702
T (903) 597-8311
F (903) 593-0846

**Counsel for Plaintiff**
**Tech Pharmacy Services, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served on counsel of record via the Court's ECF filing system on November 21, 2017.

*/s/ Maria Wyckoff Boyce*
Maria Wyckoff Boyce