**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| Tech Pharmacy Services, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:15-cv-00766-ALM |
| | § | |
| Alixa Rx LLC, Golden Gate National | § | JURY TRIAL |
| Senior Care LLC d/b/a Golden Living | § | |
| Centers, and Fillmore Capital Partners | § | |
| LLC, | § | |
| | § | |
| Defendants. | § | |
| | § | |

---

**TECH PHARMACY'S MOTION FOR ENTRY OF FINAL JUDGMENT**
**AND AWARD OF DAMAGES, FEES, AND INTEREST**

---

Plaintiff Tech Pharmacy Services, LLC ("Tech Pharmacy") moves the Court to enter final judgment finding Defendants Alixa Rx LLC ("Alixa"), GoldenGate National Senior Care LLC d/b/a Golden LivingCenters ("GLC"), and Fillmore Capital Partners, LLC ("Fillmore") (collectively "Defendants") jointly and severally liable for breach of contract in the amount of $15,000,000.00; awarding Tech Pharmacy its attorneys' fees in the amount of $7,304,454.15 and its reasonable and necessary post-trial and appellate attorneys' fees in an amount to be determined; awarding prejudgment and postjudgment interest; and awarding Tech Pharmacy its costs. Tech Pharmacy makes this motion without prejudice to its ability to move for judgment as a matter of law or seek other relief in this Court or on appeal.

Defendants have indicated agreement with the proposed form of judgment, specifically excepting the request for prejudgment interest on attorneys' fees.

## I.  Liability and Damages on the Jury's Verdict

On September 12, 2017, the Jury awarded Tech Pharmacy $15,000,000 on its breach of contract claims against Defendants Alixa, GLC, and Fillmore.  Dkt. 376 at 2-3.  The verdict makes findings as to all of Tech Pharmacy's claims, and the Court denied the parties' motions for judgment as a matter of law under Federal Rule of Civil Procedure 50(a).

Tech Pharmacy therefore requests that the Court enter final judgment holding Defendants jointly and severally liable for breach of contract in the amount of $15,000,000.00.

## II.  Patent Validity

In the same verdict, the jury found in favor of Tech Pharmacy on all of Defendant's invalidity theories.  The Court should therefore enter judgment against the Defendants on Counts I, III, V, VII, IX, XI, XIII, and XV of Defendants' counterclaims.  *See* Dkt. 84.

## III.  Attorneys' Fees

The Court has determined that Tech Pharmacy is entitled to an award of reasonable and necessary attorneys' fees for trial in the amount of $7,304,454.15.  Dkt. 394.  The Court's Final Judgment should award this amount to Tech Pharmacy payable jointly and severally by all Defendants.  The Court should also direct in the Final Judgment that Tech Pharmacy is entitled to an award of its reasonable and necessary attorneys' fees incurred in post-trial-motions practice and on appeal, in an amount to be determined at a later date upon resolution of those proceedings.[1]

## IV.  Prejudgment Interest

Tech Pharmacy is also entitled to prejudgment interest under Texas law.

---

[1] Tech Pharmacy will apply for a sum certain for post-trial and appellate attorneys' fees at the appropriate time.  *See Feld Motor Sports, Inc. v. Traxxas, LP*, 4:14-CV-543, 2016 WL 2758183, at *17 (E.D. Tex. May 12, 2016) (Mazzant, J.) (reserving assessment of appellate fees until after any appeal).

2

For a state-law cause of action in federal court, "the recovery of interest prior to the date of judgment as an element of damages is a substantive question controlled by state law." *Colonial Refrigerated Transp., Inc. v. Mitchell*, 403 F.2d 541, 552 (5th Cir. 1968); *see also Ecolab, Inc. v. FMC Corp.*, 366 F. App'x 154, 155 (Fed. Cir. 2009) ("the district court should ascertain the appropriate amount of such interest owed based upon applicable state law"). "[U]nder Texas law an equitable award of prejudgment interest should be granted to a prevailing plaintiff in all but exceptional circumstances." *Am. Intern. Trading Corp. v. Petroleos Mexicanos*, 835 F.2d 536, 541 (5th Cir. 1987); *see also Executone Info. Sys., Inc. v. Davis*, 26 F.3d 1314, 1330 (5th Cir. 1994) ("The Texas Supreme Court has made clear that the award of prejudgment interest, although equitable in nature, is not generally a matter for the trial court's discretion.") (citing *Matthews v. DeSoto*, 721 S.W.2d 286, 287 (Tex. 1986)).

"[P]rejudgment interest begins to accrue on . . . the date suit is filed"—here, November 2, 2015. *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 531 (Tex. 1998). "In a breach of contract case, the prejudgment interest rate is the same as the postjudgment interest rate." *Meridien Hotels, Inc v. LHO Fin. P'ship I, L.P.*, 255 S.W.3d 807, 823 (Tex. App.—Dallas 2008, no pet.) (citing *Kenneco*, 962 S.W.2d at 532). The postjudgment interest rate has been 5%—the statutory minimum—at all times relevant to this suit. *See* Tex. Fin. Code § 304.003. Prejudgment interest "shall be computed as simple interest." *Kenneco*, 962 S.W.2d at 532.

## A. Prejudgment Interest on Damages

Because prejudgment interest is computed as simple interest, it accrues linearly at 5% per annum on Tech Pharmacy's $15,000,000 in damages at a rate of $2,054.79 per day, for a total of $1,682,876.71 as of the date of this filing.

3

### B.  Prejudgment Interest on Attorneys' Fees

Texas law also allows Tech Pharmacy to recover prejudgment interest on attorneys' fees that the prevailing party has paid to its counsel before judgment.  *See, e.g.*, *MMR Int'l Ltd. v. Waller Marine, Inc.*, Civ. A. No. H-11-1188, 2013 WL 6491186, at *12 (S.D. Tex. Dec. 10, 2013) (Miller, J.); *Alma Invs., Inc. v. Bahia Mar Co-Owners Ass'n, Inc.*, 497 S.W.3d 137, 146 (Tex. App.—Corpus Christi 2016, pet. denied).

As noted above, the Court awarded Tech Pharmacy $7,304,454.15 in attorneys' fees. The evidence in support of Tech Pharmacy's Rule 54(d) Motion for Attorneys' Fees establishes that Tech Pharmacy has paid its counsel in excess of that amount.  *See* Dkt. 386, Ex. 2 (invoices).  Prejudgment interest on attorneys' fees accrues as of the same date as prejudgment interest on damages.  *See* Fin. Code § 304.104 ("prejudgment interest accrues on the amount of a judgment during the period beginning on . . .  the date the suit is filed"); *Carl J. Battaglia, M.D., P.A. v. Alexander*, 177 S.W.3d 893, 908 (Tex. 2005) ("Although past damages may have been incurred over time before the entry of judgment, they should be treated as a lump sum incurred as of the date on which prejudgment interest begins to accrue in accordance with" governing statute).

Because prejudgment interest is computed as simple interest, it accrues linearly at 5% per annum at a rate of $1,000.61 per day, for a total of $819,499.72 as of the date of this filing.

### V.      Post-judgment Interest

Tech Pharmacy is entitled to post-judgment interest on its damages, attorneys' fees, and prejudgment interest.

"Even in a diversity case, federal law applies to an award of postjudgment interest." *MMR Int'l*, 2013 WL 6491186, at *12.  Federal post-judgment interest is governed by 28 U.S.C.

4

§ 1961, which provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court."  Post-judgment interest applies to "the entire amount of the final judgment, including damages, prejudgment interest, and attorney's fees."  *Fuchs v. Lifetime Doors, Inc.*, 939 F.2d 1275, 1280 (5th Cir. 1991); *see also Boston Old Colony Ins. Co. v. Tiner Assocs. Inc.*, 288 F.3d 222, 234 (5th Cir. 2002) ("this circuit has required that post-judgment interest at the federal rate be assessed against the pre-judgment interest.").

Post-judgment interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment."  28 U.S.C. § 1961.  The post-judgment interest rate is also published on the Court's website.[2]

## VI.  Costs

As a prevailing party, Tech Pharmacy is also entitled to its costs under Federal Rule of Civil Procedure 54(d)(1).  In accordance with Local Rule CV-54, Tech Pharmacy will present separately a bill of costs taxable under 28 U.S.C. § 1920 or other appropriate authority.

## VII.  Conclusion

For the foregoing reasons, Tech Pharmacy requests that the Court enter Final Judgment holding Defendants jointly and severally liable for breach of contract and denying Defendants' counterclaims of patent invalidity, and resolving all other claims and defenses.  The Court should award Tech Pharmacy:

(i)      $15,000,000.00, as damages for the Defendants' breach of contract;

---

[2] *See Post-Judgment Interest Rates*, EASTERN DISTRICT OF TEXAS, available at http://www.txed.uscourts.gov/?q=post-judgment-interest-rates.

(ii)     $1,682,876.71 plus $2,054.79 per day for every day after January 29, as prejudgment interest for the $15 million in breach-of-contract damages;

(iii)    $7,304,454.15, as reasonable and necessary attorneys' fees;

(iv)    $819,499.72 plus $1,000.61 per day for every day after January 29, as prejudgment interest for the reasonable attorneys' fees;

(v)     Reasonable and necessary attorneys' fees for post-trial motions and appeal, in an amount to be determined at a later date upon resolution of those proceedings;

(vi)    Postjudgment interest on these amounts pursuant to 28 U.S.C. § 1961; and

(vii)   Costs pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54, and Local Rule CV-54.

Dated: January 29, 2018                    Respectfully submitted,

                                           */s/ Maria Wyckoff Boyce*
                                           Maria Wyckoff Boyce, Lead Attorney
                                           Texas SBN 22095050
                                           maria.boyce@hoganlovells.com
                                           Jeffrey S. Whittle
                                           Texas SBN 24037813
                                           jeffrey.whittle@hoganlovells.com
                                           John A. Yates
                                           Texas SBN 24056569
                                           jay.yates@hoganlovells.com
                                           Cristina Espinosa Rodriguez
                                           Texas SBN 00793701
                                           cristina.rodriguez@hoganlovells.com
                                           S. Lee Whitesell
                                           Texas SBN 24093356
                                           lee.whitesell@hoganlovells.com
                                           HOGAN LOVELLS US LLP
                                           609 Main Street, Suite 4200
                                           Houston, Texas 77002
                                           T (713) 632-1400
                                           F (713) 632-1401

                                           Michael E. Jones
                                           Texas SBN 10929400
                                           mikejones@potterminton.com
                                           POTTER MINTON, P.C.
                                           110 North College, Ste. 500
                                           Tyler, Texas 75702

T (903) 597-8311
F (903) 593-0846

**Counsel for Plaintiff**
**Tech Pharmacy Services, LLC**

## CERTIFICATE OF CONFERENCE

Tech Pharmacy conferred telephonically with Defendants on January 24 and sent a proposed form of judgment.  On January 29, Defendants indicated agreement with most of the proposed form of judgment but noted the following:

> Defendants can agree to the form of the judgment as it relates to those issues decided by the jury, including an award of prejudgment interest on the jury's $15M verdict. Defendants do not agree to the form of the judgment as it relates to other ancillary matters, including any award of prejudgment interest on fees.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on counsel of record via the Court's ECF filing system on January 29, 2018.

*/s/ Maria Wyckoff Boyce*
Maria Wyckoff Boyce