# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| TECH PHARMACY SERVICES, LLC | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:15-CV-766 |
| ALIXA RX LLC, GOLDEN GATE | § | JUDGE MAZZANT |
| NATIONAL SENIOR CARE LLC d/b/a | § | |
| GOLDEN LIVINGCENTERS, and | § | |
| FILLMORE CAPITAL PARTNERS, LLC | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Tech Pharmacy Services, LLC's ("Tech Pharmacy") Motion for Entry of Final Judgment and Award of Damages, Fees, and Interest (Dkt. #395). After reviewing the relevant pleadings and motion, the Court finds the motion should be granted in part.

## BACKGROUND

Tech Pharmacy filed suit against Defendants Alixa Rx LLC, Golden Gate National Senior Care LLC d/b/a Golden LivingCenters, Fillmore Capital Partners, LLC, Fillmore Strategic Investors, LLC, and Fillmore Strategic Management, LLC (collectively, "Defendants") asserting claims for patent infringement, breach of contract, fraud, equitable estoppel, and misappropriation of trade secrets. In September 2017, the parties proceeded to trial on these issues and the jury found that Defendants breached the 2009 Confidentiality Agreement ("2009 Agreement") and awarded Tech Pharmacy fifteen million dollars in damages.

Because Tech Pharmacy prevailed on its breach of contract claim, the Court submitted the issue of attorneys' fees to the jury.[1] The jury found that Tech Pharmacy's reasonable attorneys'

---

[1] Based on representations and agreements by the parties, the Court bifurcated the trial to determine liability first and subsequently determine attorneys' fees and exemplary damages, if necessary.

1

fees and expenses for their necessary services was two million dollars. Subsequently, on October 31, 2017, Tech Pharmacy submitted a motion for attorneys' fees arguing that the appropriate means requesting attorney fees was via motion practice rather than submission to the jury (Dkt. #386). On December 22, 2017, the Court granted Plaintiff's motion and awarded Plaintiff $7,304,454.15 in attorney's fees (Dkt. #394).

On January 29, 2018, Plaintiff filed a Motion for Entry of Final Judgment and Award of Damages, Fees, and Interest (Dkt. #395). On February 15, 2018, Defendants filed their response (Dkt. #398). On February 26, 2018, Plaintiff filed its reply (Dkt. #399).

## ANALYSIS

In its motion, Plaintiff seeks entry of a final judgment including the following:

A finding of liability against Defendants, jointly and severally, for breach of contract in the amount of $15,000,000;

An award of attorney's fees in the amount of $7,304,454.15;

Reasonable and necessary post-trial and appellate attorneys' fees in an amount to be determined;

Prejudgment and postjudgment interest; and

An award of Plaintiffs' costs.

(Dkt. #395). Defendants take issue with two of the Plaintiff's requests: (1) the inclusion of attorney's fees as part of the judgment, and (2) the inclusion of prejudgment interest on attorney's fees. The Court addresses each issue in turn.

### I. Inclusion of Attorney's Fees as Part of the Judgment

Plaintiff requests that the Court include attorney's fees in the final judgment. Defendants respond that "attorney's fees and costs are to be considered **separate from and ancillary to** the judgment." (Dkt. #398 at p. 2) (emphasis in original) (citing *C&H Nationwide, Inc. v. Thompson*,

903 S.W.2d 315, 325 (Tex. 1994)). In its reply, Plaintiff concedes that "while the Court *can* exclude attorney's fees from a final judgment when the fee amount remains to be adjudicated at the time final judgment is entered, there is no reason to exclude that portion of fees already decided by the Court." (Dkt. #399 at pp. 1–2) (emphasis in original).

"The understanding that 'judgment' includes an attorney's fees award is well-established under Texas law." *Pesole v. Health Care Serv. Corp.*, 277 F. Supp. 3d 866 (N.D. Tex. 2017) (citing 2 William V. Dorsaneo III, *Texas Litigation Guide* § 22.116 (2017) (including sample form for attorney's fees for use when drafting judgment); *id.* § 131.05[7] (describing how a 'judgment may also include an award for attorney's fees through the appellate process')). Further, "Texas courts have similarly described 'judgment' as including attorney's fees." *Id.* (citing *Sharifi v. Steen Auto., LLC*, 370 S.W.3d 126, 134 (Tex. App.—Dallas, 2012, no pet.); *Long v. Griffin*, 442 S.W.3d 253, 254 (Tex. 2014)).

As such, the Court finds that including attorney's fees in the judgment is appropriate in this case.

**II.      Whether Plaintiff is Entitled to Prejudgment Interest on Its Attorney's Fees**

Plaintiff argues that "Texas law also allows Tech Pharmacy to recover prejudgment interest on attorney's fees that the prevailing party has paid to its counsel before judgment." (Dkt. #395 at p. 4). Conversely, Defendants aver that Texas law prohibits the recovery of prejudgment interest on attorney's fees. However, if the Court allows prejudgment interest on attorney's fees paid prior to entry of judgment, Defendants contend "Plaintiff has made no showing whatsoever as to any amount of attorney's fees actually paid prior to judgment." (Dkt. #398 at p. 9).

In *Hervey v. Passero*, the Texas Supreme Court held that "[a]n award of pre-judgment interest on attorney's fees is contrary to the clear language of article 5069–1.03."[2] 658 S.W.2d 148, 149 (Tex. 1983). The Fifth Circuit, relying on *Hervey*, stated that "under Texas law prejudgment interest is never allowed on awards of attorney fees." *Enserch Corp. v. Shand Morahan & Corp.*, 952 F.2d 1485, 1500 (5th Cir. 1992).

Despite such rulings, numerous Texas appellate court recognize an exception to this rule. Specifically, these courts allow an award of prejudgment interest on attorney's fees that are paid prior to judgment. *See Alma Inv., Inc. v. Bahia Mar Co-Owners Assoc., Inc.*, 497 S.W.3d 137, 146 (Tex. App.—Corpus Christi 2016, no pet.); *Nova Cas. Co. v. Turner Constr.*, 335 S.W.3d 698, 706 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *Williams v. Colthrust*, 253 S.W.3d 353, 362 (Tex. App.—Eastland 2008, no pet.); *A.V.I. Inc. v. Heathington*, 842 S.W.2d 712, 717 (Tex. App.—Amarillo 1992, writ denied). Conversely, several appellate courts decline to recognize such an exception. *See Power Reps, Inc. v. Cates*, No 1-13-00856-CV, 2015 WL 4747215, at *22 (Tex. App.—Houston [1st Dist.] Aug. 11, 2015, no pet.); *Sentinel Integrity Sol. Inc. v. Mistras Grp., Inc.*, 414 S.W.3d 911, 931 (Tex. App.—Houston [1st Dist.] 2013, pet. denied); *Carbona v. CH Med., Inc.*, 266 S.W.3d 675, 688 (Tex. App.—Dallas 2008, no pet.); *Moore v. Bank Midwest, N.A.*, 39 S.W.3d 395, 406 n.10 (Tex. App.—Houston [1st Dist.] 2001, pet. denied); *Cushman & Wakefield, Inc. v. Fletcher*, 915 S.W.2d 538, 547 (Tex. App.—Dallas 1995, writ denied); *Berry Prop. Mgmt., Inc. v. Bliskey*, 850 S.W.2d 644, 670 (Tex. App.—Corpus Christi 1993, writ dism'd by agr.). Without making a determination as to whether such an exception is permissible, the Court finds an award of prejudgment interest on attorney's fees in this case is unwarranted.

---

[2] Since the Texas Supreme Court's ruling, article 5069–1.03 has been repealed.

Assuming *arguendo* the aforementioned exception applies in this case, the Court finds that Plaintiff failed to provide the Court with evidence illustrating the amount of fees paid, if any, prior to entry of judgment. To support its argument that Tech Pharmacy paid attorney's fees prior to judgment, Plaintiff relies on invoices attached to its Motion for Attorney's Fees (Dkt. #386, Exhibit 2). Although some of the invoices make reference to "payments/adjustments," Plaintiff fails to provide evidence that Tech Pharmacy made these payments, and if so, the date of such payments. Stated differently, the invoices are insufficient to establish the date and amount of payments made by Tech Pharmacy for attorney's fees. As such, the Court finds Plaintiff is not entitled to prejudgment interest on its attorney's fees.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Entry of Final Judgment and Award of Damages, Fees, and Interest (Dkt. #395) is hereby **GRANTED in part.**

**SIGNED this 8th day of March, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE