**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| Tech Pharmacy Services, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:15-cv-00766-ALM |
| | § | |
| Alixa Rx LLC, Golden Gate National | § | JURY TRIAL |
| Senior Care LLC d/b/a Golden Living | § | |
| Centers, and Fillmore Capital Partners | § | |
| LLC, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## FINAL JUDGMENT

**IT IS NOW HEREBY ORDERED AND ADJUDGED THAT** judgment is entered in favor of Plaintiff Tech Pharmacy Services, LLC. The Court **FINDS** Defendants Alixa Rx LLC ("Alixa"), GoldenGate National Senior Care LLC d/b/a Golden LivingCenters ("GLC"), and Fillmore Capital Partners, LLC ("Fillmore") jointly and severally liable for breach of contract, in consequence of which the Court hereby **AWARDS** TechPharmacy:

1. $15,000,000.00, as damages for Defendants' breach of contract;

2. $1,682,876.71 plus $2,054.79 per day for every day after January 29, as prejudgment interest on its damages;

3. $7,304,454.15, as reasonable attorneys' fees;

4. Reasonable and necessary attorneys' fees for post-trial motions and appeal, in an amount to be determined at a later date upon resolution of those proceedings;

5. Postjudgment interest on all forgoing amounts pursuant to 28 U.S.C. § 1961; and

6. Costs pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54, and Local Rule CV-54.

All amounts are payable jointly and severally by all Defendants.

The Court further **FINDS** that Tech Pharmacy brought its claims within the time allowed by the relevant statutes of limitations, and that therefore Tech Pharmacy's assertion of equitable estoppel is **MOOT**.

Pursuant to the Jury's verdict, the Court also **DECREES** that the following patent claims are not invalid, are non-obvious, and are not subject to the on-sale bar:

Claims 7 and 10 of U.S. Patent No. 7,698,019;

Claims 5 and 8 of U.S. Patent No. 8,209,193;

Claims 1 and 2 of U.S. Patent No. RE44,127; and

Claim 4 of U.S. Patent No. 8,612,256.

The Court further **DECREES** that Defendants did not infringe these claims.

**THIS IS A FINAL JUDGMENT**.  All other relief requested by the parties is hereby **DENIED**.

**SIGNED this 8th day of March, 2018.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE